FILED

DEC 0 7 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,<br><br>Defendants. | Case No. A04-0246 CV (JKS)<br><br>O R D E R |

    The facts of this declaratory judgment action are fully set out in the Court's Order at docket no. 42 and need not be repeated here. Allstate seeks a protective order barring Fielder, plaintiff in a state court action against the Estate of Julie Menerey from using this action as a means to discover materials at issue in the state case. In order to understand this case it is necessary to consider *CHI of Alaska, Inc. v. Employers Reinsurance Corp.*, 844 P.2d 1113 (Alaska 1993). In *CHI* the court revisited the potential conflict that exists between liability insurers and insureds where the insured is sued in a personal injury action by a third party and there is a significant likelihood that a jury might award actual damages in excess of policy limits. Where the insurer controls the defense, as it is permitted to do under most policies of liability insurance, there is a risk that the insurer will use its control to injure the insured with regard to potential policy and coverage defenses. To avoid this danger the *CHI* court held that if requested the insurer must surrender control of the defense to an independent attorney chosen by the insured, recognizing that the insured's control of the defense could also lead to attempts to injure the insurer in subsequent coverage disputes between the insured

72

and the insurer. To avoid this problem the court sought to sharply distinguish the tort case from any subsequent declaratory judgment case.

In this case independent counsel has been retained for the Estate in state court. Allstate contends that Fielder has approached the Estate in the hopes of fraudulently manufacturing a case for an eventual award of damages against Allstate in excess of its policy limits. The Estate has vigorously denied any complicity with Fielder. Eventually this issue will be resolved in this Court. In the meantime, the tort case proceeds in state court. While it is possible that Fielder, as the future assignee of the Estate's rights as insured against Allstate, may have the right to pursue the relation between Allstate and independent counsel as a predicate for seeking damages for bad faith, the Court has not been made aware of such an assignment at present. Consequently, the discovery it seeks is premature.

### IT IS THEREFORE ORDERED:

The motion for protective order at **Docket No. 66** is **GRANTED**. The motion for extension of time at **Docket No. 67** is also **GRANTED**.

Dated at Anchorage, Alaska, this __7__ day of December 2005.



JAMES K. SINGLETON, JR.
United States District Judge

A04-0246--CV (JKS)  12/7/05
D. MESTAS
E. SANDERS
A. CLAYTON JR (BLISS)

ORDER