FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 12 PM 4:28

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956

Attorneys for Plaintiff
Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,

Plaintiff,

v.

SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,

Defendants.

Case No. A04-246 CV (JKS)

**MOTION FOR PRECLUSION OF EXPERT TESTIMONY UNDER RULE 37(c) AND MOTION FOR SUMMARY JUDGMENT ON NEGLIGENCE THEORY**

Allstate Indemnity Company, by and through its counsel Bliss, Wilkens & Clayton, reports that Defendants failed to produce timely expert witness lists and failed to make any timely disclosures of expert opinions and qualifications by the July 29, 2005 deadline as required by Fed. R. Civ. P. 26(a)(2) and the Court's Order at Docket 24. Based on Defendants' failure to make timely expert disclosures, Allstate moves as follows:

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

73

(1) For an Order precluding Defendants from offering expert testimony at trial or in response to any motion pursuant to Fed. R. Civ. P. 37(c)(1) and paragraphs 3-5 of the April 4, 2005 Order;

(2) For an Order ruling that any negligence theory, including the negligence claim in Fielder's Fourth Affirmative Defense, requires expert testimony;

(3) For summary judgment pursuant to Fed. R. Civ. P. 56 on any negligence theory, including the negligence argument in Fielder's Fourth Affirmative Defense since any negligence theory would require expert testimony and Defendants' expert testimony should be excluded under Rule 37(c)(1)'s mandatory preclusion and under Rule 37(b)(2)(B).

Pursuant to Allstate's prior declarations to the Court and the parties, Allstate moves that these rulings apply to any "negligence" claims arising prior to Mr. Mestas' June 25, 2003 letter to Allstate.

These motions are supported by the attached Memorandum. A proposed order is attached for the Court's convenience.

DATED this 12th day of December, 2005, at Anchorage, Alaska.

BLISS, WILKENS & CLAYTON
Lawyers for Plaintiff Allstate Indemnity Company

By: [signature]
Alfred Clayton, Jr.
ABA No.: 9111079

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by hand delivery this 12th day of December, 2005, to:

Eric Sanders
Feldman, Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK 99501

Dennis M. Mestas
Law Offices of Dennis M. Mestas
745 West 4th Avenue, Suite 306
Anchorage, AK 99501

--------------------------------
N:\AKB\854\451\PLDG\PRECLUSION.EXPERT.& SJ.Mot.doc

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Mot for Preclusion of Expert Testimony and
Mot For Summary Judgment on Negligence
Page 3 of 3
*Allstate v. Fielder, et al.*
A04-246 CV (JKS

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956

Attorneys for Plaintiff
Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,

Plaintiff,

v.

SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,

Defendants.

Case No. A04-246 CV (JKS)

**MEMORANDUM IN SUPPORT OF MOTION FOR PRECLUSION OF EXPERT TESTIMONY UNDER RULE 37(c) AND MOTION FOR SUMMARY JUDGMENT ON NEGLIGENCE THEORY**

This Court's April 4, 2005 Scheduling Order required the parties to identify experts and to disclose expert opinions and qualifications pursuant to Rule 26(a)(2), 90 days before the close of discovery, which set the expert disclosure deadline for July 29, 2005. Docket 24 at 2-6. While Allstate obtained an extension of its expert deadlines by motion, defendants did not

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

even bother to acknowledge their deadline under the Court's Order. The deadline for written discovery has passed. The close of discovery was October 28, 2005. Allstate has been harmed in failing to receive timely expert disclosures by defendants. Allstate seeks an Order conforming with Rule 37(c) and precluding defendants from relying on any expert testimony at trial or in motion practice. In addition, since Fielder's negligence theories in her "Fourth Affirmative Defense" concerning Allstate's liability claims handling assume supposed standards that only an expert could fathom, Defendants' failure to timely disclose expert opinions and qualifications under Fed. R. Civ. P. 26(a)(2) entitles Allstate to summary judgment on any negligence "affirmative defense."[1]

I. FACTS

A. The Court Clearly Ordered that the Parties' Rule 26(a)(2) Disclosures Were Due July 29, 2005 Subject to the Condition that Only Experts on a Final Witness List Served by July 29, 2005 "Will Be Permitted to Testify at Trial."

