Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956

Attorneys for Plaintiff
    Allstate Indemnity Company



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,<br><br>                    Plaintiff,<br><br>       v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,<br><br>                    Defendants. | Case No. A04-246 CV (JKS) |

MOTION FOR PARTIAL SUMMARY JUDGMENT
RE ABSENCE OF SETTLEMENT OPPORTUNITY

    Pursuant to Fed. R. Civ. P. 56 and 57, Allstate Indemnity
Co., by and through its counsel, Bliss, Wilkens & Clayton, moves
for partial summary judgment on its first cause of action against
defendants.  This motion asks for the following declarations:

    (1)  That Fielder's allegations, described in Dennis Mestas'
June 25, 2003 letter and in Fielder's September 8, 2005 Initial
Disclosures at 3, that Allstate or it agents engaged in

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956



misconduct in failing to settle Sally Fielder's liability claim are meritless;

(2)    That the Estate of Julie Menerey has no causes of action or claims of any nature against Allstate or its agents in any way arising from the handling of Sally Fielder's claims during the period from December 14, 2001, when Sally's liability claim arose, through and including June 25, 2003, when Mr. Mestas issued his letter to Beth Lancaster criticizing Allstate's conduct;

(3)    That Fielder never presented Allstate with a "reasonable settlement opportunity" at any time following the December 14, 2001 accident and up through Fielder's September 26, 2005 admissions;

(4)    That Fielder never presented Allstate with a reasonable settlement opportunity at any time following the accident, because she refused to agree to a full release of her claims against the Estate of Julie Menerey in exchange for payment of Allstate's liability policy limits.

This motion is supported by the attached Memorandum, the Affidavit of Brenda Allen, and the Affidavit of Beth Lancaster previously filed with the court and reattached as Exhibit D to the Memorandum.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Motion for Partial Summary Judgment
Re Absence of Settlement Opportunity          *Allstate v. Fielder, et al.*
Page 2 of 3                                     A04-246 CV (JKS

DATED this 16th day of December, 2005, at Anchorage, Alaska.

BLISS, WILKENS & CLAYTON
Lawyers for Plaintiff Allstate
Indemnity Company

By: _____
Alfred Clayton, Jr.
ABA No.:  9111079

CERTIFICATE OF SERVICE

I hereby certify that a true and correct
copy of the foregoing document was
hand delivered this 16th day of
December, 2005, to:

Eric Sanders
Feldman, Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK   99501

Dennis M. Mestas
Law Offices of Dennis M. Mestas
745 West 4th Avenue, Suite 306
Anchorage, AK   99501

_____

----------------------------------
N:\AKB\854\451\PLDG\ABSENCE.SETTLEMENT.SJ.Mot.doc

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Motion for Partial Summary Judgment
Re Absence of Settlement Opportunity          *Allstate v. Fielder, et al.*
Page 3 of 3                                    A04-246 CV (JKS

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956

Attorneys for Plaintiff
     Allstate Indemnity Company


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

ALLSTATE INDEMNITY COMPANY,    )
an Illinois Corporation,       )
                               )
               Plaintiff,      )    Case No. A04-246 CV (JKS)
                               )
     v.                        )
                               )
SALLY FIELDER, and DANIEL E.   )
LIBBEY, as personal            )
representative of the ESTATE   )
OF JULIE MENEREY,              )
                               )
               Defendants.     )
_____)


MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
RE ABSENCE OF SETTLEMENT OPPORTUNITY

On February 27, 2003, Sally Fielder's counsel declared:

No further offers will be made or considered within the
policy limits.  We now would only be willing to discuss
settlement for the full value of [the Fielders']
claims.

Exhibit 14 to Sally Fielder's Answer.  Since February 27, 2003,

Fielder admits she has presented no opportunity to Allstate to

settle Fielder's liability claim against Allstate's insureds

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

within the policy limit.  The reason for this position is set out in Mr. Mestas' June 25, 2003 letter, where he outlined Allstate's alleged wrongful failure to settle Sally Fielder's liability claim prior to February 27, 2003.  **Exhibit A**, Mestas' redacted June 25, 2003 letter.  This motion for partial summary judgment seeks the following declarations:

(1)  That Fielder's allegations, described in Dennis Mestas' June 25, 2003 letter and in Fielder's September 8, 2005 Initial Disclosures at 3, that Allstate or it agents engaged in misconduct in failing to settle Sally's liability claim are meritless;

(2)  That the Estate of Julie Menerey has no causes of action or claims of any nature against Allstate or its agents in any way arising from the handling of Sally Fielder's claims during the period from December 14, 2001, when Sally's liability claim arose, through and including June 25, 2003;

(3)  That Fielder never presented Allstate with a "reasonable settlement opportunity" at any time following the December 14, 2001 accident and up through Fielder's September 26, 2005 admissions;

(4)  That Fielder never presented Allstate with a reasonable settlement opportunity at any time following the accident, because she refused to agree to a full release of her claims against the Estate in exchange for payment of Allstate's liability policy limits.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 2 of 22                                            A04-246 CV (JKS

I.    FACTS

    A.    <u>Fielder's Criticism of Allstate and Its Agents Is</u>
           <u>Limited to Allstate's Settlement Efforts</u>

Fielder's June 25, 2003 criticisms of Allstate focused on

Allstate's failure to accept January and February 2003 releases

proposed by Jason Skala.  <u>See</u> **Exhibit** A at 000456.  This Court

found that criticism meritless in its July 27, 2005 Order, Docket

42 at 14 & 16.

