FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 19 PM 3: 56

ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:     (907) 272-3538
Facsimile:     (907) 274-0819
Email:          sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

ALLSTATE INDEMNITY COMPANY,        )
An Illinois Corporation,            )
                                    )
        Plaintiff,                  )
                                    )        Case No. A04-246 CV (JKS)
        v.                          )
                                    )
SALLY FIELDER, and DANIEL E. LIBBEY, )
As personal representative of the ESTATE )
OF JULIE MENEREY,                   )
                                    )
        Defendants.                 )
_____    )

## MOTION FOR RECONSIDERATION OR CLARIFICATION
## OF THE COURT'S DECEMBER 7, 2005 ORDER

In its December 7, 2005 Order, the court observed that in "order to understand this

case it is necessary to consider" the decision in <u>CHI of Alaska, Inc., v. Employers</u>

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
TEL: 907.272.3538
FAX: 907.274.0819

*Motion for Reconsideration or Clarification of the Court's December 7, 2005 Order*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)                                    Page 1 of 4



Reinsurance Corp., 844 P.2d 1113 (Alaska 1993). The court has misapplied the CHI decision because it has no application to this declaratory judgment action.

Next, the court stated that under the CHI decision, an insured could select independent counsel "when there is a significant likelihood that a jury might award actual damages in excess of the policy limits." The court has misapplied CHI because the decision does not give the insured a right to select independent counsel when an excess verdict is possible unless there is a dispute about the insurance coverage, i.e., unless the insurer has asserted a coverage defense.[1] A coverage defense does not arise simply because the tort claim could exceed the applicable liability insurance coverage. See AS 21.89.100(b)(2) which provides that a "claim of damages in excess of policy limits" does not constitute a conflict of interest.

This court then concluded that the CHI decision "sought to sharply distinguish the tort case from any subsequent declaratory judgment case." The court has misapplied the CHI decision because it does not mention "any subsequent declaratory judgment" action, and makes no attempt to distinguish the conflict in each situation.

Finally, the court held that in "this case independent counsel has been retained by the Estate in state court." This factual statement is incorrect. The attorney representing the Estate in the tort case, William Ingaldson, was selected by Allstate and his fees have

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
TEL: 907.272.3538
FAX: 907.274.0819

---

[1]    The classic coverage defense arises when some claims are covered and others are not covered by the insurance policy.

*Motion for Reconsideration or Clarification of the Court's December 7, 2005 Order*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)                                      Page 2 of 4

been paid by Allstate.  The Estate has no right to independent counsel in the state court action.

The December 7, 2005 order misperceives what has occurred in the state court action.  The true situation can be briefly explained:

1.      The Estate was sued by Fielder in state court.  In this tort claim the Estate is being defended by Allstate.  The case is set for trial in May 2006.

2.      There are no policy defenses or coverage defenses which present a conflict, and therefore the Estate is not entitled to CHI counsel.

3.      The Estate has fully cooperated in the defense of the tort claim and has done nothing to breach any express or implied duties under the liability insurance contract.

4.      Allstate, through the attorney it selected, has controlled the defense of the state tort action without any interference from the Estate.

5.      There currently is no disagreement between the Estate and the insurer related to the defense or the indemnification of the tort claim.[2]

Thus, the court sees a conflict between the Estate and Allstate which does not exist under Alaska law.  At the September 16, 2005, hearing this perceived "conflict" was identified as the justification for this declaratory judgment action:

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
TEL: 907.272.3538
FAX: 907.274.0819

---

[2]      At this time Allstate owes no duties to Fielder, and thus any dispute they may have is immaterial as a matter of law.

*Motion for Reconsideration or Clarification of the Court's December 7, 2005 Order*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)                                                      Page 3 of 4

If the insurer disagrees either as to the indemnity or the defense, then there is a controversy between the insurer and the insured with regard to the defense and indemnification of that underlying case. [Counsel's comments omitted]. And that -- that controversy is appropriate for declaratory judgment.

To the extent that the court has found jurisdiction based upon a non-existent conflict, the Estate would urge this court to reconsider or clarify its previous rulings.

