Paul Cossman, Esq.
ABA No. 8506091
Law Offices of Dennis M. Mestas, P.C.
745 W. 4th Avenue, Suite 306
Anchorage, Alaska 99501
Telephone: (907) 277-9496
Facsimile: (907) 272-4354

Co-counsel for Defendant,
    Sally Fielder

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br>an Illinois Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SALLY FIELDER, and DANIEL E.<br>LIBBEY, as personal representative<br>of the ESTATE OF JULIE MENEREY,<br><br>    Defendants. | Case No. A04-246 CV (JKS) |

**OPPOSITION TO MOTION FOR PRECLUSION OF EXPERT TESTIMONY UNDER RULE 37(c) AND MOTION FOR SUMMARY JUDGMENT ON NEGLIGENCE THEORY**

I.    **EXPERT TESTIMONY AT TRIAL**

Plaintiff claims that it has been prejudiced by Defendant Fielder's lack of expert disclosures for its expert, Robert Wainscot. Plaintiff's motion points out that the Federal Rule 37 (c) (1) provides for automatic sanctions, <u>unless the failure was harmless</u>. In this case Plaintiff has not provided any of its own expert disclosures. How can Plaintiff claim that Defendant Fielder's

failure is prejudicial when Allstate has not even supplied their own expert disclosures yet? This Court provided for symmetry to the deadlines for expert witness disclosures. Plaintiff has not provided any basis for its assertion that it has been prejudiced. It is inconceivable that Plaintiff Allstate is prejudiced in this regard, especially since it has provided no disclosures of its own yet. Defendant Fielder respectfully submits that this Court should find that the "late" disclosures for Robert Wainscot are harmless and nonprejudicial to Allstate, and the sanction of striking Defendant Fielder's expert is inappropriate.

## II. THE LAW DOES NOT REQUIRE DEFENDANT FIELDER TO SUPPORT HER NEGLIGENCE DEFENSE WITH HER OWN RETAINED EXPERT

Whether Defendant Fielder's "negligence defense" requires expert testimony is for the court to determine when the issue is properly raised before the Court. Contrary to Allstate's argument, the issues are not complex. If expert testimony should be required, it is not mandatory that such testimony come from an expert retained by Defendant Fielder. Such testimony can be elicited from anyone with the proper knowledge and credentials. Once the issue is properly before the Court, in arguing jury instructions or otherwise, the Court may even determine that the ultimate issue is simple enough for the trier of fact to determine on its own. As of now the issue has not been properly put before the Court, and the Court has no basis for a ruling as to Defendant Fielder's "negligence defense." It is even possible that such testimony can be elicited from Allstate's own witnesses in cross examination during Plaintiff's case in chief.

## III. IT WOULD BE ERROR FOR THIS COURT TO GRANT SUMMARY JUDGMENT AGAINST DEFENDANT FIELDER'S "NEGLIGENCE DEFENSE."

LAW OFFICES OF
DENNIS M. MESTAS
A PROFESSIONAL CORPORATION
745 WEST 4TH AVENUE, SUITE 306
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9496
FAX (907) 272-4354

Plaintiff Allstate has not addressed a single legal issue concerning Defendant Fielder's "negligence defense". Plaintiff Allstate has not submitted a single Affidavit in support of its Motion for Summary Judgment. Plaintiff Allstate has not even made the conclusory statement to this court that there are no Genuine Issues of Material Fact. In fact, Plaintiff Allstate has done nothing to comply with Federal Civil Rule 56 in factually supporting its Motion for Summary Judgment.

Plaintiff Allstate's Motion is completely based upon its claim that Defendant Fielder's "negligence defense" <u>requires</u> expert testimony. Yet Allstate does not proffer a single Affidavit from an expert claiming that Summary Judgment is appropriate. On the other hand, Defendant Fielder is entitled under Alaska Civil Rule 56 to supply an Affidavit from an appropriate expert in support of her "negligence defense" if that is necessary for responding to a legitimate Motion for Summary Judgment. Beyond this, there is not even any legal argument presented by Allstate to which Defendant Fielder can respond. Nothing is addressed on the merits of Defendant Fielder's Fourth Affirmative Defense.

In the absence of any legal argument as to why Defendant Fielder's "negligence defense" should fail, in the absence of any Affidavit providing expert testimony in support of Allstate's claim that Defendant Fielder's "negligence defense" should fail, and in the absence of even a conclusory claim that there are no Genuine Issues of Material Fact, Allstate's Motion for Summary Judgment should fail.

DATED this 9th day of January, 2006.

LAW OFFICES OF DENNIS M. MESTAS, P.C.
Co-counsel for Defendant Sally Fielder

By: _____
Paul Cossman
Alaska Bar No. 7505028

CERTIFICATE OF SERVICE

I certify that on the 9th day of January, 2006, a copy of the foregoing was mailed to:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 "L" Street, Suite 200
Anchorage, Alaska   99501

Eric T. Sanders, Esq.
Feldman, Orlansky & Sanders
500 "L" Street, Suite 400
Anchorage, Alaska   99501

_____

LAW OFFICES OF
DENNIS M. MESTAS
A PROFESSIONAL CORPORATION
745 WEST 4TH AVENUE, SUITE 306
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9496
FAX (907) 272-4354