Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
    Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,      Plaintiff,  v.  SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,      Defendants. | Case No. 3:04-CV-246-JKS |

**ALLSTATE'S REPLY TO ESTATE'S OPPOSITION
TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
ABSENCE OF SETTLEMENT OPPORTUNITY**

The Estate does not address the merits of Allstate's summary judgment motion, repeating instead its subject matter jurisdiction defense, a defense this Court rejected on July 27, 2005 and again on December 20, 2005.  See Docket 42 at 5-6 and 7-8; Docket 78.  Since the Estate raises no new arguments supporting its jurisdiction challenge in its Opposition at pages 1-2, Allstate opposes the jurisdiction refrain for the reasons

already fully briefed in the record.[1]

The Estate's only other response to Allstate's motion is to submit a proposed order for a Rule 56(f) continuance to take the same depositions the Estate considered in May 2005, but never pursued throughout the time period for discovery.[2] In the last paragraph of the Estate's present Opposition, it argues, as it did almost verbatim on May 9, 2005, that Allstate's motion for partial summary judgment should be postponed under Rule 56(f) to allow the Estate time to depose Jason Skala and Allstate's claim representatives.[3] For the reasons Allstate gave in its May 27, 2005 Opposition to Defendants' Rule 56(f) Motion, including the Estate's failure to comply with the requirements of Rule 56(f), Allstate opposes any Rule 56(f) continuance. The Court denied an almost identical motion for Rule 56(f) continuance in its July 27, 2005 Order. See Docket 42 at 11. The same order is warranted today.

Since the Estate has not substantively opposed the merits of

---

[1] See Allstate's April 1, 2005 Opposition to Libbey's Motion for Summary Judgment and Allstate's April 1, 2005 Opposition to Fielder's Motion to Dismiss Complaint Based on "Case or Controversy" and other reasons previously briefed in the record and adopted by the Court.

[2] The Estate did not actually file a motion for Rule 56(f) relief as required by the rules, instead submitting only a proposed Order in conjunction with its January 3, 2006 Opposition to Motion of Partial Summary Judgment Regarding Absence of Settlement Opportunity. Allstate submits that the Estate failed to make a proper motion under Rule 56(f).

Allstate's motion, Allstate asks that the motion be granted.[4]

DATED this 10th day of January, 2006, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]

CERTIFICATE OF SERVICE

I hereby certify that on January 10th, 2006, a copy of the foregoing Reply was served electronically on:

Eric Sanders

And by mail on:

Dennis M. Mestas
Law Office of Dennis M. Mestas
745 W. 4th Avenue, Suite 306
Anchorage, AK   99501

**s/Alfred Clayton, Jr.**

N:\AKB\854\451\PLDG\ABSENCE.SETTLEMENT.Reply.doc

---

[3] Compare Estate's January 3, 2006 Opposition at 3 with Estate's May 9, 2005 Opposition to Allstate's Motion for Partial Summary Judgment on Settlement Effort at 3.

[4] Since the Estate failed to respond substantively, a lengthy reply by Allstate is not necessary.  Nevertheless, Allstate also supports its entitlement to partial summary judgment based on the arguments it will make in its separate reply to Sally Fielder's Opposition.

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 3 of 3                                                      3:04-CV-246-JKS