Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,<br><br>            Defendants. | Case No. 3:04-CV-246-JKS |

**ALLSTATE'S REPLY TO ESTATE'S OPPOSITION
TO MOTION FOR PRECLUSION OF EXPERT TESTIMONY
AND MOTION FOR SUMMARY JUDGMENT ON NEGLIGENCE THEORY**

The "negligence" theory that Sally Fielder raises in her fourth affirmative defense and Initial Disclosures is premised on the same "failure to settle" allegations that this Court has determined state a justiciable controversy.  See Docket 42 at 5-6 and 7-8.  The July 27, 2005 Order held, among other things, that Allstate need not wait until there is an excess judgment or until the Estate decides to sue Allstate to obtain a declaration

whether or not Allstate's inability to settle Sally Fielder's liability claim supposedly "opened up" the policy limit. On September 27, 2005, the Court rejected the defendants' jurisdictional defenses, and emphasized the defendants were expected to prepare for trial. The Order at Docket 61 read: "While this Court recognizes Defendants' dissatisfaction with this litigation, it assumes that they realize that it will not go away and that they must cooperate fully in preparing this case for trial." Docket 24 at 2 clearly set forth the deadline for expert disclosures.

The Estate has admittedly not prepared any expert or other disclosures concerning any negligence theory.[1] Like any defendant in any action, the Estate may choose not to defend against claims for relief. But that choice does not diminish Allstate's right to seek and obtain the relief it requests. The Estate's Opposition fails to rebut that a negligence theory, including that alleged by Sally Fielder, would require expert testimony. See Allstate's Memorandum at III.A. The Estate's Opposition merely reiterates a jurisdictional challenge this Court has repeatedly rejected and as recently as December 20, 2005. See Docket 78 (denial of Estate's motion for reconsideration).

---

[1] See Sanders' January 3, 2006 affidavit at ¶ 5, accompanying Estate's Motion to Strike Allstate's Motion for Partial Summary Judgment Regarding Absence of Settlement Authority.

Allstate's Reply Re Mot for Preclusion of Expert
Testimony and Mot for SJ on Negligence                    *Allstate v. Fielder, et al.*
Page 2 of 2                                                        3:04-CV-246-JKS

Since the Estate has failed to make any expert disclosures addressing negligence, Allstate is entitled to summary judgment on any negligence theory, including the one itemized by Sally Fielder and premised on Allstate's inability to settle the liability claim.[2]

DATED this 10th day of January, 2006, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK  99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:  (907) 276-2956
[ABA No. 9111079]

---

[2] Since the Estate failed to substantively oppose the merits of Allstate's motion, relying solely on jurisdictional arguments previously rejected by the Court, a lengthy reply by Allstate is not necessary.  Nevertheless, Allstate also supports its entitlement to partial summary judgment based on the arguments it will make in its separate reply to Sally Fielder's opposition which is not yet due.

Allstate's Reply Re Mot for Preclusion of Expert
Testimony and Mot for SJ on Negligence      *Allstate v. Fielder, et al.*
Page 3 of 3                                         3:04-CV-246-JKS

CERTIFICATE OF SERVICE

I hereby certify that on January 10th, 2006, a copy of the foregoing Reply was served electronically on:

Eric Sanders

And by mail on:

Dennis M. Mestas
Law Office of Dennis M. Mestas
745 W. 4th Avenue, Suite 306
Anchorage, AK   99501


s/Alfred Clayton, Jr.




N:\AKB\854\451\PLDG\PRECLUSION.EXPERT.&SJ.Reply.doc