Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
      Allstate Indemnity Company


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE


| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY,<br>an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:04-CV-246-JKS |
| v. | ) ) ) | |
| SALLY FIELDER, and DANIEL E.<br>LIBBEY, as personal<br>representative of the ESTATE<br>OF JULIE MENEREY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ALLSTATE'S OPPOSITION TO ESTATE'S AND FIELDER'S MOTION TO STRIKE
ALLSTATE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING ABSENCE OF SETTLEMENT AUTHORITY**

The Defendants' sole basis for moving to strike Allstate's

December 16, 2005 Motion for Partial Summary Judgment Regarding

the Absence of Settlement Opportunity[1] is that the motion was

filed after the November 28, 2005 pretrial deadline for

---

[1] Sally Fielder joined in the Estate's motion on January 9,
2006, Docket 86.

dispositive motions.  The timing of Allstate's motion is harmless.  Trial has not been set and Allstate's motion is designed to narrow, if not completely resolve, any remaining dispute over the absence of a reasonable settlement opportunity prior to June 25, 2003.  Allstate's motion presents the Court with new admissions and disclosures by Sally Fielder addressing the "opportunity to settle" dispute which were not made known to Allstate until well after this Court's July 27, 2005 Order addressing the first round of summary judgment motions.  For example, among Fielder's subsequent disclosures are details about Fielder counsel's apparent limited settlement authority.  It now appears that Fielder's counsel was not authorized in writing by Sally Fielder to settle anything until January 20, 2003 and even then the scope of settlement authority was very limited.  See Allstate's December 16, 2005 Memorandum at I.C.4. and its attached exhibit I.  Allstate's motion may significantly narrow, if not resolve, any remaining dispute in this case.  Allstate asks that the Court address Allstate's motion on the merits rather than consider the Defendants' technical objection.[2]

---

[2] Defendants' motion to strike Allstate's motion as untimely is another example of Defendants trying to obstruct any final resolution in this case.  Even while Defendants argue the deadline for dispositive motions has passed, Defendants oppose Allstate's motion on the grounds that a Rule 56(f) continuance is supposedly necessary.  Having failed to exercise diligence in pursuing discovery prior to the close of discovery, Defendants' inconsistent reliance on the pretrial deadlines is merely evidence Defendants wish to delay and obstruct any final

Allstate's Opp to Estate's and Fielder's Mot
to Strike Allstates' Mot for Partial SJ Re
Absence of Settlement Authority                    *Allstate v. Fielder, et al.*
Page 2 of 2                                              3:04-CV-246-JKS

DATED this 11th day of January, 2006, at Anchorage, Alaska.

By:  s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail:  atc@bwclawyers.com
Phone: (907) 276-2999
Fax:  (907) 276-2956
[ABA No. 9111079]

CERTIFICATE OF SERVICE

I hereby certify that on
January 11, 2006, a copy
of the foregoing Opposition was
served electronically on:

Eric Sanders

And by mail on:

Dennis M. Mestas
Law Office of Dennis M. Mestas
745 W. 4th Avenue, Suite 306
Anchorage, AK 99501


s/Alfred Clayton, Jr.


N:\AKB\854\451\PLDG\ABSENCE.SETTLEMENT.AUTHOR.Opp.doc

resolution on the merits.

Allstate's Opp to Estate's and Fielder's Mot
to Strike Allstates' Mot for Partial SJ Re
Absence of Settlement Authority                    Allstate v. Fielder, et al.
Page 3 of 3                                         3:04-CV-246-JKS