Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation, </br></br>        Plaintiff, </br></br>   v. </br></br> SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY, </br></br>        Defendants. | Case No. 3:04-CV-246-JKS |

**ALLSTATE'S REPLY TO FIELDER'S OPPOSITION
TO MOTION FOR PARTIAL SUMMARY JUDGMENT
ON ABSENCE OF SETTLEMENT OPPORTUNITY**

On May 9, 2005, roughly six months before the October 28, 2005 close of discovery, the Estate moved for a Rule 56(f) continuance to depose Beth Lancaster and Brenda Allen.[1] On May 16, 2005, Sally Fielder joined in that Rule 56(f) motion,

also stating its supposed plan to depose Lancaster and Allen.[2] The Court denied a discovery continuance, ruling that those depositions and the other discovery sought were not necessary before resolving Allstate's Motion for Partial Summary Judgment on Settlement Effort.[3] Now, almost three months after the close of discovery, the Defendants again have filed Rule 56(f) motions in order to depose the <u>exact same Allstate witnesses</u> Defendants considered, but failed to depose since May 2005.[4] Sally Fielder's counsel has not even bothered to submit a Rule 56(f) Affidavit. Since the Defendants have not been diligent and Defendants have failed to meet their burden under Rule 56(e) and (f), Allstate requests that the Court grant, without further delay, Allstate's Motion for Partial Summary Judgment Re Absence of Settlement Opportunity.

---

[1] <u>See</u> May 9, 2005, the Estate's Opposition to Allstate's Motion for partial Summary Judgment on Settlement Effort at Docket 35 and Eric Sanders' May 9, 2005 Affidavit ¶ 4.

[2] Docket 39, Fielder's May 16, 2005 Opposition to Plaintiff Allstate's Motion for Partial Summary Judgment on Settlement Effort at 2 and Dennis Mestas' May 16, 2005 Affidavit at ¶ 6, citing intent to depose Lancaster and Allen.

[3] Docket 42 at 11.

[4] On January 3, 2006 the Estate submitted the cursory affidavit of Eric Sanders, requesting a Rule 56(f) continuance to depose Lancaster and Allen and Jason Skala, only in regards to Allstate's motion for partial summary judgment regarding absence of settlement opportunity. <u>See</u> Sanders' January 3, 2006 affidavit at 1-3. Fielder joined the motion for a continuance, integrating Sanders' January 3, 2005 Affidavit, but offering no affidavit on Fielder's behalf as required by Fed. R. Civ. P. 56(f). Fielder should not be entitled to a reply and Allstate objects to any.

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity     *Allstate v. Fielder, et al.*
Page 2 of 12                              3:04-CV-246-JKS

I. **DEFENDANTS FAIL TO MEET THEIR BURDEN FOR ANY RULE 56(f) CONTINUANCE**

   A. **Defendants Have Not Diligently Pursued Past Discovery Opportunities**

      1. **Defendants Made No Effort to Notice Depositions of Allstate Employees Prior to the Close of Discovery**

In May 2005, when the Defendants' first proposed a Rule 56(f) continuance to depose Beth Lancaster and Brenda Allen, the Estate asserted that it had not previously taken the Allstate representatives' depositions since the motions concerning subject matter jurisdiction were unresolved. Eric Sanders' May 9, 2005 Affidavit ¶ 5. After July 27, 2005, that questionable excuse disappeared because as of that date, the Defendants were on notice that the Court recognized a justiciable controversy. Docket 42 at 4-8. Nevertheless, after July 27, 2005, the Defendants took no steps whatsoever to notice the depositions of Lancaster or Allen. Even on September 27, 2005, when the Court granted Allstate's motion to compel Defendants' Initial Disclosures and instructed the Defendants to "cooperate fully in preparing the case for trial" or "sanctions will be awarded," Defendants made no effort to notice the depositions of Allen and Lancaster. See Docket 61. The October 28, 2005 close of discovery came and went and again, Defendants taking no steps to depose Lancaster or Allen.

