Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,<br><br>           Defendants. | Case No. 3:04-CV-246-JKS |

**ALLSTATE'S REPLY TO FIELDER'S OPPOSITION TO MOTION FOR PRECLUSION OF EXPERT TESTIMONY UNDER RULE 37(c) AND MOTION FOR SUMMARY JUDGMENT ON NEGLIGENCE THEORY**

If Defendants have their way, every pretrial order can be ignored, every instruction by the Court to "cooperate fully in preparing this case for trial," can be disregarded, and mandatory disclosures, including the timely identification of retained experts or the disclosure of expert opinions under Rule 26(a)(2) can be shrugged off even after the close of discovery. Defendants are so brazen that even through the date of this

reply, Sally Fielder has produced no report from Mr. Wainscott or any other disclosures and the Estate has provided no Initial Disclosures. Meanwhile, Allstate has served Defendants with the reports and Rule 26(a)(2) disclosures of Allstate's experts Bob Lohr and Allen T. Compton. Defendants will gain an unfair advantage if Defendants are allowed to offer retained expert opinions at this juncture. Under the mandatory preclusion provisions of Rule 37(c), as well as the terms of the April 4, 2005 Order and Rule 37(b)(2)(B), Defendants should be precluded from offering any expert testimony, including any late expert testimony on the negligence issue. In the absence of expert testimony necessary to support Fielder's affirmative defense on negligence theories, Allstate is entitled to summary judgment under the well-settled analysis in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).

I.  **FIELDER HAS THE BURDEN OF PROOF RE HER AFFIRMATIVE DEFENSE PREMISED ON NEGLIGENCE**

Fielder's Fourth Affirmative Defense, alleging Allstate's failure to join Allstate adjusters as "indispensable parties," is premised on Allstate adjusters supposedly being "negligent" in their efforts to settle Sally Fielder's claim. See Fielder's November 17, 2004 Answer at 8. As set forth in Fielder's Answer, Allstate's adjusters' supposed negligence assumes theories this Court has already rejected, Fielder herself has undermined with her admissions, Allstate has already made the subject of a summary judgment motion, or the Alaska Supreme Court has rejected

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence      *Allstate v. Fielder, et al.*
Page 2 of 11                                        3:04-CV-246-JKS

in cases such as Geico v. Graham-Gonzalez, 107 P.3d 279, 287 (Alaska 2005).[1]  Moreover, since the negligence theory against Allstate's adjusters is framed as Fielder's affirmative defense, it is Fielder's burden to prove genuine material facts to withstand summary judgment.  See Memorandum at 8-9.  See also Rosethal v. Poland, 337 F. Supp. 1161, 1070 (D.C. N.Y. 1972) (since defendant offered no expert testimony to support its affirmative defense of "misrepresentation" in response to contract claim, an affirmative defense for which defendant bore the burden of proof, court found there was no misrepresentation); Daventree Ltd. v. Republic of Azerbaijan, 349 F. Supp. 2d 736, 752 (S.D.N.Y. 2004) (party raising indispensable party defense has the burden of proof).

---

[1] For example, contrary to the allegation in the Fourth Affirmative defense, this Court has already ruled that Allstate acted properly in rejecting Sally Fielder's signed February 2003 release since this release did not fully protect Allstate's insureds.  See Docket 42 at 14 and 16.  Contrary to the allegations in the Fourth Affirmative Defense, Fielder later admitted that Allstate's November 27, 2002 liability settlement offer was "unconditional."  Fielder's May 16, 2005 Opposition to Allstate's Motion for Partial Summary Judgment on Settlement Effort at 9.  Fielder gives no reasons why she declined to accept that offer except perhaps that Mr. Skala was not authorized to settle on Sally's behalf at that time.  See part I.C.3. of Allstate's Memo in Support of Motion for Summary Judgment Re Absence of Settlement Opportunity.  As for the first-party UIM allegations, it is not contested that Allstate repeatedly offered to exclude itself from the category of "releasees," offers which Fielder and her counsel ignored.  Id. at part I.C.4.  Besides, the declarations Allstate seeks in this case do not address first-party claims.

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence      *Allstate v. Fielder, et al.*
Page 3 of 11                                        3:04-CV-246-JKS

II. <u>IN ACCORDANCE WITH SUPREME COURT PRECEDENT, IT IS FIELDER'S BURDEN TO ESTABLISH IN HER OPPOSITION EACH ELEMENT ESSENTIAL TO HER AFFIRMATIVE DEFENSE</u>

Fielder's Opposition completely misstates the law concerning summary judgment when the movant challenges the legal and factual basis of a nonmovant's affirmative defense for which the nonmovant bears the burden of proof. Fielder's Opposition complains that Allstate's motion is insufficient to satisfy Rule 56 because Allstate has not presented any "affidavits," any expert testimony of its own, or even raised "genuine issues of material fact." <u>See</u>, <u>e.g.</u>, Opposition at part III. Fielder's counsel obviously ignores <u>Celotex</u>, 477 U.S. 317, 106 S. Ct. 2548 which unequivocally rejects the assertions in Fielder's Opposition. <u>U.S. v. Lee</u>, 1995 WL 325972 (N.D. Cal. 1995) summarizes the importance of <u>Celotex</u>:

