Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,<br><br>     Defendants. | Case No. 3:04-CV-246-TMB |

**JOINT STATUS REPORT**

The parties, by and through their respective counsel, make the following joint status report to the Court pursuant to the terms of the May 8, 2006 Order.  This joint status report follows the scheduling and planning report previously filed at Docket 12 and the Scheduling and Planning Order at Docket 24:

**A.   Nature of the Case**

1. <u>Lead attorneys on the case</u>: Alfred Clayton, Jr., representing plaintiff Allstate Indemnity Company; Dennis Mestas, representing defendant Sally Fielder; and Eric Sanders, representing defendant Daniel Libbey as personal representative of the Estate of Julie Menerey.

2. <u>Basis for federal jurisdiction</u>: 28 U.S.C. § 1332(a)(1) and Court's previous findings at Docket 42, pages 3-8.

3. <u>Background</u>

Sally Fielder is a plaintiff in a state court action to recover damages for injuries suffered in an accident with Julie Menerey, an Allstate insured. Allstate brought this declaratory judgment action seeking a judgment as to whether or not Allstate had breached its contract of insurance with the Estate of Julie Menerey (Estate). Allstate sued its own insured, the Estate, and also sued Sally Fielder. Sally Fielder contends that she is not a party to the contract of insurance between Allstate and the Estate, and does not belong in this declaratory judgment action.

The state court trial of <u>Sally Fielder v. Estate of Julie Menerey</u> just concluded on May 15, 2006, with a defense verdict. The jury found that the Estate was not negligent. Post-trial motion practice is ongoing.

4. <u>Nature of claims asserted in the complaint and any counterclaims</u>: This declaratory judgment action arises from Allstate's efforts to settle the liability claims third party claimant Sally Fielder alleged against Allstate's insured, the

Estate of Julie Menerey, arising from a December 14, 2001 auto accident and Sally Fielder's arguments that Allstate's liability limits no longer applied and had been "opened up" by Allstate's claims handling.

Allstate sought declaratory judgment that (1) Allstate is allowed to require a full release of Allstate's insureds from Sally Fielder in her capacity as a third party claimant in exchange for payment of liability insurance proceeds; (2) Allstate is not obligated to pay any portion of any judgment in an underlying tort case that exceeds the limit of the liability coverage set forth in the Menerey policy; (3) that Allstate satisfied its duties to the Estate of Menerey, including the duty to tender the liability policy limits to the extent Sally Fielder presented a reasonable opportunity to settle her liability claim.

The Estate of Julie Menerey asserted a counterclaim against Allstate, but the Court at Docket 42 dismissed the Estate's counterclaim for failure to state a claim.

5.   <u>Service issues</u>:  None.  All parties have been served and have appeared.

6.   <u>Principal legal issues</u>:  Most of the legal issues in the case were resolved by the Court's Order at Docket 42 which declared there was no factual dispute as to the settlement offers and proposed releases in the case.  The remaining legal issues are set forth in Allstate's Motion for Partial Summary Judgment re Absence of Settlement Opportunity at Docket 75 and Allstate's

Motion for Preclusion of Expert Testimony Under Rule 37(c) and Motion for Summary Judgment on Negligence Theory at Docket 73.

Defendants contested the Court's subject matter jurisdiction to consider this declaratory judgment action, legal defenses which were rejected by the Court at Docket 42 and 78.  See also Part 3 of parties' old scheduling and planning conference report at Docket 12.

Defendant Sally Fielder sees two principal issues.  First, how can Defendant Sally Fielder be sued in Federal Court in a declaratory judgment action where she has no contractual relationship to Plaintiff Allstate?  Second, now that Sally Fielder has lost her negligence trial in state court, why is this action not moot and subject to dismissal?  In the alternative, why is this action not stayed pending the outcome of post-verdict motions in the state court case?

7.   Principal factual issues:  Did Sally Fielder present Allstate a "reasonable settlement opportunity" to settle her liability claim arising from the December 14, 2001 accident for the policy limit?  Allstate maintains this can be resolved on motion.  See Docket at 42 at 11 and Docket 75.  See also Part 3 of parties' old scheduling and planning conference report at Docket 12.

