ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:       sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, )<br>An Illinois Corporation, )<br>  )<br>          Plaintiff, )<br>  )<br>  v. )<br>  )<br>SALLY FIELDER, and DANIEL E. LIBBEY, )<br>As personal representative of the ESTATE )<br>OF JULIE MENEREY, )<br>  )<br>          Defendants. )<br>_____) | Case No. 3:04-cv-00246-TMB<br><br>**STATUS REPORT OF THE<br>ESTATE OF JULIE MENEREY** |

## INTRODUCTION

Because this case was recently reassigned, the Court has asked the parties to confer and prepare a joint status report. Due to the fact that there are profound

Status Report of the Estate of Julie Menerey
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 1 of 8

disagreements between Allstate and the Estate of Julie Menerey concerning the status of this matter, the parties are submitting their own reports to the report.

## BACKGROUND

This federal action arises from an automobile accident that occurred on the evening of December 14, 2001. At that time, Julie Menerey was driving eastbound on the Parks Highway when her car slid across the road into oncoming traffic and collided with another vehicle. As a result of this accident Ms. Menerey died and the passenger in her vehicle, Sally Fielder, was injured. Daniel Libbey was appointed personal representative of the Menerey Estate.

## SALLY FIELDER'S SETTLEMENT OFFERS

The Menerey Estate had automobile liability insurance through Allstate. After the accident, Sally Fielder and Allstate exchanged settlement proposals, but the matter was not resolved. Fielder alleged that Allstate failed to accept a policy limits offer and that, as a consequence, Allstate breached its duty to protect the Estate of Julie Menerey. Importantly, the Menerey Estate did <u>not</u> allege that Allstate acted improperly in handling Fielder's settlement offers.

## THE STATE TORT ACTION

In 2003, Sally Fielder filed a tort claim against the Menerey Estate in Anchorage Superior Court. Allstate defended this lawsuit and selected Bill Ingaldson as defense counsel. The Menerey Estate had no objection to this decision, and there was no dispute

Status Report of the Estate of Julie Menerey
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 2 of 8

about the scope of Allstate's duty to defend and indemnify the Fielder claim. Daniel Libbey assured Allstate that he would fully cooperate with the defense and do nothing to jeopardize Allstate's coverage of the tort claim. (See Exhibit 1.) On behalf of Allstate, Al Clayton expressed appreciation for the Estate's commitment to the insurance company's defense. (See Exhibit 2.) In the three years the Fielder tort claim was litigated, the Estate did nothing to prejudice Allstate's rights and cooperated completely with the defense. (See Exhibit 3.) On May 15, 2006, an Anchorage jury concluded that Julie Menerey was not liable for Sally Fielder's injuries. (See Exhibit 4.) At this time it is unclear whether Sally Fielder will appeal this adverse judgment, but the Menerey Estate will continue to cooperate with Allstate regardless of what occurs.

## THE FEDERAL ACTION BY ALLSTATE

Despite the fact that the Menerey Estate was fully cooperating with Allstate's defense of Fielder's tort action and despite the fact that the Menerey Estate never alleged Allstate had done anything wrong, the insurer filed a declaratory judgment action in federal court on October 7, 2004. Allstate's lawsuit alleged that the Menerey Estate was taking steps that "would deprive Allstate of the right to defend the Estate and would eliminate the opportunity to determine the liability and damage issues in the context of the [Fielder] tort complaint." This was a false allegation, as the recent jury verdict conclusively proved. The purpose of Allstate's lawsuit against its own insured was to

Status Report of the Estate of Julie Menerey
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 3 of 8

protect the insurance company's own financial interest. The Menerey Estate has been forced to incur huge legal bills to defend Allstate's illegal and meritless claim.

## JUDGE SINGLETON'S INCORRECT AND INCONSISTENT RULINGS

The Menerey Estate filed a motion for summary judgment on Allstate's federal declaratory judgment action because there was no case or controversy between the Menerey Estate and Allstate. The Estate's pleadings noted that although Sally Fielder may be claiming bad faith, it was of no consequence because there was no contractual relationship between Allstate and the tort claimant. See O.K. Lumber v. Providence Washington Ins., 759 P.2d 523 (Alaska 1988) (holding that because an insurer owes no duty to an injured claimant, the claimant could not sue for bad faith).

In an Order issued on July 27, 2005, Judge Singleton ruled that the fact that the Estate was fully cooperating with Allstate was not significant, and "Allstate may bring a declaratory judgment action to determine whether a breach has occurred and the legal consequence thereof." (Docket 42.) Judge Singleton's ruling overlooked or failed to recognize that because the Estate had never alleged that a breach occurred, Allstate was seeking an advisory opinion. (Obviously, courts cannot decide whether a breach of contract has occurred until one of the parties to the insurance contract makes such an allegation.)

