ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone: (907) 272-3538
Facsimile: (907) 274-0819
Email: sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, )<br>An Illinois Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SALLY FIELDER, and DANIEL E. LIBBEY, )<br>As personal representative of the ESTATE )<br>OF JULIE MENEREY, )<br>)<br>Defendants. )<br>_____) | Case No. A04-246 CV (JKS) |

### AFFIDAVIT OF WILLIAM H. INGALDSON

STATE OF ALASKA        )
                       ) ss.
THIRD JUDICIAL DISTRICT )

*AFFIDAVIT OF WILIAM H. INGALDSON*

*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Exhibit 3
Status Report of Estate

Page 1 of 3

WILLIAM H. INGALDSON, being first duly sworn, deposes and states as follows:

1. I am the attorney defending the estate of Julie Menerey for tort claims arising from the December 14, 2001 automobile accident in which Sally Fielder was injured. The tort claims are being litigated in state court.

2. The Menerey Estate had automobile liability coverage through Allstate. Allstate selected me to defend the Menerey Estate in the tort claims and Allstate is paying for my legal services in defending the estate.

3. I am familiar with AS 21.89.100, which provides that in certain circumstances, a conflict of interest imposes a duty on the insured to provide "independent counsel" to the insured.

4. I am not aware of any conflict of interest that would impose a duty on Allstate to provide independent counsel to the Menerey Estate.

5. I have not been informed that there are any potential policy or coverage defenses that have been raised by Allstate.

6. Sally Fielder has made a claim for damages in excess of the policy limits Allstate provides to the Menerey Estate. It is my understanding that, under Alaska law, this does not constitute a conflict of interest which imposes a duty on Allstate to provide independent counsel to the Menerey Estate.

*AFFIDAVIT OF WILIAM H. INGALDSON*

*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Exhibit 3
Status Report of Estate

Page 2 of 3

7. I was not selected as independent counsel for the Menerey Estate and I am not serving as independent counsel under AS 21.89.100.

8. In 2004, Dennis Mestas spoke to me about having the Menerey Estate confess judgment in the Fielder case. I discussed Mr. Mestas' proposal with Eric Sanders, an attorney who is representing Dan Libby as personal representative of the Menerey Estate.

9. At no time did Eric Sanders or the personal representative instruct me to confess judgment in the Fielder case.

10. I am aware of no evidence that either the personal representative of the Menerey Estate or his personal attorney, Eric Sanders, have done anything to prejudice the rights of Allstate in the defense of Sally Fielder's claim.

11. As far as I know, Daniel Libby has fulfilled the covenant of good faith and cooperation.

12. The Fielder claim is schedule for trial in state court in May 2006.

FURTHER AFFIANT SAYETH NAUGHT.

_____
William H. Ingaldson

SUBSCRIBED and SWORN before me this 26 day of January, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 10/10/06

*AFFIDAVIT OF WILIAM H. INGALDSON*

*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Exhibit 3
Status Report of Estate

Page 3 of 3