ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone: (907) 272-3538
Facsimile: (907) 274-0819
Email: sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br>An Illinois Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY,<br>As personal representative of the ESTATE<br>OF JULIE MENEREY,<br><br>    Defendants. | Case No. A04-246 CV (JKS) |

**MOTION FOR RECONSIDERATION OR CLARIFICATION
OF THE COURT'S DECEMBER 7, 2005 ORDER**

In its December 7, 2005 Order, the court observed that in "order to understand this case it is necessary to consider" the decision in <u>CHI of Alaska, Inc., v. Employers</u>

*Motion for Reconsideration or Clarification of the Court's December 7, 2005 Order*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Page 1 of 4

Exhibit 5
Status Report of Estate

Reinsurance Corp., 844 P.2d 1113 (Alaska 1993). The court has misapplied the <u>CHI</u> decision because it has no application to this declaratory judgment action.

Next, the court stated that under the <u>CHI</u> decision, an insured could select independent counsel "when there is a significant likelihood that a jury might award actual damages in excess of the policy limits." The court has misapplied <u>CHI</u> because the decision does not give the insured a right to select independent counsel when an excess verdict is possible <u>unless</u> there is a dispute about the insurance coverage, i.e., unless the insurer has asserted a coverage defense.[1] A coverage defense does not arise simply because the tort claim could exceed the applicable liability insurance coverage. See AS 21.89.100(b)(2) which provides that a "claim of damages in excess of policy limits" does <u>not</u> constitute a conflict of interest.

This court then concluded that the <u>CHI</u> decision "sought to sharply distinguish the tort case from any subsequent declaratory judgment case." The court has misapplied the <u>CHI</u> decision because it does not mention "any subsequent declaratory judgment" action, and makes no attempt to distinguish the conflict in each situation.

Finally, the court held that in "this case independent counsel has been retained by the Estate in state court." This factual statement is incorrect. The attorney representing the Estate in the tort case, William Ingaldson, was selected by Allstate and his fees have

---

[1] The classic coverage defense arises when some claims are covered and others are not covered by the insurance policy.

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
A`  `RAGE, AK 99501
.907.272.3538
FAX: 907.274.0819

Motion for Reconsideration or Clarification of the Court's December 7, 2005 Order
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Page 2 of 4

Exhibit 5
Status Report of Estate

been paid by Allstate. The Estate has no right to independent counsel in the state court action.

The December 7, 2005 order misperceives what has occurred in the state court action. The true situation can be briefly explained:

1. The Estate was sued by Fielder in state court. In this tort claim the Estate is being defended by Allstate. The case is set for trial in May 2006.

2. There are no policy defenses or coverage defenses which present a conflict, and therefore the Estate is not entitled to <u>CHI</u> counsel.

3. The Estate has fully cooperated in the defense of the tort claim and has done nothing to breach any express or implied duties under the liability insurance contract.

4. Allstate, through the attorney it selected, has controlled the defense of the state tort action without any interference from the Estate.

5. There currently is no disagreement between the Estate and the insurer related to the defense or the indemnification of the tort claim.[2]

Thus, the court sees a conflict between the Estate and Allstate which does not exist under Alaska law. At the September 16, 2005, hearing this perceived "conflict" was identified as the justification for this declaratory judgment action:

---

[2] At this time Allstate owes no duties to Fielder, and thus any dispute they may have is immaterial as a matter of law.

*Motion for Reconsideration or Clarification of the Court's December 7, 2005 Order*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)
Page 3 of 4

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
.: 907.272.3538
..rX: 907.274.0819

Exhibit 5
Status Report of Estate

> If the insurer disagrees either as to the indemnity or the defense, then there is a controversy between the insurer and the insured with regard to the defense and indemnification of that underlying case. [Counsel's comments omitted]. And that -- that controversy is appropriate for declaratory judgment.

To the extent that the court has found jurisdiction based upon a non-existent conflict, the Estate would urge this court to reconsider or clarify its previous rulings.

Dated this 17 day of December, 2005

FELDMAN ORLANSKY & SANDERS

By: _____
Eric T. Sanders
Alaska Bar No. 7510085

CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was mailed, faxed, hand delivered to:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501

Dennis M. Mestas
Law Offices of Dennis M. Mestas
745 West 4th Avenue, Suite 306
Anchorage, AK 99501

By: _____
Dated: 12/19/05

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
: 907.272.3538
FAX: 907.274.0819

*Motion for Reconsideration or Clarification of the Court's December 7, 2005 Order*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Page 4 of 4

