Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation, </br></br>        Plaintiff, </br></br>     v. </br></br> SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY, </br></br>        Defendants. | Case No. 3:04-CV-246-TMB |

**ALLSTATE'S STATUS REPORT**
**RE UNDERLYING TORT LITIGATION PER MAY 25, 2006 ORDER**

This declaratory judgment action arose from the absence of a reasonable settlement opportunity for Allstate to settle Sally Fielder's liability claims against the Estate of Julie Menerey arising from a December 14, 2001 auto accident.  After Sally Fielder announced she would not settle her claims against the Estate, the claims proceeded to trial in Superior Court for the State of Alaska.  Although a jury recently found that Julie Menerey was not negligent concerning the December 14, 2001

accident, that jury verdict has not yet been reduced to final judgment. In fact, Sally Fielder served a Motion for Judgment Notwithstanding the Verdict and, Alternatively, a New Trial on May 23, 2006, prior to entry of any judgment. Accordingly, it is premature for this Court to conclude the issues presented by Allstate's complaint are moot. It is Allstate's understanding from the Estate's tort defense counsel that resolution of this motion for JNOV or new trial is not expected prior to the June 23, 2006 deadline this Court set for a status report. In short, while this Court has already dismissed without prejudice certain pending motions and appears poised to dismiss this declaratory judgment action as moot, there is not yet a final judgment and no resolution of the tort case. Unless and until a Final Judgment is entered against Sally Fielder in the state court action, the issues in this federal action are not moot.

Due to Fielder's preemptive motion for new trial, it is difficult for Allstate to predict when a final judgment will be entered in the tort case. A new status report by Allstate 45 days from now might be an option for the Court to consider so the parties in this case are certain as to the final outcome of underlying tort case.[1]

---

[1] In the meantime, the Estate, under the guise of a May 25, 2006 status report has made arguments about "Judge Singleton's incorrect and inconsistent rulings" (page 4), accused Judge Singleton of being "confused" (page 4) and "ill-conceived" (page 6-7), presumed to give instructions to this Court "before this court does anything else" (page 5), and made veiled requests for relief, including a request to reopen discovery and allow the Estate to conduct depositions of Allstate witnesses and

DATED this 6th day of June, 2006, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail:  atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6th, 2006
a copy of the foregoing Status Report was
served electronically on:

Eric Sanders

And by mail on:

Dennis M. Mestas
Law Offices of Dennis M. Mestas PC
745 W. 4th Avenue, Suite 306
Anchorage, AK   99501


s/Alfred Clayton, Jr.


N:\AKB\854\451\PLDG\STATUS.REPORT.Re.Tort.Litig.doc

---

Allstate's experts (page 7). Allstate does not consider the Estate's May 25, 2006 filing as containing any proper "motions" under Local Rule 7.1. Accordingly, Allstate does not intend to respond to the Estate's filing unless the Court requests a response or opposition.