Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:04-CV-246-TMB |
| v. | ) ) | |
| SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ALLSTATE'S NOTICE OF THE ABSENCE OF AN
EFFECTIVE JURY DEMAND**

During the August 21, 2006 status conference, the Court encouraged settlement discussions and a settlement conference but expressed reservations about presiding over a settlement conference if no jury had been requested.  During the conference, the Court was given the impression that a jury had been properly requested. A settlement conference was scheduled for September 25, 2006 before U.S. District Court Judge Timothy Burgess, based upon this

representation.

Allstate wishes to notify the Court that a jury was not timely requested and was effectively waived under Fed. R. Civ. P. 38(d). The Estate filed its Answer and Counterclaim on November 23, 2004 at Docket 4. The only jury demand was made by the Estate on March 15, 2005 at Docket 14. Under Fed. R. Civ. P. 38(b), the Estate's jury demand was not timely as it was filed more than 10 days after service of the counterclaim. A jury demand which is not filed within the deadline of Rule 38 is deemed waived. See Federal R. Civ. P. 38(d).

Independently, even if the Estate's jury demand had been timely, the jury demand was limited to a request for a jury "on the counterclaims." See Docket 14 at 1. Judge Singleton dismissed the counterclaims with prejudice when he granted Allstate's motion to dismiss at Docket 6. See July 27, 2005 Order, Docket 42 at p.17. Thus, even if a jury had been timely demanded, the request was limited in scope to the dismissed counterclaims. See Fed. R. Civ. P. 38(c) (allowing for a party to limit the scope of a jury demand). Given this record, it appears that Judge Burgess will be the fact-finder should a trial be required.

Based on the Court's August 21, 2006 reservations about presiding over a settlement conference when the Court is the fact-finder, Allstate suggests it is necessary that one of the other U.S. District Court Judges preside over any settlement conference.

DATED this 13th day of September, 2006, at Anchorage, Alaska.

Allstate's Notice of the Absence of
An Effective Jury Demand
Page 2 of 2

*Allstate v. Fielder, et al.*
3:04-CV-246-TMB

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2006, a copy of the foregoing ALLSTATE'S NOTICE OF THE ABSENCE OF AN EFFECTIVE JURY DEMAND was served electronically on:

**Eric Sanders**

**Dennis M. Mestas**


s/Alfred Clayton, Jr.


N:\AKB\854\451\PLDG\NTC.ABSENCE.EFFECTIVE.JURY.DEMAND.doc