ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:  (907) 272-3538
Facsimile:  (907) 274-0819
Email:  sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ) <br> An Illinois Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SALLY FIELDER, and DANIEL E. LIBBEY, ) <br> As personal representative of the ESTATE ) <br> OF JULIE MENEREY, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 3:04-cv-00246-TMB |

**MENEREY ESTATE'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER REGARDING
ALLSTATE'S NOTICE OF THE ABSENCE OF
AN EFFECTIVE JURY DEMAND**

Menerey Estate's Motion for Reconsideration of the Court's Order
Regarding Allstate's Notice of the Absence of an Effective Jury Demand
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                              Page 1 of 5

## The Court Should Reconsider Its Order

After being informed about the history of this case at the August 21, 2006 status conference, the Court stated unequivocally that this matter should be settled. Moreover, the court scheduled a settlement conference for September 25, 2006, in the event the parties were unable to resolve the case on their own.

More than three weeks later, on September 13, 2006, Allstate filed a pleading which observed that because "it appears that Judge Burgess will be the fact-finder should a trial be required," he should not preside over the settlement conference. On September 18, 2006, the Court cancelled the settlement conference. The Court's decision to cancel the settlement conference was made before the Estate had an opportunity to respond to Allstate's pleading. For the reasons set forth below, the Court should reconsider its Order and preside over the settlement conference.

## There is no Need for a Trial

First, it is not clear why Allstate waited so long to raise a concern about Judge Burgess. Allstate should have presented this issue at the status conference, or filed its notice the following day.

Likewise, it is perplexing that Allstate's notice omitted critical information. After the status conference, Sally Fielder and Allstate agreed to resolve all disputes they may have in the State tort action and this lawsuit. As part of the agreement Sally Fielder will be dismissed from this federal action. Consequently, it is appropriate for the court to

Menerey Estate's Motion for Reconsideration of the Court's Order
Regarding Allstate's Notice of the Absence of an Effective Jury Demand
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                    Page 2 of 5

answer a fundamental question: What is the pending controversy or legal dispute between Allstate and the Menerey Estate? Because it is evident that there is no controversy or legal dispute between these two parties, there is no need for a trial.

In its Complaint, Allstate alleged that the Menerey Estate intended to "deprive Allstate of the right to defend the Estate" and prevent a jury from determining "liability and damage issues" in Sally Fielder's tort action. This was obviously a false allegation. (The attorney Allstate hired to defend the Estate previously filed a sworn statement that the Estate took no action to inhibit Allstate's defense of Sally Fielder's tort claim.) As the Court knows, the Estate's defense of Sally Fielder's tort action could not have been more successful -- in May 2006 a jury determined Julie Menerey was <u>not</u> liable for Sally Fielder's injuries. And more recently, Sally Fielder agreed to dismiss her lawsuit against the Menerey Estate. Thus, as of today, Sally Fielder's personal injury case has been resolved within the policy limits.

With this background, it is evident that there was no case or controversy between Allstate and the Menerey Estate when Allstate filed this declaratory judgment action on October 7, 2004. (There is no case or controversy today.[1]) Allstate's Complaint requested declaratory relief on three points in this lawsuit:

---

[1] Allstate's lawsuit against its own insured breached the covenant of good faith and fair dealing. However, there is no pending action against Allstate at this time.

Menerey Estate's Motion for Reconsideration of the Court's Order
Regarding Allstate's Notice of the Absence of an Effective Jury Demand
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                    Page 3 of 5

1. Allstate's ongoing defense of the Estate in Sally Fielder's tort action and its good faith attempts to settle Sally Fielder's liability claim satisfied its obligations to the Estate.
**Current status**: If this was ever an actual controversy, it is now moot as a result of Sally Fielder's settlement.

2. Allstate could require a full release of Allstate's insured from Sally Fielder.
**Current status**: If this was ever an actual controversy, it is now moot as a result of Sally Fielder's settlement.

3. Allstate is not obligated to pay any portion of any judgment or confessed judgment that exceeds the limit of the liability coverage.
**Current status**: If this was ever an actual controversy, it is now moot as a result of Sally Fielder's settlement.

In conclusion, Allstate's declaratory judgment action, filed while the underlying tort action was being vigorously defended with the Estate's complete cooperation, sought advisory opinions that became useless when the State tort action was resolved. There is no need for a trial in this case. Thus, there is no reason why Judge Burgess cannot conduct the settlement conference, and it would certainly be a waste of judicial resources to require another judge to become familiar with this extensive file.

/
/
/

Menerey Estate's Motion for Reconsideration of the Court's Order
Regarding Allstate's Notice of the Absence of an Effective Jury Demand
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                    Page 4 of 5

Dated this 19th day of September, 2006.

    s/ Eric T. Sanders

FELDMAN ORLANSKY & SANDERS
500 L Street, Fourth Floor
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:     (907) 274-0819
Email:           sanders@frozenlaw.com
Alaska Bar No. 7510085

Attorneys for Defendant
Daniel E. Libbey

CERTIFICATE OF SERVICE
I hereby certify that on the 19th day of September, 2006,
a copy of the Menerey Estate's Motion for Reconsideration
of the Corut's Order Regarding Allstate's Notice of the
Absence of an Effective Jury Demand was
served electronically on:

Alfred Clayton, Jr.
Dennis M. Mestas

s/ Eric T. Sanders

Menerey Estate's Motion for Reconsideration of the Court's Order
Regarding Allstate's Notice of the Absence of an Effective Jury Demand
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB    Page 5 of 5