ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:   sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br>An Illinois Corporation,<br><br>                Plaintiff,<br><br>  v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY,<br>As personal representative of the ESTATE<br>OF JULIE MENEREY,<br><br>                Defendants.<br>_____ | Case No. 3:04-cv-00246-TMB |

**ESTATE OF JULIE MENEREY'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Estate of Julie Menerey's Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                                       Page 1 of 8

## I. Introduction

This is a lawsuit that should never have been filed. Because there was no justiciable controversy between Allstate and its insured, the Court lacked subject matter jurisdiction. Furthermore, with the resolution of Sally Fielder's state tort action, all of the claims asserted by Allstate are moot. Accordingly, this case must be dismissed under Federal Rule 12(h)(3).

## II. Factual Background

Allstate provided automobile liability insurance to Julie Menerey. On December 12, 2001, Julie was involved in a car accident and subsequently died; her passenger, Sally Fielder, was injured. Fielder engaged in settlement negotiations with Allstate but did not resolve her personal injury claim. Consequently, Sally Fielder sued the Menerey Estate in the Anchorage Superior Court. (Dan Libbey was appointed personal representative of the Menerey Estate). Allstate retained attorney Bill Ingaldson to defend the Estate against Sally Fielder's claims in the state tort action. The Estate had no objection whatsoever to being represented by Mr. Ingaldson in the Fielder case.

After her tort action was filed, Sally Fielder asserted that Allstate had acted in bad faith towards the Menerey Estate by failing to settle Fielder's claim for the insurance policy limits. But because she was not a party to the insurance contract, Sally Fielder had no standing to complain about Allstate's treatment of the Estate. In an effort to obtain the right to sue Allstate, Sally Fielder urged the Menerey Estate to confess judgment to her

Estate of Julie Menerey's Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 2 of 8

and assign the (alleged) bad faith claim to Fielder. The Menerey Estate rejected Fielder's proposal.

The Menerey Estate told Bill Ingaldson, Allstate's chosen attorney, that it was opposed to a confession of judgment and that Fielder's tort claim should be vigorously defended by Allstate. The Estate took this position for several reasons, including: (1) there was evidence that Menerey was not liable for the automobile accident because another driver was at fault; (2) a confession of judgment would constitute a breach of the Estate's contractual duties to Allstate and thus void the insurance coverage; and (3) a confession of judgment would be an admission of fault and preclude the Menerey Estate from pursuing a valid uninsured motorist claim. (The Menerey Estate could recover damages under the uninsured motorist coverage if the other driver, who had no insurance, was shown to be a cause of the accident.) As a consequence, with the Estate's full cooperation, Ingaldson and Allstate defended Sally Fielder's tort action without any restrictions or reservations.

Despite the fact that Menerey refused to confess judgment and was fully cooperating in the defense of Fielder's state tort action, Allstate filed this declaratory judgment action. Allstate's lawsuit falsely alleged that the Estate was planning to confess judgment and assign rights to Fielder, and thereby deprive Allstate of its opportunity to defend the tort action. Allstate asked for a declaration that it had acted in good faith, that it was entitled to a full release from Fielder, and that it was not obligated to pay Fielder

Estate of Julie Menerey's Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                Page 3 of 8

more than the insurance policy limits. (The Menerey Estate had never asserted that Allstate had done something wrong and therefore had excess exposure.)

Because the law is clear that there must be an "actual controversy" between parties in a private contractual dispute to satisfy the Court's threshold requirement of subject matter jurisdiction, the defendants moved to dismiss Allstate's declaratory judgment action. Judge Singleton denied these motions on the grounds that a "dispute exists between parties with adverse interests. . . ."[1] Judge Singleton found that the dispute between Fielder and Allstate was a justiciable controversy, although those two parties had no contractual relationship. In doing so, Judge Singleton ignored Alaska law which unequivocally provides that Allstate had no duty of good faith to Fielder because that "duty is a product of the fiduciary relationship created by the contract between the insurer and its insured." See O.K. Lumber v. Providence Washington Ins., 759 P.2d 523, 526 (Alaska 1988). (Allstate acknowledges that the "controversy" was based solely on allegations made by Sally Fielder, not the Menerey Estate.)[2]

Curiously, Judge Singleton subsequently recognized that the lack of a contractual relationship with Allstate was problematic for Fielder. On December 7, 2005, he ruled that because there was no contractual relationship between Allstate and Fielder, Fielder

---

[1] See Docket No. 42, at page 5.

