# FELDMAN ORLANSKY & SANDERS
COUNSELORS AT LAW

500 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501

ERIC T. SANDERS
Direct Tel: 907.677.8304
sanders@frozenlaw.com

TEL: 907.272.3538
FAX: 907.274.0819

December 14, 2005

Via Fax 276-2956 (5 pages)

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501

Re: <u>Allstate Indemnity Company v. Sally Fielder, et al.</u>
U.S. District Court Case No. A04-0246 CV (JKS)

Dear Al:

The correspondence you sent me on December 12, 2005 is identified "Privileged and Confidential 'Joint Defense Privilege.'" As I have informed you before, I do not understand how we have a joint defense when your client (Allstate) has sued my client (the estate). Please explain the basis for the alleged joint defense privilege.

I am disappointed, but not surprised, by your proposed stipulation. It seems that Allstate can not do anything in this case that does not in some manner attempt to take advantage of its insured. I demanded a simple stipulation to achieve the stay; I have edited Allstate's proposal to reflect what is acceptable.

Very truly yours,

FELDMAN ORLANSKY & SANDERS

Eric T. Sanders

ETS:skc

Enclosure

**Exhibit** A
**Page** 1 **of** 5

12/14/2005 14:43 FAX 907 274 0819          FELDMAN ORLANSKY SANDERS                    ☑002



"DRAFT"
PRIVILEGED AND CONFIDENTIAL
JOINT DEFENSE PRIVILEGE

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,   Plaintiff,   v.   SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,   Defendants. | Case No. A04-246 CV (JKS) |

*SALLY FIELDER*

STIPULATION AND MOTION
TO STAY DECLARATORY JUDGMENT ACTION

Allstate Indemnity Company and Daniel Libbey, as personal representative of the Estate of Julie Menerey (hereinafter the "Estate"), through their respective counsel, hereby stipulate and agree to a stay of further proceedings in this action, as set

Exhibit _A_
Page _2_ of _5_

DRAFT

forth more fully below, pending completion of a jury trial, presently scheduled to begin on May 8, 2006, and entry of final judgment, based upon the jury verdict, in the consolidated matter of <u>Sally Fielder v. Estate of Julie Menerey</u>, Case No. 3AN-03-13709 CI consolidated with <u>Amy Menerey v. Estate of Julie Menerey</u>, Case No. 3PA-03-1649 CI.

~~This stipulation and motion to stay is entered into by Allstate in reliance on the Estate's stipulation herein that~~ it will not enter into any ~~agreement to assign rights or assign claims from the estate of Julie Menerey to Sally Fielder or Amy Menerey or enter into any confession of judgment or consen~~t ~~judgment in the underlying tort case. As evidenced by this stipulation, it is the express intention of the Estate to allow Allstate to defend the Estate in the consolidated tort action. Nothing in this agreement shall preclude the Estate of Julie Menerey from extending~~ Offers of Judgment, ~~to the exte~~nt authorized by Allstate, ~~in the underlying tort case~~.

THE PARTIES ~~Allstate and the Estate~~ stipulate and agree to entry of an order staying all proceedings in this declaratory judgment action until 30 days following the entry of final judgment in <u>Sally Fielder v. Estate of Julie Menerey</u>, Case No. 3AN-03-13709 CI or until other circumstances arise which compel an earlier resumption of the declaratory judgment action including, but not limited to, any potential impairment of any party's rights under the insurance policy No. 907184390. ~~This stipulation to stay is~~

Stipulation to Stay Declaratory Judgment Action    Allstate v. Fielder, et al.
Page 2 of 4                                         A04-246 CV (JKS)

Exhibit __A__
Page __3__ of __5__

~~not intended to encompass Allstate's motion re experts~~ and ~~negligence claim ("Motion for Preclusion of Expert Testi~~mony ~~Under Rule 37(c)~~ and Motion for Summary Judgment on Negligence Theory").

Allstate and the Estate jointly move the Court to order a stay in accord with this stipulation and agreement and pursuant to its inherent powers, Fed. R. Civ. P. 1 and Local Rule 1.1(c)(2).

                                                    BLISS, WILKENS & CLAYTON
                                                    Lawyers for Plaintiff Allstate
                                                    Indemnity Company

Dated: _____    By: _____ [DRAFT]
                                                        Alfred Clayton, Jr.
                                                        ABA No.: 9111078

                                                     FELDMAN, ORLANSKY & SANDERS
                                                     Lawyers for Defendant Estate of
                                                     Julie Menerey

Dated: _____    By: _____
                                                        Eric T. Sanders
                                                         ABA No.: 7510085

**ORDER**

The parties ~~Allstate and the Estate~~ have moved the Court to stay this declaratory judgment action until thirty days after entry of Final Judgment in the consolidated tort case entitled <u>Sally Fielder v. The Estate of Julie Menerey</u>, Case No. 3AN-03-13709 CI consolidated with <u>Amy Menerey v. Estate of Julie Menerey</u>, Case No. 3PA-03-1649 CI, now proceeding in the Superior Court for the State of Alaska, Third Judicial District at Anchorage or until

Stipulation to Stay Declaratory Judgment Action    Allstate v. Fielder, et al.
Page 3 of 4                                                                  A04-246 CV (JKS)

Exhibit __A__
Page __4__ of __5__

other circumstances arise which compel an earlier resumption of the declaratory judgment action including, but not limited to, any potential impairment of any party's rights under the insurance policy No. 907184390.

~~Having considered the Stipulation and Motion for Stay and any response thereto~~, the Court hereby grants the motion to stay ~~except that the Court will resolve Allstate's "Motion for Preclusion of Expert Testimony Under Rule 37(c) and Motion for Summary Judgment on Negligence Theory~~." If the May 8, 2006 trial in the tort case is delayed or rescheduled, the parties shall notify this Court within three days of the entry of the order delaying or rescheduling the trial.

DATED this _____ day of _____, 2005, at Anchorage, Alaska.

                                        DRAFT
                                        _____
                                        JAMES K. SINGLETON, JR.
                                        U.S. DISTRICT COURT JUDGE

N:\AKB\854\451\PLDG\STIP.Stay.12-12-05.doc

Stipulation to Stay Declaratory Judgment Action        Allstate v. Fielder, et al.
Page 4 of 4                                            A04-246 CV (JKS)

Exhibit ___A___
Page ___5___ of ___5___