ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:   sanders@frozenlaw.com

Attorneys for Defendant, Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, )<br>An Illinois Corporation, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　v.　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>SALLY FIELDER, and DANIEL E. LIBBEY, )<br>As personal representative of the ESTATE )<br>OF JULIE MENEREY, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　Defendants. )<br>_____) | Case No. 3:04-cv-00246-TMB |

**MENEREY ESTATE'S REPLY TO
ALLSTATE'S OPPOSITION TO MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.
Introduction**

In Allstate's opposition to the motion to dismiss, it "asks the Court to retain jurisdiction pending Allstate's receipt of Sally's signed Release plus clarification from

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 1 of 11

the Estate that it no longer seeks attorneys fees from Allstate or contests the dismissal of its counterclaims."[1] Allstate now has Sally Fielder's signed Release and her tort action is concluded. (See Exhibit 1.) As the Court was informed at the August 21, 2006 hearing, the Menerey Estate is seeking its reasonable, actual attorney's fees in the defense of this federal action and is preserving its right to appeal all of Judge Singleton's erroneous rulings.

## II.
### Response to Other Arguments

The Court will no doubt recall the comments it made to the parties at the August 21, 2006 hearing after being informed about the history of Allstate's lawsuit. Thus, the Estate does not feel compelled to refute all of the incorrect assertions in Allstate's opposition. Nevertheless, some points deserve a reply.

**1.    Getting Sued by Your Insurance Company is Not Normal.**

Why do people buy automobile insurance? They purchase the insurance to obtain protection in the event they are sued for operating a vehicle negligently. Insurance companies advertise their ability and willingness to furnish this protection, e.g., YOU'RE IN GOOD HANDS WITH ALLSTATE. It is well-established in Alaska that insurers have a "special fiduciary relationship with their clients," including a duty of loyalty. See Lloyd's & Inst. of London v. Fulton, 2 P.3d 1199, 1209 (Alaska 2000). And an

---

[1]    Dkt. 112 at 12.

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                    Page 2 of 11

insurance company cannot "do anything which will injure the right of the [insured] to receive the benefits of the insurance contract." Guin v. Ha, 591 P.2d 1281, 1291 (Alaska 1979).

Julie Menerey was involved in a car accident and her passenger, Sally Fielder, was injured. Fielder sued the Menerey Estate based upon a claim of negligent driving. The Menerey Estate's position was uncontroversial: (1) it was insured by Allstate; (2) the facial policy limits were $50,000 per person; (3) Julie Menerey was not negligent; and (4) the Estate would fully cooperate with Allstate in defending Sally Fielder's tort claim.

There was never any dispute or controversy between the contracting parties about either the Estate's duty to cooperate or Allstate's duty to defend and indemnify the Estate against Fielder's tort action. Despite the fact that Allstate had a special fiduciary duty to protect the Estate, it sued its own insured. The lawsuit alleged that the Menerey Estate was in the process of a "confession scheme [that] would deprive Allstate of the right to defend the Estate and would eliminate the opportunity for a jury to determine liability and damage issues in the context of the tort case."[2] This was a false allegation -- there was no "confession scheme." Allstate's own attorney has admitted there was never any plan to prejudice Allstate's defense of Fielder's tort action.

---

[2] See Dkt. 6 at 4.

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                    Page 3 of 11

Allstate wants to convince this Court that suing its own insured in these circumstances is routine, normal and "prudent." To any consumer of automobile insurance, Allstate's position is truly frightening; it is also clearly wrong.

**2.    Alaska Precedent.**

Allstate argues that "Alaska precedent routinely authorizes declaratory judgment actions concerning the potential scope of indemnity prior to the final resolution of a tort case."[3] Allstate is correct <u>if and when</u> there is a justiciable controversy about the insurer's duty to indemnify. However, in this case there was <u>no</u> dispute about the scope of indemnity -- the Menerey Estate never alleged that the facial limits were more than $50,000. Significantly, Allstate cannot cite one case where an insurance company sued an insured who was fully cooperating in the defense of the underlying action and did not dispute the amount of liability coverage.

It is Allstate's view, apparently, that a dispute with a third party tort claimant entitles an insurance company to sue its own insured and that it is "prudent" to do so. But a cursory review of Alaska law shows that this is a ludicrous argument. The Court needs to look no further than <u>State Farm Fire & Casualty Company v. Nicholson</u>, 777 P.2d 1152 (Alaska 1989) and <u>Lloyd's & Inst. of London v. Fulton</u>, 2 P.3d 1199 (Alaska 2000).