The Court's April 4, 2005 Scheduling and Planning Order provides under "Discovery":

> (4) Expert witness disclosures in accordance with Rule 26(a)(2) must be made no later than 90 days before the close of discovery.

---

[1] Fielder's Fourth Affirmative Defense also assumes Allstate was "negligent" in failing to settle UIM claim. This is an improper "affirmative defense" as Allstate's Complaint only seeks declarations concerning its efforts to settle Sally Fielder's liability claims. See Complaint at ¶¶ 26 and 27.

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Preclusion of Expert Testimony and Mot For Summary Judgment on Negligence
Page 2 of 14
*Allstate v. Fielder, et al.*
A04-246 CV (JKS

> (5) No later than 90 days before the close of discovery, each party shall serve and file a final, revised witness list which unless otherwise specifically stated, must include experts as well as law witnesses. Only those witnesses so disclosed will be permitted to testify at trial.
>
> (6) All discovery must be scheduled so as to be completed by October 28, 2005.
>
> (7) If expert witness or other fact discovery is not completed by the dates above specified, counsel may stipulate to a continuance of not more than two months for completion of the same, provided that any such stipulation shall state precisely what discovery remains and when it will be accomplished. A discovery conference must be requested if more time is required to complete such discovery. The court will not routinely approve requests or stipulations for extensions of time for discovery.

Docket 24 at 2 (Emphasis added in ¶¶ 5 and 7)

Under paragraph (4) of the April 4, 2005 Scheduling and Planning Order, the Defendants' deadline for disclosing expert opinions and qualifications under Rule 26(a)(2) was July 29, 2005 (90 days before the close of discovery). In addition, paragraph (7) of the Order gave the parties clear notice to seek a stipulation or a discovery conference if more time was required. The implication of paragraph (7)'s last sentence was that extensions of time should not be presumed by the parties, even for stipulated extensions of time.

B. Defendants Failed to Make Any Attempt to Comply with the July 29, 2005 Deadline for Rule 26(a)(2) Expert Disclosures or Witness Lists Identifying Experts

Defendants have utterly failed to comply with the July 29,

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Preclusion of Expert Testimony and Mot For Summary Judgment on Negligence
Page 3 of 14
*Allstate v. Fielder, et al.*
A04-246 CV (JKS

2005 expert disclosure deadline set forth in the April 4, 2005 Order. Defendants have ignored this deadline even while Allstate moved to extend the date of its expert disclosures because of the late disclosure of the witnesses and documents supporting Defendants' affirmative defenses.[2]

As for Sally Fielder, she waited until after Allstate moved to compel to serve her September 8, 2005 preliminary witness list. The only expert Fielder has named late is Robert Wainscott. See **Exhibit A** at 3. Fielder's September 8, 2005 preliminary witness list also includes the phrase "all undetermined expert witnesses." Id. at 3. Sally Fielder has not sought leave to extend time and has no excuse for failing to timely disclose Robert Wainscott's identity, opinions or qualifications by the July 29, 2005 deadline. Sally Fielder has no excuse for failing to timely identify by name or timely disclose Rule 26(a)(2) reports and qualifications for any other

[2] See Allstate's June 29, 2005 Motion for Extension of Time. The Court's Order at Docket 55 extended Allstate's expert disclosures until October 10, 2005 so that Allstate would not be prejudiced by Defendants' extremely late Initial Disclosures. Even through the date of this motion, the Estate has served no Initial Disclosures on Allstate. Allstate's motion to extend its expert disclosure deadline did not trigger even an informal effort by Defendants to satisfy their own expert disclosures under Rule 26(a)(2). Because of the schedules of Allstate's experts and the absence of disclosures by the Estate, Allstate recently moved for a further extension of the deadlines for Allstate's experts' reports.

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Preclusion of Expert Testimony and Mot For Summary Judgment on Negligence
Page 4 of 14
*Allstate v. Fielder, et al.*
A04-246 CV (JKS