The criticisms in Fielder's Initial Disclosures also concern

Allstate's failure to settle Fielder's liability claim.

Fielder's Initial Disclosures describe Allstate's supposed

misconduct as follows:

> . . . Allstate personnel negligently failed and
> recklessly refused to properly and timely and
> unconditionally offer a settlement to Sally Fielder for
> the liability limits.  They failed repeatedly to verbally
> and/or in writing accept offers to settle by Sally
> Fielder for the liability limits so as to create an
> enforceable settlement for the Estate's protection, even
> though the parties were in agreement on the amount of
> settlement.  They repeatedly failed and refused to tender
> a simple liability release after creating an enforceable
> settlement.  They instead repeatedly tendered releases
> that required as a condition of a liability settlement
> the release of all claims that included first party
> claims including claims against Allstate and its agents,
> UIM claims and/or failure to offer UIM claims.  They
> failed and refused to remove the first-party release
> language and/or overly broad release provisions that Mr.
> Skala objected to, and utterly failed to work out an
> acceptable liability release, but instead, engaged in a
> "take it or leave it" conduct, attempting to force an
> unacceptable release on Fielder.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 3 of 22                                             A04-246 CV (JKS

**Exhibit B** at 2.  These allegations focus on the time period prior to February 27, 2003 at which time Ms. Fielder, through counsel, announced she would not consider a policy limits settlement.

    B.    <u>The July 27, 2005 Order Declared the Absence of Any Breach By Allstate Concerning Skala's Proposed Releases and Allstate's Unconditional November 27, 2002 Policy Limits Offer</u>

This controversy exists because of a dispute over whether there was breach of duty by Allstate prior to February 27, 2003, supposedly opening Allstate's liability limits.  This Court already resolved a large part of that dispute and disposed of most of the allegations in Mestas' June 25, 2003 letter and Fielder's Initial Disclosures when it ruled:

(1) That Allstate's November 27, 2002 offer to settle Sally Fielder's liability claim was a valid and timely "policy limits offer," Docket 42 at 13;

(2) "Tender[ing] policy limits without securing a full release of the insured's personal liability seems absolutely contrary to protecting the interests of the insured," <u>Id.</u> at 14;

(3) Sally Fielder's January 20, 2003 and February 18, 2003 counteroffers exposed Allstate's insureds to further litigation on "damages in excess of available liability coverage," and therefore did not create a reasonable opportunity to settle Fielder's liability claims, <u>Id</u>. at 16; and

(4) Allstate was "reasonable and did not break the covenant of good faith and fair dealing when it rejected Fielder's offers," of January 20, 2003 and February 18, 2003.  <u>Id</u>. at 16.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity        *Allstate v. Fielder, et al.*
Page 4 of 22        A04-246 CV (JKS

In effect, the Court's July 27, 2005 Order resolved the dispute in Allstate's favor concerning the validity of Allstate's November 27, 2002 policy limits tender and Allstate's reasonableness in rejecting Fielder's January 20, 2003 and February 18, 2003 counteroffers, including Sally's signed release.  However, following the July 27, 2005 Order, Sally Fielder continues to maintain her allegations of supposed wrongdoing allegedly occurring some time prior to Skala's February 27, 2003 letter.

C.   No "Reasonable Settlement Opportunity" Arose Prior to Mestas' June 25, 2003 Letter Criticizing Allstate's Conduct

1.   The Fielders refused to settle before Sally's August 30, 2002 birthday.

Allstate offered to pay Sally Fielder the per person limits under the liability and UIM coverages in April 2002.  Complaint at 12.  Allstate repeated its tender in writing on April 16, 2002.  **Exhibit C,** AIC 000552.  However, at that time, Sally Fielder (DOB 8/30/84) was a minor.  While Sally's father, Mark Fielder, initially explored structured settlement issues, Mark Fielder told Allstate on June 27, 2002 that the Fielders had decided to let Sally settle on her own after she turned 18.  Attached Affidavit of Brenda Allen at 2 & 3; Exhibit B to Complaint at 1.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity            *Allstate v. Fielder, et al.*
Page 5 of 22                                     A04-246 CV (JKS

>    2.    The Fielders would not respond to Allstate's
>          September 24, 2002 settlement offer.

On September 4, 2002, following Sally's birth date, Allstate
called Sally Fielder to discuss her claim with her.  Sally
responded by saying she had no idea why Allstate was calling and
Sally would talk to her father and get back to Allstate.  Allen
Aff. at ¶ 4.