Dated this 17 day of December, 2005

FELDMAN ORLANSKY & SANDERS

By: _____
Eric T. Sanders
Alaska Bar No. 7510085

CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was mailed, faxed, hand delivered to:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK  99501

Dennis M. Mestas
Law Offices of Dennis M. Mestas
745 West 4th Avenue, Suite 306
Anchorage, AK  99501

By: _____
Dated: 12/19/05

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
TEL: 907.272.3538
FAX: 907.274.0819

*Motion for Reconsideration or Clarification of the Court's December 7, 2005 Order*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)                                    Page 4 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY,. an Illinois Corporation, | . | Case No. A04-0246 CV (JKS) |
| | . | |
| Plaintiff, | . | Anchorage, Alaska |
| | . | August 29, 2005 |
| vs. | . | 1:40 o'clock p.m. |
| | . | |
| SALLY FIELDER, and DANIEL E. LIBBEY as personal representative of the ESTATE OF JULIE MENEREY, | . | **STATUS CONFERENCE** |
| | . | |
| | . | SEP 1 6 2005 |
| Defendants. | . | |
| . . . . . . . . . . . . . | . | |

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE JAMES K. SINGLETON JR.
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:           ALFRED T. CLAYTON JR., ESQ.
                             Bliss, Wilkens & Clayton
                             500 L Street, Suite 200
                             Anchorage, Alaska  99501
                             (907) 276-2999

For the Defendant            DENNIS M. MESTAS, ESQ.
Fielder:                     Law Offices of Dennis M. Mestas, P.C.
                             745 West Fourth Avenue, Suite 306
                             Anchorage, Alaska  99501
                             (907) 277-9496

For the Defendant Libbey:    ERIC T. SANDERS, ESQ.
                             Keesal, Young & Logan
                             1029 West Third Avenue, Suite 650
                             Anchorage, Alaska  99501
                             (907) 279-9696

Court Recorder:              ROBIN M. CARTER
                             U.S. District Court
                             222 West 7th Avenue, #4
                             Anchorage, Alaska  99513
                             (907) 677-6127

3

**ANCHORAGE, ALASKA - MONDAY, AUGUST 29, 2005**

(Call to Order of the Court at 1:40 o'clock p.m.)

(Log 1:40:05)

THE CLERK:  -- session with the Honorable James K. Singleton presiding.  Please be seated.

THE COURT:  Court has before it at this time the matter of Allstate Indemnity Company versus Sally Fielder, A04-0246 Civil.  And the specific matter before the court was a request by one or more of the parties for a status conference. Here we are.  What is the status about which you to conference?

MR. SANDERS:  Well, how long do we have, Your Honor?

THE COURT:  Oh, I don't know.  I think I'll probably start to nod after two minutes, but I am all ears for that two minutes.

MR. SANDERS:  Well, it's going to take me longer than two minutes.  The reason I'm sitting with Mr. Clayton is because, although he sued my client, he corresponds to me as if we have a joint defense agreement.  So as I understand it, the reason that we were sued initially in this case -- and I represent Dan Libbey, the personal representative of the estate -- was an allegation, a false allegation, that we were depriving Allstate of its defense in the underlying tort case.  I pointed out to you that was not a correct statement and you've ruled that it doesn't really matter, that if there's a controversy between the insurance company and the third party in the tort

4

1   claim that that is a controversy.  The underlying --

2          THE COURT:  No, I -- I think that's a

3   misinterpretation, Mr. Sanders.  I think what would -- A more

4   accurate statement of the situation as I see it is this:  Where

5   a law suit is filed in either state or federal court in which

6   the plaintiff alleges that he or she was the victim of a tort by

7   the defendant, and the defendant tenders the defense of the

8   claim to an insurer intending that if the plaintiff is correct

9   that the defendant had committed a tort that the plaintiff

10  suffered, then the defendant is -- asserts that it is insured

11  for that tort.  In other words, that it is entitled to indemnity

12  and defense.  If the insurer disagrees either as to the

13  indemnity or the defense, then there is a controversy between

14  the insurer and the insured with regard to the defense and

15  indemnification of that underlying case.

16          MR. SANDERS:  I understand that.

17          THE COURT:  And that -- that controversy is

18  appropriate for declaratory judgment.

19          MR. SANDERS:  So tell me what is it that you see is

20  the controversy between my client and Allstate when Mr. Libbey

21  has fully cooperated?  There's no evidence to the contrary,

22  never a suggestion or an allegation made in the underlying case.

23          THE COURT:  In other words, you don't want a status

24  conference, you want reconsideration of the --

25          MR. SANDERS:  I want this case done.  We're -- we're

T. M. Transcribing
1980 Commodore Drive
Anchorage, Alaska  99507
(907) 349-8183