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 3 of 12                                                      3:04-CV-246-JKS

> 2. "Diligence" in Pursuing "Previous Discovery Opportunities" is a Prerequisite to Rule 56(f) Relief

Defendants have been on notice of the October 28, 2005 close of discovery since April 4, 2005. Docket 24 at 2. Defendants were on notice that Rule 56(f) continuances would not be routine or automatic, especially when Defendants failed to "persuade[] that further discovery is necessary to shed light on the legal questions Allstate seeks to have answered." See, e.g., Docket 42 at 11 (denying May 2005 motions for Rule 56(f) continuance.) "Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990). The Sixth Circuit observed:

> Where the full period of pretrial discovery has run its course, a party should generally be precluded from reopening discovery months after it has closed in a last-ditch attempt to salvage a deficient claim or defense.

Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106, 1114 (6th Cir. 2001). See also Willmar Poultry Co v. Morton-Norwich Prods. Inc., 520 F.2d 289, 297 (8th Cir. 1975) ("Rule 56(f) is not a shield to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.")

The Ninth Circuit routinely affirms district courts' denials of Rule 56(f) continuances, particularly when a moving party failed to "diligently pursue[] its previous discovery opportunities." Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir. 1994). See Brae Transp., Inc. v. Coopers

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity                    Allstate v. Fielder, et al.
Page 4 of 12                                                  3:04-CV-246-JKS

& Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986) ("the movant cannot complain if it fails diligently to pursue discovery before summary judgment"); Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002) (plaintiff failed to pursue discovery diligently and filed a defective request only two weeks before discovery deadline so continuance properly denied); Granlund v. Clark, 143 Fed. Appx. 802, 803 (9th Cir. 2005) (Rule 56(f) continuance properly denied since discovery sought after close of discovery and movant failed to diligently pursue discovery). See also Mallory v. Noble Correctional Institute, 45 Fed. Appx. 463, 468 (6th Cir. 2002) (no abuse of discretion in denying Rule 56(f) continuance when moving party initiated only minimal discovery and waited over a month after close of discovery to file a Rule 56(f) continuance).

   3. Defendants Evidence No Valid Excuse for Not Taking Depositions They Considered as Early as May 2005

Since Defendants considered taking the depositions of Beth Lancaster, Brenda Allen, and Jason Skala as early as May 2005, but failed to ever notice these depositions, there is no question that Defendants failed to exercise any "diligence" concerning "pervious discovery opportunities" sufficient to support Rule 56(f) relief, especially after the close of discovery. It is no excuse, as Mr. Sanders asserts at paragraph 5 of his January 3,

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity         *Allstate v. Fielder, et al.*
Page 5 of 12                                              3:04-CV-246-JKS

2006 affidavit, that the Estate has "no funds."[5]  Defendant Fielder has sufficient funds to engage in litigation as demonstrated by her prosecution of her state court tort action.

> B. <u>Defendants Fail to Meet Their Burden to Prove That Additional Discovery Would Preclude Summary Judgment</u>

Rule 56(e) provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but <u>the adverse party's response</u>, by affidavits or as otherwise provided in this rule, <u>must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment</u>, if appropriate, <u>shall be entered</u> against the adverse party.

Rule 56(e) (emphasis added.)

Read in conjunction with Rule 56(f), there is a clear burden on the party seeking a continuance to produce an affidavit explaining why "a party cannot immediately provide specific facts demonstrating a genuine issue of material fact."  <u>Mackey v. Pioneer National Bank</u>, 867 F.2d 520, 524 (9th Cir. 1989).  Rule 56(f) provides, in part:

> Should it appear from the <u>affidavits</u> of a party opposing the motion that the party cannot <u>for reasons stated</u> present . . . <u>facts essential</u> to justify the party's opposition,, the court may . . . order a continuance to permit . . . discovery to be had . . .

Rule 56(f) (emphasis added.)