> When summary judgment is sought as to an issue on which the nonmovant will bear the burden of proof at trial, as in the case where plaintiff moves for summary judgment on one of defendant's affirmative defenses . . . the movant need not produce any evidence at all on that issue, <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2554 (1986). "The motion may be properly made . . . . without supporting affidavits, <u>id.</u> [at 2553], and the movant may meet its burden simply by 'pointing out' that it is entitled to judgment as a matter of law." <u>Id.</u> at 2554.

The U.S. Supreme Court further explained:

> [T[he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence    *Allstate v. Fielder, et al.*
Page 4 of 11                                       3:04-CV-246-JKS

>   necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
>
>   * * *
>
>   [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials <u>negating</u> the opponent's claim.

<u>Celotex,</u> 477 U.S. at 322-323 (emphasis in original).

In short, Allstate was not required to submit affidavits in support of its pending motion for summary judgment on Fielder's "negligence" affirmative defense.  <u>Celotex</u>, 477 U.S. at 324.  It is sufficient for Allstate to "point out . . . that there is an absence of evidence to support the non-moving party's case."  <u>Id</u>. at 325.  <u>See</u> <u>generally</u> <u>U.S. v. Barton</u>, 992 F.2d 66, 70 (5th Cir. 1993) (because defendant, not the government, had the burden of proof on the affirmative defense of insanity and failed to satisfy that burden, the government was not required to present its own expert testimony in the form of rebuttal evidence); <u>Rosenthal</u>, 337 F. Supp. at 1070 (in absence of defendant offering expert testimony to support its affirmative defense for which it had the burden of proof, court rejected the "misrepresentation" defense).

III. <u>FIELDER FAILS TO REFUTE ALLSTATE'S LEGAL ANALYSIS THAT THE AFFIRMATIVE DEFENSE ASSERTING "NEGLIGENCE" DEPENDS ON EXPERT TESTIMONY</u>

Fielder's Opposition fails to refute Allstate's analysis for why Fielder was required to produce expert opinions to support

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence        *Allstate v. Fielder, et al.*
Page 5 of 11                                          3:04-CV-246-JKS

her "negligence" affirmative defense.  <u>See</u> Memorandum at 8-14.  Even at this late date, Fielder has failed to make any Rule 26(a)(2) disclosures for Mr. Wainscott or any other expert.

Even at this late date when discovery has been closed for over 80 days, Fielder refuses to take a position on whether she is going to present expert testimony or who will give that expert testimony.  Disregarding the lesson in <u>Celotex</u>, Fielder asserts: "If expert testimony should be required, it is not mandatory that such testimony come from an expert retained by Defendant Fielder."  Ignoring her burden of proof necessary to withstand summary judgment, Fielder further asserts that this Court should wait until "jury instructions" to consider the necessity for expert testimony and allow Fielder the option of finding someone in the indefinite future who was not retained, who may or may not have "the proper knowledge and credentials" to someday, supposedly support Fielder's negligence theory.  Such analysis does not satisfy Rule 56, especially in the context of an affirmative defense for which Fielder has the burden of proof.  The Supreme Court explains:

> One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.

<u>Celotex</u>, 477 U.S. at 323-324.

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence        *Allstate v. Fielder, et al.*
Page 6 of 11                                          3:04-CV-246-JKS

IV. <u>UNDER RULE 37(c)(1) MANDATORY PRECLUSION SANCTIONS APPLY BECAUSE OF DEFENDANTS' FAILURE TO TIMELY DISCLOSE EXPERT TESTIMONY</u>

Allstate does not know what to make of Fielder's failure to timely disclose Bob Wainscott by the July 28, 2004 deadline to identify experts or Fielder's failure to disclose Wainscott's report or even the other mandatory Rule 26(a)(2) materials. The only obvious explanation, other than Fielder's attempt to obstruct the progress of the declaratory judgment action, is that Fielder was unable to find an expert who agrees with Mr. Mestas' criticisms of Allstate.

Fielder's Opposition does not even bother to offer "substantial justification" for her failure to make timely expert disclosures under Rule 26(a)(2). The absence of "substantial justification" triggers the mandatory preclusion sanction under Rule 37(c)(1) unless Fielder establishes the omission was "harmless." Fielder's Opposition fails to establish her sandbagging was harmless. First, the fact that Allstate has had to prepare its expert reports without proper disclosures from Defendants has given Defendants an unfair advantage. <u>See</u> <u>Levy v. C.I.R.</u>, 87 T.C. 794, 801 (U.S. Tax. Ct. 1986) (since petitioner failed to produce expert reports of their own notwithstanding respondant's disclosure of three expert reports, further continuance based on petitioner's lack of preparation would give petitioners an unfair advantage in view of their opponent's previous disclosures); <u>Eurostell Corp. v. M/V MILLENIUM FALSON</u>,

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence      *Allstate v. Fielder, et al.*
Page 7 of 11                                        3:04-CV-246-JKS

2003 WL 22424722 (N.D. Ill. 2003) (since defendant failed to simultaneously disclose expert reports, as agreed, defendant gained an unfair advantage justifying exclusion of exert testimony under Rule 37(c) even though expert delay did not affect trial date).