**B.   Discovery**

1.   Completed discovery:  Per Docket 24, discovery closed on October 28, 2005.

2.  <u>Remaining Discovery</u>:  After the close of discovery, defendants filed pending Rule 56(f) motions as part of their opposition to Allstate's motion at Docket 75.

3.  <u>Brief description of any pending motions and anticipated motions</u>:  Allstate's partial summary judgment motion at Docket 75 seeks to resolve the remaining issues articulated by the Court at Docket 42 at 13 and 14.  Specifically, Allstate seeks to broaden the scope of the Court's Order at Docket 42, that Sally Fielder failed to present a "reasonable settlement opportunity" to encompass the full time period of the settlement negotiations, and not just the previously ruled upon November-February timeframe set forth at Docket 42 at 11-17.

Allstate's partial summary judgment motion at Docket 73 seeks a ruling that any "negligence" theory by defendants requires expert testimony and in the absence of expert testimony timely offered by defendants, Allstate is entitled to summary judgment on any negligence theory.

In light of the defense jury verdict in the state court negligence case, Defendant Sally Fielder anticipates filing a motion to dismiss her from this declaratory judgment action.

4.  <u>Brief description of any previously entered rulings on substantive issues</u>:   The Court rejected defendants' jurisdictional defenses and dismissed the Estate's counterclaim at Docket 42.  Docket 42 also included these substantive rulings: (a) that Allstate's November 27, 2002 offer to Sally Fielder was a proper policy limits offer; (b) that Allstate was reasonable in

rejecting Sally's proposed releases since they would not have fully protected Allstate's insureds from the threat of additional claims; and (c) that Allstate acted in good faith in requiring a full release of its insureds in exchange for paying policy proceeds; and (d) Sally Fielder failed to present a reasonable settlement opportunity between November 27, 2002 and February 27, 2003.  The Court denied reconsideration on the Estate's jurisdictional challenges.  <u>See</u>, <u>e.g.</u>, Docket at 78.

  5. <u>Previously filed status reports</u>:  <u>See</u> Docket at 12.

## C. <u>Trial</u>

  1. Allstate submits that the issues can be resolved by Allstate's pending motions and trial will not be required.  The old status report assumed a five-day trial by the Court.

## D. <u>Settlement</u>

  There have been no formal discussions of settlement.  However, on May 15, 2006, a jury in the state tort lawsuit, <u>Fielder v. Estate of Julie Menerey,</u> Case No. 3AN-03-13709 CI (consolidated), entered a verdict that the Estate of Julie Menerey was not negligent and therefore is not legally responsible for the claims and damages alleged by Sally Fielder.  Unless Sally Fielder abandons her claims against the Estate and the Defendants abandon their allegations of wrongdoing by Allstate in regard to Allstate's handling of Sally's liability claim against the Estate, Allstate believes these declarations are still necessary and ripe.[1]

---

[1] The Estate has indicated it will not subscribe to this

DATED this 23rd day of May, 2006, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]


By: s/Paul Cossman [consent]
    FOR Dennis M. Mestas

LAW OFFICE OF DENNIS M. MESTAS
Counsel for Defendant
Sally Fielder
745 W. 4th Avenue, Suite 306
Anchorage, AK   99501
Telephone:  (907) 277-9496
Facsimile:  (907) 272-4354
Email: _____
[ABA No.:   7505028]

---

joint report and intends to submit a separate report.  The Estate has stated its continuing belief Allstate's filing of this action for declaratory judgment was wrongful and in bad faith and has stated it will not agree to a dismissal of this lawsuit absent payment of its attorney's fees and costs.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2006, a copy of the foregoing Joint Status Report was served electronically on:

Eric Sanders

And by mail on Dennis M. Mestas


<u>s/Alfred Clayton, Jr.</u>



N:\AKB\854\451\PLDG\ATC.STATUS Report.doc