Judge Singleton's confusion about the relationship between Allstate and the Menerey Estate became even more apparent in another Order issued on December 7,

Status Report of the Estate of Julie Menerey
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                    Page 4 of 8

2005. (Docket 72.) In that ruling the court referred to the fact that the Menerey Estate had CHI counsel, which was obviously incorrect. (This reference to CHI counsel was a mystery because it had never been raised by any party.) In truth, the Menerey Estate never asserted that it should have CHI counsel or that Allstate's hand-picked attorney, Bill Ingaldson, should not defend the tort claim.

Curiously, Judge Singleton's order then went on to observe that Fielder had no right to bring a bad faith claim against Allstate because Fielder was not a party to the insurance contract. This specific observation was correct, but clearly inconsistent with his previous ruling that Fielder's bad faith allegation should be decided in the declaratory judgment action. The Estate immediately asked for clarification of the incorrect order. (See Exhibit 5.)

In summary, Judge Singleton's rulings were incorrect because he found a conflict that did not exist. The Menerey Estate did not have CHI counsel, and no one but Judge Singleton thought otherwise. Because there was no dispute with the insured about Allstate's defense and indemnity obligations in the Fielder lawsuit, there was no need for CHI counsel. Simply stated, there was never a conflict or controversy between Allstate and the Estate in the defense of Fielder's tort claim.

Since the day it filed this lawsuit, Allstate has never identified a controversy involving the insured that would give this court subject matter jurisdiction. Before this court does anything else, it should order Allstate to clearly state the case or controversy.

Status Report of the Estate of Julie Menerey
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                          Page 5 of 8

## JURISDICTION

The Federal Court does not have subject matter jurisdiction because there is no case or controversy between the insured and the insurer. Sally Fielder's allegations against Allstate have always been legally irrelevant because Fielder was not a party to the insurance contract. See O.K. Lumber, 759 P.2d at 523. The court should dismiss this action because it obviously lacks jurisdiction to act.

## PRINCIPAL FACTUAL AND LEGAL ISSUES

There has never been a factual or legal basis for Allstate's lawsuit against the Menerey Estate. Consequently, Judge Singleton erred in failing to dismiss Allstate's declaratory judgment action and erred in dismissing the Estate's counterclaim. These points are no longer debatable now that the jury has determined that Sally Fielder is entitled to no damages from the Estate of Julie Menerey. Because of the jury verdict, the harm caused to the Estate by this needless lawsuit is now evident.

## DISCOVERY

The Estate responded to Allstate's written discovery. But the Menerey Estate did not conduct any discovery because it did not have the financial ability to do so. Also, it seemed imprudent to seek discovery from Allstate while Fielder's tort action was being litigated in state court. Finally, it was premature to pursue discovery when there was a likelihood that Fielder would not prevail in her tort action against the Menerey Estate. For some unknown reason, Allstate and Judge Singleton wanted to conclude all of the

Status Report of the Estate of Julie Menerey
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 6 of 8

discovery in the federal declaratory judgment action before Fielder's tort action was tried; this plan was obviously ill-conceived. If this lawsuit continues, discovery needs to be re-opened. At a minimum, the Estate needs to depose Allstate's experts and Beth Lancaster before opposing the summary judgment motion. (See Docket 75.)

## CURRENT POSTURE

Despite the recent verdict that Julie Menerey was not liable for Sally Fielder's injuries, Allstate has no plans to dismiss this federal action against the Menerey Estate. Allstate's position is that as long as Fielder is pursuing a tort claim, the insurance company will proceed with this lawsuit against its own insured. In short, this is Allstate's position: if the tort claimant will not drop her lawsuit against the Estate as a result of the zero verdict, Allstate will not drop its lawsuit against the Estate either. This is Allstate's notion of good faith and fair dealing. The Menerey Estate will oppose a dismissal of the plaintiff's claims unless Allstate agrees to pay the legal fees incurred by the Estate in defending this illegal and unnecessary lawsuit.

## REQUEST FOR A STATUS CONFERENCE

The Menerey Estate would request that the court conduct a status conference at the earliest opportunity to determine how to proceed with this case. The Estate is incurring substantial legal fees for a federal action it should not be involved in.

/

/

Status Report of the Estate of Julie Menerey
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 7 of 8

Dated this 25th day of May, 2006.

        s/ Eric T. Sanders

FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:  (907) 272-3538
Facsimile:  (907) 274-0819
Email:  sanders@frozenlaw.com
Alaska Bar No. 7510085

Attorneys for Defendant
Daniel E. Libbey

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2006, a copy of the Status Report of the Estate of Julie Menerey was served electronically on:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton

and by mail on:

Dennis M. Mestas
Law Offices of Dennis M. Mestas
745 West 4th Avenue, Suite 306
Anchorage, AK  99501

s/ Eric T. Sanders

*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB    Page 8 of 8