Exhibit 5
Status Report of Estate

```
 1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF ALASKA
 2
    ALLSTATE INDEMNITY COMPANY,.    Case No. A04-0246 CV (JKS)
 3  an Illinois Corporation,    .
                                .
 4            Plaintiff,         .  Anchorage, Alaska
                                .   August 29, 2005
 5  vs.                          .   1:40 o'clock p.m.
                                .
 6  SALLY FIELDER, and DANIEL   .   STATUS CONFERENCE
    E. LIBBEY as personal       .
 7  representative of the       .
    ESTATE OF JULIE MENEREY,    .              SEP 1 6 2005
 8                              .
            Defendants.         .
 9  . . . . . . . . . . . . . . .

10                    TRANSCRIPT OF PROCEEDINGS

11         BEFORE THE HONORABLE JAMES K. SINGLETON JR.
                  UNITED STATES DISTRICT JUDGE
12
    APPEARANCES:
13
    For the Plaintiff:           ALFRED T. CLAYTON JR., ESQ.
14                               Bliss, Wilkens & Clayton
                                 500 L Street, Suite 200
15                               Anchorage, Alaska  99501
                                 (907) 276-2999
16
    For the Defendant            DENNIS M. MESTAS, ESQ.
17  Fielder:                     Law Offices of Dennis M. Mestas, P.C.
                                 745 West Fourth Avenue, Suite 306
18                               Anchorage, Alaska  99501
                                 (907) 277-9496
19
    For the Defendant Libbey:    ERIC T. SANDERS, ESQ.
20                               Keesal, Young & Logan
                                 1029 West Third Avenue, Suite 650
21                               Anchorage, Alaska  99501
                                 (907) 279-9696
22
    Court Recorder:              ROBIN M. CARTER
23                               U.S. District Court
                                 222 West 7th Avenue, #4
24                               Anchorage, Alaska  99513
                                 (907) 677-6127
25
```

*T. M. Transcribing*
*1980 Commodore Drive*
*Anchorage, Alaska 99507*
*(907) 349-8183*

Exhibit 5
Status Report of Estate

ANCHORAGE, ALASKA - MONDAY, AUGUST 29, 2005

(Call to Order of the Court at 1:40 o'clock p.m.)

(Log 1:40:05)

THE CLERK: -- session with the Honorable James K. Singleton presiding. Please be seated.

THE COURT: Court has before it at this time the matter of Allstate Indemnity Company versus Sally Fielder, A04-0246 Civil. And the specific matter before the court was a request by one or more of the parties for a status conference. Here we are. What is the status about which you to conference?

MR. SANDERS: Well, how long do we have, Your Honor?

THE COURT: Oh, I don't know. I think I'll probably start to nod after two minutes, but I am all ears for that two minutes.

MR. SANDERS: Well, it's going to take me longer than two minutes. The reason I'm sitting with Mr. Clayton is because, although he sued my client, he corresponds to me as if we have a joint defense agreement. So as I understand it, the reason that we were sued initially in this case -- and I represent Dan Libbey, the personal representative of the estate -- was an allegation, a false allegation, that we were depriving Allstate of its defense in the underlying tort case. I pointed out to you that was not a correct statement and you've ruled that it doesn't really matter, that if there's a controversy between the insurance company and the third party in the tort

T. M. Transcribing
1980 Commodore Drive
Anchorage, Alaska 99507
(907) 349-8183

Exhibit 5
Status Report of Estate

```
 1  claim that that is a controversy.  The underlying --
 2          THE COURT:  No, I -- I think that's a
 3  misinterpretation, Mr. Sanders.  I think what would -- A more
 4  accurate statement of the situation as I see it is this:  Where
 5  a law suit is filed in either state or federal court in which
 6  the plaintiff alleges that he or she was the victim of a tort by
 7  the defendant, and the defendant tenders the defense of the
 8  claim to an insurer intending that if the plaintiff is correct
 9  that the defendant had committed a tort that the plaintiff
10  suffered, then the defendant is -- asserts that it is insured
11  for that tort.  In other words, that it is entitled to indemnity
12  and defense.  If the insurer disagrees either as to the
13  indemnity or the defense, then there is a controversy between
14  the insurer and the insured with regard to the defense and
15  indemnification of that underlying case.
16          MR. SANDERS:  I understand that.
17          THE COURT:  And that -- that controversy is
18  appropriate for declaratory judgment.
19          MR. SANDERS:  So tell me what is it that you see is
20  the controversy between my client and Allstate when Mr. Libbey
21  has fully cooperated?  There's no evidence to the contrary,
22  never a suggestion or an allegation made in the underlying case.
23          THE COURT:  In other words, you don't want a status
24  conference, you want reconsideration of the --
25          MR. SANDERS:  I want this case done.  We're -- we're
```

*T. M. Transcribing*
*1980 Commodore Drive*
*Anchorage, Alaska  99507*
*(907) 349-8183*

Exhibit 5
Status Report of Estate