[2] See Exhibit 1.

Estate of Julie Menerey's Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                Page 4 of 8

had no right to seek discovery from Allstate to prove improper conduct.[3] In other words, after the Court initially decided her allegations against Allstate established subject matter jurisdiction, it later found Sally Fielder had no standing to allege and prove bad faith because she was not a party to the insurance contract. To the Menerey Estate, who was caught in the middle of this needless litigation, Judge Singleton's rulings were irreconcilable and enigmatic.

In his Order denying the motion to dismiss the Complaint, Judge Singleton went on to explain that deciding whether Allstate acted in good faith was "essential to determining Allstate's exposure and to allow both parties to calculate the settlement value of a claim."[4] It was not clear why Judge Singleton felt the need to help Fielder and Allstate calculate the settlement value of an existing tort claim at the expense of the insured. Moreover, Judge Singleton's approach wrongfully assumed many hypothetical facts, e.g., that Julie Menerey was liable and that Sally Fielder's damages exceeded the policy limits. Absent these hypothetical facts (which proved to be untrue), there was certainly no reason for Judge Singleton to entertain the claims presented in Allstate's declaratory judgment action.[5] Thus, it is clear that the Court was being asked to issue an

---

[3]     See Docket No. 72, at page 2.

[4]     See Docket No. 42, at page 6.

[5]     This case is a textbook example of why courts should not issue advisory opinions based on hypothetical facts, which is the situation when the underlying tort action is

Estate of Julie Menerey's Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 5 of 8

advisory opinion on what Allstate's exposure would be <u>if</u> Menerey was liable, <u>if</u> there was an excess verdict, and <u>if</u> there was an assignment of rights to Fielder. Based upon all these hypothetical facts, Judge Singleton hoped to determine Allstate's "exposure." It is impermissible for a court to give this type of advisory opinion.

In a subsequent order Judge Singleton added to the confusion about why the court had subject matter jurisdiction. He ruled that in "order to understand this case it is necessary to consider <u>CHI of Alaska, Inc. v. Employers Reinsurance Corp.</u>, 844 P.2d 1113 (Alaska 1993)." <u>CHI</u> held that when a conflict exists between the insurer and insured, the insured can select its own "independent" attorney. But no one in this case suggested that such a conflict existed, and why Judge Singleton came to this conclusion was a mystery. As stated above, there was <u>never</u> a conflict, dispute or controversy between Allstate and the Menerey Estate concerning the duty to defend or the duty to indemnify.

From the Estate's perspective, the declaratory judgment action was unnecessary and expensive litigation. The Menerey Estate never conceded it was liable for Fielder's injuries, never claimed Allstate acted in bad faith in handling the tort action, and never disputed the amount of the policy limits. Hence, between the insurer and insured -- the only two parties that mattered -- there was no contractual dispute and no justiciable controversy.

---

being defended without reservation. Unless and until an actual controversy exists, the Court should not act.

Estate of Julie Menerey's Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 6 of 8

Judge Singleton never determined Allstate's "exposure" for Sally Fielder's claim. The Fielder tort case proceeded to trial in the Anchorage Superior Court. The jury determined that Julie Menerey was not at fault. Sally Fielder has now settled her claim within the policy limits. Allstate's declaratory judgment action accomplished nothing except huge legal bills.

### III.   Argument

It is well established that a declaratory judgment action requires a controversy. A justiciable controversy does not include a dispute which is hypothetical, academic or moot. Aetna Life Ins. Co. vs. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). See also Prudential Property and Casualty Ins. Co. vs. Beaufort, 263 F.Supp.2d 982 (E.D. Pa. 2003). Consequently, under Federal Civil Rule 12(h)(3), Allstate's declaratory judgment action must be dismissed because the Court lacks subject matter jurisdiction.

Dated this 22nd day of September, 2006.

s/ Eric T. Sanders

FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:       sanders@frozenlaw.com
Alaska Bar No. 7510085

Attorneys for Defendant
Daniel E. Libbey

Estate of Julie Menerey's Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                    Page 7 of 8

CERTIFICATE OF SERVICE
I hereby certify that on the 22nd day of September 2006, a copy of the Estate of Julie Menerey's Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction was served electronically on:

Alfred Clayton, Jr.
Dennis M. Mestas

s/ Eric T. Sanders

Estate of Julie Menerey's Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB    Page 8 of 8