---

[3]    Dkt. 112 at 10.

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                              Page 4 of 11

The instant case is a class example of the concerns expressed by the <u>Fulton</u> Court: Allstate enjoyed "tremendous financial advantages" and used its "economic strength to gain an advantage" against the Menerey Estate.[4]  Allstate submitted extensive discovery to the Estate, filed numerous motions, retained multiple high-priced experts and litigated virtually every point.  Allstate did all of this with the knowledge that "the Estate has no assets . . ."[5]

In the declaratory judgment action Allstate's approach to the Estate was stated boldly and unequivocally:  "The Estate can stipulate to Allstate's requested relief and incur no further defense costs.  It is only if the Estate contests these points that the Estate needs to incur any litigation costs."[6]  In other words, do what we want or you will have a lot of litigation expenses.  In response, the Menerey Estate acknowledged that "Allstate has unlimited funds to litigate this declaratory judgment action",[7] whereas the Estate lacks "financial resources for a court fight."[8]  Despite Allstate's "tremendous financial advantage," the Estate would not give a "blanket approval of Allstate's conduct" due to a

---

[4]   <u>Fulton</u> at 1208.

[5]   <u>See</u> Dkt. 22 at 6.

[6]   <u>See</u> Dkt. 6 at 13.

[7]   Dkt. 16 at 9.

[8]   Dkt. 16 at 10.

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                              Page 5 of 11

lack of knowledge about the insurer's decisions in the Fielder case.[9] (Allstate would not disclose its actions in handling Fielder's tort claim. See Exhibit 2 at page 5.) In Alaska, the law is clear that the parties to an insurance contract have no duty to issue or demand pretrial waivers of any rights they have under the contract. Jackson v. American Equity Ins. Co., 90 P.3d 136 (Alaska 2004). But Allstate sued when the Estate refused to furnish a waiver.

According to Allstate, unless an insured is willing to give blanket approval for an insurance company's undisclosed conduct, a controversy exists and a lawsuit is justifiable. This is not what the Fulton Court had in mind when it recognized the need to discourage over-reaching "in insurance cases because of the special fiduciary relationship that exists between an insurer and its insureds, the insurer's peculiar ability to take advantage of its insured's trust, and the typical insured's vulnerability to overreaching conduct."[10]

### 3. The Controversy.

The Court will recall that during the August 21, 2006 hearing, the Menerey Estate posed a simple question: What was the controversy between Allstate and the Menerey

---

[9] At page 4 of Dkt. 112, Allstate asserts that the failure to give it blanket approval showed the Estate was "speculating that Allstate's exposure exceeded the policy limits." Thus, according to Allstate, mere speculation by an insured, without more, justifies a lawsuit. Again, there is no case in the United States which adopts this standard.

[10] Fulton at 1208.

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                    Page 6 of 11

Estate? This question was asked because for almost two years Allstate had been unwilling to identify the "controversy" which justified this declaratory judgment action. At the last hearing Allstate, once again, had no answer.

Finally, in its opposition to the motion to dismiss, Allstate has disclosed the "controversy":

> The issue has always been Allstate's effort to obtain a <u>full release</u> of its insured by offering to pay the liability policy limit.[11]

In other words, the real reason this declaratory judgment action was filed and litigated was to enable Allstate to obtain a "full release" of the Menerey Estate. Having identified the "controversy," Allstate then explains at Docket 112, pages 7, 8, 9 and 11 how the declaratory judgment achieved its goal: Judge Singleton's decision enabled Allstate to "obtain a full release from Sally Fielder."[12]

However, Allstate's current justification for the declaratory judgment action is pure nonsense. First and foremost, the need for a "full release" was never a controversy between Allstate and the Menerey Estate. The Menerey Estate certainly had no reason to inhibit Allstate's effort to obtain a full release from Sally Fielder. Second, Fielder never disputed Allstate's right to obtain a "full release" from her:

---

[11] Dkt. 112 at 6.

[12] Dkt. 112 at 7.