On September 12, 2002, the Fielders wrote to Allstate.
Exhibit B to Complaint.  The Fielders' letter noted that if the
Fielders could get a copy of the policy "so we know [Sally] is
being treated fairly and "if Allstate is willing to pay the
entire amount that is owed her," Sally was willing to settle in
exchange for a release.  <u>Id.</u>  The letter explained:

>    If Allstate will pay the entire amount due Sally
>    according to the policy within one month of this letter
>    then Sally will give you a release.  We will take care of
>    any of the medical bills that are owed with the money.
>
>    *  *  *
>
>    We want to make it clear that we are willing to settle
>    Sally's case now, but only if we are able to settle it
>    right away, and only if Allstate is willing to pay the
>    entire amount that is owed to her.  Otherwise, we will
>    have no choice but to bring a lawsuit for all the damages
>    owed to Sally because of this tragedy.  We will need to
>    get a copy of the insurance policy from you so we know
>    that she is being treated fairly.

<u>Id.</u> at 2.

Allstate responded to the Fielders' September 12, 2002
letter with a letter dated September 24, 2002.  <u>See</u> previously
filed April 18, 2005 Lancaster Affidavit (reattached herein as
**Exhibit D**) at ¶ 2 and its attached exhibit A.  Allstate's

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                *Allstate v. Fielder, et al.*
Page 6 of 22                                          A04-246 CV (JKS

September 24, 2002 letter enclosed a copy of Amy Menerey's insurance policy and explained the face value of the liability and UM/UIM limits.  The September 24, 2002 letter tendered the facial limits under the liability and UIM limits, including interest, for a total of $103,376.72, in exchange for a release. **Exhibit D** and its attached Exh. A at AIC 000475.  The letter explained that if Mark or Stacey Fielder had a claim for reimbursement of expenses, this would be part of Sally's claim.

When Allstate heard nothing from the Fielders following its September 24, 2002 letter, Allstate called the Fielders to follow up on its offer.  On October 2, 2002, Allstate's representative spoke to Sally's mom, Stacey Fielder, when Mark Fielder was unavailable.  Stacey Fielder could not say if the Fielder parents were making any claims, including any loss of consortium claim or claim for reimbursement.  Mrs. Fielder said she would have Mark Fielder call back concerning the September 24, 2002 offer and Allstate's questions concerning any claim by Sally's parents. Allen Aff. at ¶ 5.

When Allstate heard nothing from the Fielders following Allstate's October 2, 2002 call, Allstate's representative called the Fielders on October 14, 2002 and was able to speak with Mark Fielder.  Mark Fielder told Allstate that he was getting some advice, but he anticipated concluding that by the end of the week.  He could not tell Allstate if he or Stacey would be making

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 7 of 22                                             A04-246 CV (JKS

a claim under Sally's claim since that is what he was looking at. Allen Aff. at ¶ 6.

On October 18, 2002, Allstate received written notice that Sally Fielder had retained Jason Skala. **Exhibit E**, AIC 000531. Thus, notwithstanding multiple offers, Allstate could not get any substantive response to its offers from the Fielders before the Fielders engaged an attorney. Allen Aff. at ¶ 7.

> 3. Sally Fielder's counsel, Jason Skala, would not respond to Allstate's offers and was not even authorized to respond.

Following notice that Sally Fielder had retained counsel, Allstate wrote to Sally Fielder through her attorney on October 22, 2002, tendering policy limits under the liability and UIM coverages, including Rule 82 fees, in exchange for a release. **Exhibit D** at 3 and its attached exhibit C.  Mr. Skala responded to Allstate's October 22, 2002 tender by writing to Allstate on November 14, 2002 that he could not settle Sally's claim because his documentation concerning the policy and the applicable limits was incomplete.  **Exhibit F,** AIC 000515.[1]

_____

[1] Allstate provided Mr. Skala with multiple copies of the certified policy, along with Amy Menerey's October 23, 2001 selection/rejection form in which Ms. Menerey chose $50,000/$100,000 in UIM coverages, matching her liability limits. **Exhibit D**, Lancaster Affidavit and its attached exhibits F and G. After receiving Menerey's signed section/rejection form, Mr. Skala apparently believed there was no question as to Allstate's applicable limits since Mr. Skala wrote to Safeco, the Fielder's UIM insurer, using Allstate's October 22 2002 "tender of limits pursuant to the BI and UM provisions" to support his November 14, 2002 claim that Safeco's UIM insurance was legally triggered. **Exhibit G** at 00216; **Exhibit H** at 000217-218.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                     _Allstate v. Fielder, et al._
Page 8 of 22                                             A04-246 CV (JKS

While Fielders' counsel refused to substantively respond to Allstate's October 22, 2002 tender, actually Mr. Skala did not even seek authority from Sally Fielder to settle her liability claim until January 20, 2003.  When Sally did provide Mr. Skala with written authority to settle her claim, Sally's consent to settle excluded authority to settle "UM/UIM claims."  See **Exhibit I,** 000285 and 000283.  Sally's limited consent reads:  "In giving my consent I do not waive the right to seek UM/UIM claims."  Id. at Fielder 000283.

In short, it appears Fielder's counsel was not even authorized to accept a liability settlement on behalf of Sally Fielder until January 20, 2003, and even as of January 20, 2003, Mr. Skala was not authorized to settle any UM/UIM claim on Sally Fielder's behalf.  It is no wonder that Mr. Skala failed to respond to the merits of Allstate's October 22, 2002 and November 27, 2002 tenders of policy limits since Skala apparently did not seek settlement authority from Sally Fielder until January 15, 2003.  As the Court previously found in the July 27, 2005 Order at 16, the manner in which Mr. Skala sought to preserve Sally's UM/UIM claims left Allstate insureds exposed to claims "in excess of available liability coverage."