In Fielder's January 9, 2006 Opposition, Fielder's counsel

---

[5] The Estate apparently has funds enough to ask to depose Allstate's expert Bob Lohr.  See **Exhibit A**, Sanders' January 12,

provides no affidavit supporting a Rule 56(f) continuance and offers no explanation whatsoever for why Sally Fielder could not have taken the Lancaster and Allen depositions which Fielder has considered since May 2005. Fielder's opposition also utterly fails to explain what "specific facts" existed and which would have been elicited from Lancaster or Allen that would have created a genuine issue of material fact. These omissions are fatal to Fielder's Rule 56(f) request. U.S. v. One 1985 Mercedes, 917 F.2d 415, 418 (9th Cir. 1990)( since movant failed to show discovery sought would lead to material evidence, court properly denied continuance); Mackey, 867 F.2d at 523-524 ("Rule 56(f) requires affidavits setting forth particular facts expected from movant's discovery"); Qualls, 22 F.3d at 844 (movant required to show how allowing additional discovery, including interrogatory answers, "would have precluded summary judgment"); Nicholas v. Wallenstein, 266 F.3d 1083, 1088-1089 (9th Cir. 2001) (the party seeking discovery under Rule 56(f) bears "the burden to make clear what information is sought and how it would preclude summary judgment").

Not only did Fielder fail to identify "specific material facts," Fielder failed to show that the evidence actually exists. Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth

---

2005 letter.

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity                  *Allstate v. Fielder, et al.*
Page 7 of 12                                          3:04-CV-246-JKS

sufficient facts to show that the evidence sought exists.")[6]

II. **THE DEPOSITIONS DEFENDANTS REQUEST ARE NOT SHOWN TO HAVE A MATERIAL EFFECT ON THE MERITS OF ALLSTATE'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE ABSENCE OF SETTLEMENT OPPORTUNITY**

Fielder asserts, without explanation or a Rule 56(f) showing, that the "[D]epositions of Beth Lancaster and Brenda Allen] would certainly be required before Defendants could properly defend against Plaintiff's Motion for Summary Judgment." Nowhere do Fielder or the Estate explain how, or whether they even contest, Lancaster's or Allen's affidavits. In fact, Lancaster's April 18, 2005 affidavit has been part of the record for roughly nine months, and neither Defendant has ever attempted to create a genuine issue of material fact concerning any part of Lancaster's affidavit. See, e.g., Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920-921 (9th Cir. 1996) (the party seeking additional discovery must not only proffer "specific facts," but must show that the evidence sought "exists," and those facts "would prevent summary judgment"); Ragas v. Tennessee Gas

---

[6] Fielder cannot salvage the proper showing by relying on Mr. Sanders' affidavit. Mr. Sanders' affidavit offers no explanation whatsoever for why the depositions could not have taken place prior to the close of discovery. See Sanders' January 3, 2006 Affidavit ¶ 3. Mr. Sanders offers no "specific facts" which would be obtained from deposing Lancaster or Allen, merely asserting at paragraph 3 that he needs to "determine what did occur." Sanders' affidavit in no way satisfies Rule 56(f)'s required showing. Landmark Dev. Corp., 752 F.2d at 373-373 (9th Cir. 1985) (court properly denied Rule 56(f) relief when failure to take depositions resulted from moving party's own delay); Brae Transp., 790 F.2d at 1442 (Rule 56(f) relief denied since elements of rule not satisfied in defendant's motion).

Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (party opposing summary judgment must articulate the precise manner in which the party's evidence supports his or her claim or defense). Similarly, Defendants' Oppositions point to no material question of fact arising from Brenda Allen's affidavit.

In actuality, Allstate's pending summary judgment motion can be properly adjudicated without further depositions. For example,

1.  To the extent that Allstate seeks declarations as to the legal significance of particular offers or counteroffers, these merely raise legal issues for the Court. Docket 42 at 11.[7] As Allstate points out in part I.A. of its Memorandum, Dennis Mestas' June 25, 2003 criticisms of Allstate focused on Allstate's inability to settle Fielder's claim, a dispute dependant on written offers, the terms of which are uncontested.

2.  It is not disputed that the Fielders refused to settle before Sally' August 30, 2002 birthday. See Memorandum part I.C.1. Accordingly, there is no showing by Defendants that Brenda Allen's settlement efforts prior to August 30, 2002 raise

---

[7] See also Davis v. Dykman, 938 P.2d 1002, 1006 (Alaska 1997) (interpretation of "undisputed words of an offer to enter into a contract" presents a question of law); AVCP Regional Housing Authority v. R.A. Vranckaert Co., Inc., 47 P.3d 650, 656 (Alaska 2002) (interpretation of a contract's meaning appropriate for summary judgment since legal issue presented); Bathony v. Transamerican Occidental Life Ins. Co., 795 F. Supp. 296, 299-300 (D. Alaska 1992) ("reasonable expectations" concerning a contract is an objective standard).