Second, Defendants' delay in making proper disclosures overall has added to the cost of this litigation, required Court involvement in motions to compel, and delayed prompt resolution of this case. Third, Defendants' refusal to cooperate in the preparation of this case for trial has interfered with Allstate's preparation of final motions and trial, if necessary. Even now, Fielder's Opposition proposes delaying resolution of the question of "essential" expert testimony until "jury instructions."[2] If Defendants have their way, they would undermine every effort to obtain a prompt resolution of the case.

Fielder cannot avoid the "harm" caused by her lack of disclosures on the grounds Allstate sought an extension of its expert reports. Allstate justified its extensions with the Court in a timely fashion. Allstate's extensions were necessary and fair because Defendants' systematically obstructed the litigation, including but not limited to, the Estate's refusal to make any Initial Disclosures, and Fielder's untimely disclosures as to the "basis" and support for its allegations of wrongdoing

---

[2] Fielder fails to explain to the Court how a timely request for jury was made in this case and what issues raise jury questions.

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence   *Allstate v. Fielder, et al.*
Page 8 of 11                                     3:04-CV-246-JKS

against Allstate.  Moreover, Fielder was well aware of Allstate's requests for extension until January 10, 2006 to make its expert disclosures.  Even after receipt of Allstate's expert reports, Fielder refused to simultaneously serve any disclosures for Wainscott.

Finally, independent of Rule 37(c)(1) or 37(b)(2)(B), Defendants violated paragraphs 4-7 and 11 of the April 4, 2005 Pretrial Order, independent grounds for precluding any late expert disclosures.  Fielder's Opposition ignores the terms of the pretrial order in her Opposition, just as she did when she thought it served her interests throughout the course of the discovery.

V. **WITHOUT EXPERT "NEGLIGENCE" OPINIONS, SUPPORTING AN ESSENTIAL ELEMENT OF FIELDER'S FOURTH AFFIRMATIVE DEFENSE, ALLSTATE IS ENTITLED TO SUMMARY JUDGMENT ON THAT DEFENSE**

Given Defendants' failure to offer any timely expert opinion evidence in any way supporting Fielder's affirmative defense based on adjusters' supposed "negligence," Allstate is entitled to summary judgment on that defense, especially since that defense was framed by Fielder as an "affirmative defense" for which Sally Fielder bore the burden of proof.  See Celotex, 477 U.S. at 322-323; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2502 (1986) (nonmoving party cannot rest on mere allegations or denials, but must show there is sufficient evidence to withstand summary judgment).  See also Gallant v. U.S., 392 F. Supp. 2d 1077, 1080-1081 (D. Alaska 2005) (in

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence     *Allstate v. Fielder, et al.*
Page 9 of 11                                       3:04-CV-246-JKS

absence of expert report, no material issue of fact created on negligence claim so opposing party entitled to summary judgment).

## CONCLUSION

Months after the deadline to identify experts came and went Allstate had to move to compel in order for Sally Fielder to finally disclose on September 8, 2005 that she had retained Bob Wainscott as an expert.  Now discovery is closed and Allstate is still in the dark about whether Fielder has any expert opinion evidence whatsoever to support her negligence theories set forth in her Fourth Affirmative Defense.  Since Fielder fails to refute Allstate's analysis that those negligence theories require expert support, and Fielder failed to make any expert disclosures, she has failed to satisfy her burden under Rule 56.  Allstate asks that the Court sanction Fielder for her lack of expert disclosures so it is resolved once and for all that Fielder cannot rely on expert testimony she failed to properly disclose. Allstate also moves for an order granting summary judgment in Allstate's favor on Fielder's Fourth Affirmative Defense.

DATED this 20th day of January, 2006, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence         *Allstate v. Fielder, et al.*
Page 10 of 11                                                   3:04-CV-246-JKS

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20th, 2006, a copy of the foregoing Reply was served electronically on:

**Eric Sanders**

**And by mail on**

**Dennis M. Mestas**
**Law Office of Dennis M. Mestas**
**745 W. 4th Avenue, Suite 306**
**Anchorage, AK   99501**


**s/Alfred Clayton, Jr.**



N:\AKB\854\451\PLDG\PRECLUSION.EXPERT.&SJ.Reply.Fielder.doc

Allstate's Reply Re Mot. for Preclusion of
Expert Testimony and Mot for SJ on Negligence      *Allstate v. Fielder, et al.*
Page 11 of 11                                                3:04-CV-246-JKS