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                          Page 7 of 11

> Sally Fielder takes no quarrel with a general proposition that <u>a liability insurer is entitled to secure a release from liability for its insured</u> as a condition of payment of the liability policy limits for the protection of an insured driver that causes an auto accident.  Nor does Sally Fielder take issue with the contention that should an insurer fail to acquire such a release when paying out the policy limits that insurer may well be exposed to a bad faith claim from its liability insured.[13]

Third, the Court recognized that <u>obtaining a full release was not in dispute</u> because "Fielder does not disagree with the proposition that an insurer is entitled to a release of its insured's liability in exchange for policy limits, or that a failure to do so would expose the insurer to a bad faith claim from its insured."[14]

Finally, this is <u>not</u> the "controversy" Allstate identified when this federal litigation began.  Early on Allstate explained why it had sued the Menerey Estate:

> Despite Allstate's offers to pay liability policy limits in exchange for a release of the Estate of Julie Menerey, and Allstate's defense of Julie's estate in the tort action, the tort claimant announced no settlement offers would be considered within policy limits and <u>the Estate and tort claimant began negotiating a confession of judgment and assignment of any claims against Allstate.  Allstate responded to this set-up by filing this declaratory judgment action</u>, seeking a declaration that Allstate fulfilled its duties and was not obligated to pay for any judgment in excess of the policy limit. . . .
>
> * * *
>
> When it appeared that Sally Fielder and Julie's Estate would arrange for the Estate to confess judgment and assign any claims against Allstate, <u>Allstate filed this declaratory judgment action, as the confession scheme would deprive Allstate of the right to defend the Estate</u> and would eliminate the

---

[13]   Dkt. 19 at 19 (emphasis added).

[14]   <u>See</u> Dkt. 42 at 15.

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                   Page 8 of 11

opportunity for a jury to determine liability and damage issues in the context of the tort case.[15]

With this written history, it is disturbing that Allstate now wants this Court to believe the key assertion set forth at page 6 of its opposition memorandum:

> The issue in this particular declaratory judgment case has never been what ultimately might be the exposure in the tort case or in a subsequent appeal. The issue has always been Allstate's effort to obtain a full release of its insured by offering to pay the liability policy limit.[16]

Allstate also wants this Court to believe that the declaratory judgment action enabled Allstate to settle Fielder's tort claim. But Fielder consistently refused to settle her tort claim until the jury determined Menerey was not liable for her injuries. The federal action against the Estate obviously had no impact whatsoever on Fielder's post-trial settlement offer, which was accepted by Allstate. More importantly, Allstate fails to grasp that suing its own insured is simply not an appropriate tool to get a better outcome in defending a tort claim.

**4.    Subject Matter Jurisdiction.**

Allstate contends that the Menerey Estate challenged the Court's subject matter jurisdiction "three times already." It is true that the Estate never conceded the Court's jurisdiction and it is undisputed that Judge Singleton rejected the Estate's position. Judge Singleton's last decision on this subject observed: "In order to understand this case it is

---

[15]    Dkt. 6 at 1, 4 (emphasis added).

[16]    Dkt. 112 at 6 (emphasis added).

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 9 of 11

necessary to consider CHI of Alaska, Inc. v. Employers Reinsurance Corporation, 844 P.2d 1113 (Alaska 1993)."[17]  Judge Singleton believed, incorrectly, that there was a controversy which mandated that the Estate have "independent counsel" under CHI.  It was always a mystery why Judge Singleton believed that this case presented a controversy similar to CHI, since no party made that argument.  This Court always lacked subject matter jurisdiction, and this is a legal issue that may be raised at any stage of the litigation.  If this Court concludes today it does not have subject matter jurisdiction, the lawsuit must be dismissed.

**5.      Attorney's Fees.**

Allstate asserts that the Menerey Estate's "subject matter jurisdiction challenge is really just a back door effort by the Estate to persuade the Court to consider awarding the Estate monetary relief in the form of attorney's fees."[18]  Allstate then argues the attorney's fees issue.  No reply to this argument is needed at this time.  The issue of attorney's fees will be addressed when the Menerey Estate's motion to dismiss is granted.

### III.
### Conclusion

In its opposition Allstate invented a "controversy" in an attempt to show that the Court has subject matter jurisdiction.  But the written history of this case is clear that

---

[17]     Dkt. 72 at 1.

[18]     Dkt. 112 at 12.

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 10 of 11

there was never a justiciable controversy between Allstate and the Menerey Estate. It is undisputed that there is no controversy today. This case must be dismissed.

Dated this 20th day of October, 2006.

s/ Eric T. Sanders

FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:   sanders@frozenlaw.com
Alaska Bar No. 7510085

Attorneys for Defendant
Daniel E. Libbey

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2006,
a copy of the Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for Lack of Subject
Matter Jurisdiction was served electronically on:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton

Dennis M. Mestas
Law Offices of Dennis M. Mestas

s/ Eric T. Sanders

Menerey Estate's Reply to Allstate's Opposition to
Motion to Dismiss for Lack of Subject Matter Jurisdiction
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                   Page 11 of 11