4.    Prior to February 27, 2003 there was no opportunity to settle which would have fully protected Allstate's insureds.

Sally Fielder's September 28, 2005 response to Allstate's first interrogatory now claims that after rejecting Fielder's

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity          *Allstate v. Fielder, et al.*
Page 9 of 22                                   A04-246 CV (JKS

February 18, 2003 liability release and before receiving
Fielder's February 27, 2005 letter foreclosing the possibility of
any settlement within policy limits, Allstate should have
"verbally" entered into a settlement with Mr. Skala in the amount
of $59,833.73 "which would have created an enforceable
settlement" and Allstate and Mr. Skala "could have worked out an
acceptable written liability release addressing all concerns of
both parties." **Exhibit J**, Fielder's September 28, 2005 response
to interrogatory No. 1 at 5.

However, this Court already ruled that prior to Allstate
paying the liability limits to Sally Fielder, Allstate was
entitled to a full release of its insureds which fully protected
its insureds against all threat of any future litigation arising
from the December 14, 2001 accident. Thus, the full release of
Allstate's insureds was a necessary and essential element of the
settlement in order for Allstate to protect its insureds. See
Docket 42 at 14. See also Allstate Complaint, and its attached
Exh. C at 2; **Exhibit D**, Lancaster Aff. at 7 and its attached
Exh. J at AIC 000492. The Court's July 27, 2005 Order already
declared that the January and February 2003 releases Skala
proposed did not fully protect Allstate's insureds. Docket 42 at
14 and 16. Meanwhile, Fielder's discovery responses reveal that
Mr. Skala's proposed releases reflected his limited settlement
authority. Specifically, Skala's releases failed to fully
release Allstate's insureds. See Docket 42 at 16; **Exhibit I** at

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 10 of 22                                           A04-246 CV (JKS

000285 and 000283.  A mere verbal agreement on the liability policy limit would not, by itself, have created an "enforceable settlement agreement" that would have fully protected Allstate's insureds from all potential claims arising from the accident.[2] In addition, there no admissible evidence that, with Mr. Skala's limited authority, Allstate and Mr. Skala "could have worked out an acceptable written . . . release addressing all concerns of both parties."  As long as Allstate's insureds remained exposed to claims in excess of the liability limits or claims arising from Progressive or Safeco's subrogated interests, Allstate was reasonable in rejecting a less than full release of its insureds.

Finally, after Allstate's rejection of Fielder's February 18, 2003 release, Mr. Skala ignored Allstate's written efforts to "work out" an acceptable written release.  For example, on February 24, 2003, Allstate wrote to Jason Skala proposing that Allstate be simply omitted as a released party in the final release.  **Exhibit L**, AIC 000463.  Mr. Skala ignored Allstate's February 24, 2003 proposal to exclude Allstate as a releasee.  Instead, Mr. Skala wrote to Allstate on February 27, 2003, refusing all further telephone calls, insisting all

---

[2]  In addition to the insureds' exposure to claims in excess of the liability limit, Skala's releases left the insureds exposed to subrogation claims.  See, e.g., **Exhibit K**, 000253-000254.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 11 of 22                                            A04-246 CV (JKS

communication be in writing, and cutting off the possibility of a policy limits settlement.

D.    <u>Sally Fielder Admits She Has Presented No Settlement Opportunity Between February 27, 2003 Through September 26, 2005</u>

Sally Fielder's recent admissions establish without a doubt that Fielder never presented a "reasonable settlement opportunity" after February 27, 2003 and through the date of Fielder's September 26, 2005 admissions.

Sally Fielder's responses to Allstate's requests for admission read in relevant part:

**REQUEST FOR ADMISSION NO.1**:

Please admit that Sally Fielder, through her attorneys, sent a notice to Allstate on February 27, 2003, that thereafter she would not consider settlement of her liability claims against Allstate's insureds arising from the December 14, 2001 accident for an amount of money at or below the liability limits of Amy Menerey's Allstate policy.

**RESPONSE**:    Admitted.

**REQUEST FOR ADMISSION NO. 2**:

Please admit that since February 27, 2003, Sally Fielder, through her attorneys, has not changed her position set forth in her attorney's February 27, 2003 letter to Allstate.

**RESPONSE**:    Admitted.

**REQUEST FOR ADMISSION NO. 3**:

Please admit that since February 27, 2003, Sally Fielder has not provided Allstate any reasonable opportunity to settle Sally Fielder's liability claims against Allstate's insureds arising from the December 14, 2001 accident with payment of the limits of the liability insurance coverage in Amy Menerey's auto policy and with

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                        *Allstate v. Fielder, et al.*
Page 12 of 22                                              A04-246 CV (JKS

a full release of Allstate's insureds for all claims which could have been brought against them arising from the December 14, 2001 accident.