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity           Allstate v. Fielder, et al.
Page 9 of 12                                            3:04-CV-246-JKS

a material question of fact.

    3.   It is not disputed that the Fielders failed to respond to Allstate's September 24, 2002 settlement offer.  <u>See</u> Memorandum part I.C.2.  Accordingly, there is no showing by defendants that Brenda Allen's settlement efforts prior to Sally Fielder retaining counsel raise a material question of fact.

    4.   It is not disputed that after Fielder retained Mr. Skala, Mr. Skala failed to respond to Allstate's offers and was not even authorized by Sally to agree to even a partial settlement until January 20, 2003.  <u>See</u> Memorandum part I.C.3.  In the absence of settlement authority on Skala's part, there is no showing by Defendants that Beth Lancaster's settlement efforts after Skala's retention and through January 20, 2003 raise a material question of fact.

    5.   As for the period after Allstate's November 27, 2002 offer and through Fielder's February 2003 offer, the Court has already ruled that Defendants have offered no evidence that Fielder presented a reasonable opportunity to settle, in exchange for a full release of Allstate's insureds.  <u>See</u> Docket 42.  <u>See</u> also Memorandum part I.C.4.

    6.   As for the period between February 27, 2003 through the timeframe described in Fielder's admissions, Fielder has admitted that she failed to present Allstate with an opportunity to

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity              *Allstate v. Fielder, et al.*
Page 10 of 12                                                                  3:04-CV-246-JKS

settle. These admissions mean that Beth Lancaster's conduct after February 27, 2003 is not "necessary" to Allstate's motion.

Defendants have failed to offer any specific facts which they could elicit from Lancaster or Allen which would have a material impact on the merits of Allstate's pending summary judgment motion on the absence of a settlement opportunity. Allstate has demonstrated why its motion either depends on undisputed facts or legal issues for the Court. Accordingly, there is no justification for reopening discovery, especially since the Defendants failed to exercise diligence in pursuing discovery opportunities prior to the close of discovery.

## CONCLUSION

Defendants' resubmission of a Rule 56(f) request that was previously rejected, involving witnesses Defendants considered deposing in May of 2005 but took no steps to depose until 80 days after the close of discovery, is just the most recent example of the delaying tactics Defendants have consistently employed in this case to obstruct a resolution on the merits.[8] Since

---

[8] Tacked on as a last paragraph of Fielder's Opposition at 2 is the following argument by counsel:

> Defendant Fielder further notes to this Court that none of the Allstate insurance adjusters are individual parties to this action. Any judgment entered by this Court cannot affect independent negligence claims against those Allstate adjusters for which Allstate has vicarious liability.

Fielder has not supported this statement with any legal analysis or authority. With such inadequate briefing the statement should be disregarded and given no weight. See also Allstate's Reply to

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity                    *Allstate v. Fielder, et al.*
Page 11 of 12                                                      3:04-CV-246-JKS

Defendants' discovery requests fail to satisfy the rules, further discovery should be denied.  Since Defendants' Oppositions raise no material issue of fact, Allstate's partial summary judgment motion on the absence of a settlement opportunity should be granted without further delay.

DATED this 20th day of January, 2006, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail:  atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]

CERTIFICATE OF SERVICE

I hereby certify that on January 20th, 2006, a copy of the foregoing Reply was served electronically on:

Eric Sanders

And by mail on:

Dennis M. Mestas
Law Office of Dennis M. Mestas
745 W. 4th Avenue, Suite 306
Anchorage, AK   99501

s/Alfred Clayton, Jr.

N:\AKB\854\451\PLDG\ABSENCE.SETTLEMENT.Reply.Fielder.doc

---

Fielder's Opposition to Motion for Preclusion of expert Testimony under Rule 37(c)and Motion for Summary Judgment on Negligence Theory.

Allstate's Reply Re Mot for Partial SJ
Re Absence of Settlement Opportunity              *Allstate v. Fielder, et al.*
Page 12 of 12                                              3:04-CV-246-JKS