**RESPONSE:**    Admitted.    Sally Fielder has never made a claim against Allstate-insured Amy Menerey.

**Exhibit M** at 1-2.  See also id., Admission No. 4.

II.  LEGAL ARGUMENT[3]

    A.    Without a Reasonable Settlement Opportunity, There Can Be No Breach of the "Duty to Settle"

The duty to tender "policy limits" is limited to what the insurer "contractually agreed to pay." Docket at 42 (quoting Bohna v. Hughes, Thorsness, Gantz, Powell & Brundin, 828 P.2d 745, 768 (Alaska 1992); Schultz v. Travelers Indem Co., 754 P.2d 265, 267 (Alaska 1988).  See generally Jackson  v. American Equity Ins. Co., 90 P.3d 136, 142 (Alaska 2004) (the covenant does not require an insurer to give pretrial assurances it will waive its policy limits).  In the absence of a "reasonable opportunity" to settle for policy limits, the duty to settle cannot be breached.  See Jackson, 90 P.3d at 142; Gallagher v. Allstate Ins. Co., 74 F. Supp. 2d 652, 654 (N.D. W.Va. 1999).

It is the claimant's or the insured's burden to show that an insurer had a reasonable opportunity to settle a claim within policy limits.  See Jackson, 90 P.3d at 143; Baton v.

---

[3] Allstate hereby incorporates by reference Part II.A and II.B. of its April 20, 2005 summary judgment briefing setting forth the well-settled summary judgment standards.  Furthermore, this Court has already ruled that when the terms of contract offers are undisputed, they are amendable to summary judgment. Docket 42 at 12.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity              *Allstate v. Fielder, et al.*
Page 13 of 22                                              A04-246 CV (JKS

Transamercia Ins. Co., 584 F.2d 907, 913 (9th Cir. 1978) (Or.
Law); Little Princess Cab. Corp. v. American Transit Ins. Co.,
785 N.Y.S. 2d 430, 430-431 (N.Y.A.D. 2004) (insured's burden to
show that a settlement opportunity existed).

B.    Fielder's Allegations that Allstate or Its Agents
      Engaged in Misconduct Are Without Merit

As summarized in Fielder's September 8, 2005 Initial
Disclosures, Allstate supposedly did the following:

1.    Failed to "unconditionally" offer the liability limits
to Sally;

2.    Failed to verbally or in writing accept Sally Fielder's
offers, even though the parties were in agreement on the amount
of settlement;

3.    Failed to tender a "simple liability release," after
creating an enforceable settlement;

4.    Proposed a joint release encompassing both liability
and UIM, and including "failure to offer" claims;

5.    Failed to work out an acceptable release, but engaged
in "take-it-or-leave it" conduct.

See **Exhibit B** at 3.

1.    There is no dispute that Allstate's November 27,
      2005 offer was "unconditional"

Fielder's first and third accusations are contradicted by
Fielder herself.  Sally Fielder made an evidentiary admission in
her May 16, 2005 Opposition that Allstate's November 27, 2002

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 14 of 22                                            A04-246 CV (JKS

settlement offer was not a "conditional" offer.  Fielder's

May 16, 2005 briefing reads at 9:

> As the letter and proposed release show, on this one
> occasion [November 27, 2002] Allstate did not condition
> its offer to pay policy limits upon the release of
> Allstate from any independent contractual UIM, extra-
> contractual UIM and "failure to offer" tort exposure.
> The title and first paragraph of the release . . .
> contains no reference to Allstate or to the "insurers" of
> Julie and Amy Menerey.

Thus, there is no dispute that Allstate did "unconditionally"

offer the liability limits to Sally on November 27, 2002.

Allstate's November 27, 2002 liability release could not

have been more straightforward or simple.  Only Allstate's

insureds were named as released parties; Allstate was not named

as a releasee.  Thus, there is no merit in the allegation that

Allstate failed to tender a "simple liability release."[4]

> 2.    The mere fact that Fielder conceded Allstate's
>       calculation of liability limits did not resolve
>       the dispute over Allstate's need for a full
>       release of its insureds.

Fielder's second accusation is without merit.  First, as

explained in the facts, prior to November 27, 2002, Sally Fielder

refused to address the substance of Allstate's settlement offers;

she elected to hire a lawyer instead.  A "reasonable settlement

opportunity" does not exist if an insurer's offer is not answered

or refused.  See Hadenfeldt v. State Farm Mut. Auto Ins. Co., 239

___

[4] Allstate's February 24, 2003 offer also proposed that
Allstate be excluded as a releasee.  **Exhibit L**, AIC 000463.  Mr.
Skala utterly ignored this proposal.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 15 of 22                                           A04-246 CV (JKS

N.W.2d 499, 503 (Neb. 1976) (plaintiff failed to establish insurer had an opportunity to settle claims within policy limits; insurer had offered to pay full limits, but offer was rejected).

Second, the necessity of obtaining a full release of Allstate's insureds from all potential personal liability was a material element of the settlement. See Interior Credit Bureau, Inc. v. Bussing, 559 P.2d 104, 106 (Alaska 1977) (if there is a dispute as to a material term of a settlement agreement, the agreement is not enforceable). Only by obtaining a full release of its insureds could Allstate fully protect its insureds. Jackson, 90 P.3d at 142. Thus, it does not logically follow that merely because Fielder stipulated to the amount of the liability policy limits, that an enforceable settlement existed. See Young v. Hobbs, 916 P.2d 485, 488-489 (Alaska 1996) (no meeting of minds because there were substantial discrepancies between the two written versions of the contract presented by either side).

Third, merely because Skala was representing Sally, did not give him implied or actual authority to settle any of her claims. Saxton v. Splettstoezer, 557 P.2d 1126, 1127 (Alaska 1976) ("authority to settle is not implied when a client employs an attorney"); Kimball v. First National Bank of Fairbanks, 455 P.2d 894, 897 (Alaska 1969) ("It is well-established . . . that an attorney has no implied authority to compromise or settle a claim on his client's behalf.") The facts show that Mr. Skala was never authorized to settle all of Sally Fielder's claims arising

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity          *Allstate v. Fielder, et al.*
Page 16 of 22                                   A04-246 CV (JKS

from the accident.   In January 2003, Skala was authorized to
settle only those claims within the liability coverage.  <u>See</u>
facts, part I. C.3.   This is apparently why Mr. Skala's January
20, 2003 and February 18, 2003 release proposals explicitly
preserved claims against Allstate's insureds and limited the
release to payments under the liability coverage.   Under Skala's
proposals, Allstate's insureds were exposed to claims which were
not compensated by the liability limits.    Because of Mr. Skala's
limited settlement authority, Mr. Skala was in no position to
enter into any settlement which completely released Allstate's
insureds.   Thus, the notion that Allstate could have picked up
the phone and clinched a "verbal" settlement is without merit.
<u>Kimball</u>, 455 P.2d at 897-898 (when counsel of record did not
possess authority to settle or compromise a claim on client's
behalf and client did not ratify the settlement stipulation, the
settlement was set aside).

> 3.    Allstate's initial proposal of a global release
> encompassing settlement of both liability and UIM
> claims is a red herring since the Fielders never
> responded to Allstate's offer.

Prior to the November 27, 2002 settlement offer, Allstate's
earlier correspondence to the Fielders had proposed a global
settlement of the liability and UIM claims.   Allstate's global
offer was a direct response to the Fielders' request and simply
reflects that Allstate tried to offer all of the money that could
be payable under the policy to Sally Fielder as quickly as it
could following the accident.   But the record shows that the

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity          *Allstate v. Fielder, et al.*
Page 17 of 22                                  A04-246 CV (JKS

Fielders initially refused to even consider Allstate's offer
until Sally passed her 18th birthday.  Thereafter when Allstate
sought to communicate with the Fielders concerning settlement,
the Fielders did not substantively respond to Allstate's offers
and got a lawyer instead.  Once Mr. Skala was retained, he did
not bother to get settlement authority until January 20, 2003.
Accordingly, there was no reasonable settlement opportunity
presented during the timeframe Allstate had proposed a global
settlement prior to November 27, 2002.

> 4.    The "failure to offer" allegations are a red
>        herring, since there was no underlying "failure to
>        offer."

On October 23, 2001, Amy Menerey signed a selection/rejection
form in which she chose $50,000/$100,000 in UM/UIM limits, matching
her liability limits.  See **Exhibit D** and its attached Exh. F. &
Exh. G at AIC 000672.  Amy Menerey signed this selection/rejection
form after receiving notice in writing of premium pricing for the
optional UM/UIM limits.  See **Exhibit D** and its attached Exh. G at
AIC 000669-000671.  There is no question that Allstate's notice of
optional limits with premium pricing satisfied AS 21.89.020(c) and
even surpassed case law requirements.  See, Peter v. Schumacher
Enterprises, Inc., 22 P.3d 481, 491 (Alaska 2001) (no textual
support that .020(c) requires optional UM/UIM limits offers to be
in writing); GEICO v. Graham-Gonzalez, 107 P.3d 279, 285 and 287
(Alaska 2005)(legislative history of statute and other law does not
require insurer to quote premium for each level of optional levels

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 18 of 22                                            A04-246 CV (JKS

of coverage as part of the offer of optional UM/UIM limits under AS
21.89.020(c)). The bottom line is that Amy Menerey chose her UIM
limits after receiving more complete information in writing than is
required by Alaska law. There is no underlying "failure to offer"
claim.

> 5. Allstate did not engage in "take-it-or leave-it"
> behavior.

The factual record speaks for itself in this case. Allstate
was unrelenting in its efforts to tender all available insurance
proceeds to Sally Fielder. When Allstate got no response to its
global offers, Allstate tried to follow up on its unanswered
offers. When Allstate did not succeed in paying all available
insurance proceeds to Sally Fielder, Allstate proposed to settle
only the liability claim in exchange for a release which would have
protected Allstate's insureds only. Since, from the beginning of
the case the Fielders agreed on providing Allstate with a release,
Allstate proposed several alternatives. Not only did Allstate make
its November 27, 2002 offer with the understanding that Allstate
was not a released party, but Allstate again agreed to delete
Allstate as a releasee on February 24, 2003. **Exhibit L** at AIC
000463. Mr. Skala utterly ignored that proposal. It was Mr. Skala
who engaged in "take-it-or-leave-it" behavior, culminating in Sally
Fielder's refusal to consider any offer within policy limits after
February 27, 2003.

As set forth in the facts and the authorities herein, there is
no merit to the Fielder's allegations of wrongdoing as summarized

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 19 of 22                                           A04-246 CV (JKS

in Fielder's Initial Disclosures and Mr. Mestas' June 25, 2003
letter.   The Estate of Julie Menerey has no claims of any nature
against Allstate or its agents arising from Allstate's claims
handling between December 14, 2001 and Mestas' June 25, 2003
letter.

      C.    Allstate Never Had a Reasonable Settlement Opportunity
from the Time the Liability Claim Arose, Through the
Date of Fielder's September 26, 2005 Admissions

Allstate had a duty to obtain a full release of its insureds
prior to paying the liability proceeds.   Docket 42 at 14.   It is
only through Allstate obtaining a full release that Allstate's
insureds would be fully protected from the threat of claims or
litigation arising from the accident.   The facts demonstrate that
Sally Fielder, either through unresponsiveness, limited
authority, outright refusal of Allstate's offers, or proposed
releases which did not fully protect Allstate's insureds, failed
to create a "reasonable settlement opportunity" between the time
her claim arose until Skala's February 27, 2003 letter cutting
off any future opportunity to settle within liability limits.
Moreover, Fielder's admissions concede that no settlement
opportunity has arisen after February 27, 2003 and Fielder's
September 26, 2005 Admissions.   See **Exhibit M**, Admission Nos. 1-
3.   Based, in part, on Fielder's admissions, Allstate is entitled
to summary judgment declaring the absence of any reasonable
settlement opportunity.   Mourning v. Family Publications Service,

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 20 of 22                                            A04-246 CV (JKS

Inc., 411 U.S. 356, 362 n.16, 93 S. Ct. 1652 (1973) (summary judgment  based on party's admissions); Fed. R. Civ. P. 36(b).

CONCLUSION

Sally Fielder never presented Allstate with a reasonable settlement opportunity at any time since her claim arose because Fielder consistently refused to agree to fully release Allstate's insureds from the threat of further claims arising from the accident.  The threat of further claims was very real: including the risk Sally Fielder would seek recovery in excess of the liability coverage and the risk that Fielder's other insurers such as Progressive would pursue a subrogation claim.  Sally Fielder even limited her own attorney's authority to settle all of her potential claims.  Since Allstate had no reasonable opportunity to fully protect its insureds from all potential claims arising from the accident, Allstate did not breach any duty which might open up its contractual policy limits.  Allstate asks for the Court to issue the specific declarations set forth in the attached proposed order.

DATED this 16th day of December, 2005, at Anchorage, Alaska.

BLISS, WILKENS & CLAYTON
Lawyers for Plaintiff Allstate
Indemnity Company

By: _____
Alfred Clayton, Jr.
ABA No.:  9111079

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 21 of 22                                              A04-246 CV (JKS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct
copy of the foregoing document was
hand delivered this 16th day of
December, 2005, to:

Eric Sanders
Feldman, Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK    99501

Dennis M. Mestas
Law Offices of Dennis M. Mestas
745 West 4th Avenue, Suite 306
Anchorage, AK    99501

_Arlyp Bernard_

----------------------------------
N:\AKB\854\451\PLDG\ABSENCE.SETTLEMENT.SJ.Short.Mem.doc

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Memo in Support of Mot for Summary Judgment
Re Absence of Settlement Opportunity                    _Allstate v. Fielder, et al._
Page 22 of 22                                            A04-246 CV (JKS

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956

Attorneys for Plaintiff
     Allstate Indemnity Company


               IN THE UNITED STATES DISTRICT COURT

           FOR THE DISTRICT OF ALASKA AT ANCHORAGE

ALLSTATE INDEMNITY COMPANY,    )
an Illinois Corporation,       )
                               )
               Plaintiff,      )    Case No. A04-246 CV (JKS)
                               )
     v.                        )
                               )
SALLY FIELDER, and DANIEL E.   )
LIBBEY, as personal            )
representative of the ESTATE   )
OF JULIE MENEREY,              )
                               )
               Defendants.     )
_____)

### AFFIDAVIT OF BRENDA ALLEN

STATE OF ALASKA          )
                         )ss
THIRD JUDICIAL DISTRICT  )

     Brenda Allen, being first duly sworn, hereby deposes and
states as follows:

     1.   I am a claims representative employed by Allstate.  I
handled liability claims stemming from the December 14, 2001
automobile accident in which Julie Menerey was operating the

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

vehicle owned by Amy Menerey, which Allstate insured under policy No. 907184390.  I was assigned as claims representative from February 7, 2002 until Allstate received notice that Sally Fielder had retained an attorney.  This affidavit is based on my personal knowledge and my review of Allstate's claim file, kept in the ordinary course of business, arising from the December 14, 2001 accident.

2.    In April 2002, I sent the Fielders Allstate's offer to pay Sally Fielder the per person limits under both the liability and UIM coverages arising from the December 14, 2001 accident. Attached as **Exhibit C** is a true and correct copy of the April 16, 2002 letter Allstate sent to the Fielders documenting this offer. At the time of this offer, Sally Fielder (DOB 8/30/84) was a minor.  Initially, Mark Fielder expressed an interest to me in structuring the settlement proceeds Sally would collect from Allstate.

3.    Later, on June 27, 2002, Mark Fielder told me that the Fielders had decided to let Sally settle on her own after she turned 18 on August 30, 2002.

4.    On September 4, 2002, I telephoned Sally Fielder to discuss her claim with her.  During my telephone call, Sally responded by saying she had no idea why I was calling but that she would talk to her father and call me back.

5.    I received a handwritten letter dated September 12, 2002 from the Fielders and responded in writing on September 24,

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

AFFIDAVIT OF BRENDA ALLEN                    Allstate v. Fielder, et al.
Page 2 of 4                                  A04-246 CIV (JKS)

2002. (See AIC 000542-544, 538-541). When I heard nothing from the Fielders regarding my September 24, 2002 letter, I called the Fielders to follow up. On October 2, 2002, I spoke to Sally's mom, Stacey Fielder, since Mark Fielder was unavailable. Stacey Fielder could not tell me if the Fielder parents were making any claims, including any loss of consortium claim or claim for reimbursement. Mrs. Fielder said she would have Mark Fielder call back concerning the September 24, 2002 offer and Allstate's questions concerning any claim she or Mark might make.

6.  When I heard nothing from the Fielders following my October 2, 2002 telephone call with Stacey Fielder, I called the Fielders on October 14, 2002 and was able to speak with Mark Fielder. Mark Fielder told me that he was getting some advice, but he anticipated concluding that by the end of the week. He said he could not tell me if he or Stacey would be making a claim under Sally's claim since that is what he was looking at.

7.  I received no further communication from the Fielders until Allstate's receipt of Jason Skala's October 18, 2002 letter giving Allstate notice that Mr. Skala was representing Sally Fielder.

BRENDA ALLEN

SUBSCRIBED and SWORN to before me this 17th day of November, 2005, at Anchorage, Alaska.

NOTARY PUBLIC in and for Alaska
My Commission Expires: 10/24/07

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

AFFIDAVIT OF BRENDA ALLEN                    Allstate v. Fielder, et al.
Page 3 of 4                                  A04-246 CIV (JKS)

Notary Public
JUDITH A BENTLEY
State of Alaska
My Commission Expires: October 24, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct
copy of the foregoing document was
mailed/hand delivered this _16th_ day
of ~~November~~, 2005, to:
     _December_

Eric Sanders
Feldman, Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK   99501

Dennis M. Mestas
Law Offices of Dennis M. Mestas
745 West 4th Avenue, Suite 306
Anchorage, AK   99501

_Arlys Bernard_

N:\AKB\854\451\PLDG\ABSENCE.SETTLEMENT.SJ.Affid.doc

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

AFFIDAVIT OF BRENDA ALLEN                          Allstate v. Fielder, et al.
Page 4 of 4                                              A04-246 CIV (JKS)

MARKET CLAIM OFFICE
7033 E. TUDOR ROAD
ANCHORAGE AK 99507



PHONE NUMBER: 907-338-7750
OFFICE HOURS: MONDAY-FRIDAY 8:00-5:30

April 16, 2002


MARK FIELDER
920 PLYMOUTH
WASILLA  AK  99654



Allstate Indemnity Company
Claim Number: 3322631791 SBA
Our Insured:  AMY MENEREY
Date of Loss: December 14, 2001
Re: Sally Fielder


Dear Mr. Fielder,

We have offered to settle Sally's bodily injury claim for $50,000 which is the
face value of the bodily injury liability coverage and for another $50,000
which is the face value of the underinsured motorist coverage. Additionally we
would pay interest on each of these coverages up until the settlement is court
approved.

You are reviewing structured settlements at this time. As stated the
settlement must be court approved due to Sally being a minor.  I await to hear
from you regarding your desire on the settlement options.


Sincerely,



BRENDA F. ALLEN
Allstate Property-Casualty Claim Service Organization


SM07/0/02/1

EXHIBIT_____C_____
PG_____/____OF____/____

**AIC 000552**

G52-2

**EXHIBITS**
## To Motion for Summary Judgment
## Re Absence of Settlement Opportunity

*Allstate Indemnity Company v. Fielder, et al.*
Case No. A04-246 CV (JKS)

## TABLE OF CONTENTS

A.    D. Mestas' redacted June 25, 2003 letter

B.    Defendant Fielder's Initial Disclosures

C.    Allstate's April 16, 2002 letter to Mark Fielder

D.    Affidavit of Beth Lancaster of April 18, 2005 (with exhibits)

E.    J. Skala's Oct. 16, 2002 letter to B. Allen (Allstate)

F.    J. Skala's Nov. 14, 2002 letter to B. Lancaster (Allstate)

G.    J. Skala's Nov. 25, 2002 letter to R. Kiker (Safeco)

H.    J. Skala's Nov. 14, 2002 letter to R. Kiker (Safeco)

I.    Sally Fielder's 1/20/03 Consent to Settle

J.    Fielder's Responses to Allstate's First Requests for Production

K.    D. Wither's (Progressive) April 2, 2002 letter to M. Fielder

L.    B. Lancaster's (Allstate) Feb. 24, 2003 letter to J. Skala

M.    Defendant Sally Fielder's Responses to Allstate's Requests for Admission

N:\AKB\854\451\EXHIBITS.Table of Contents.doc

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956