## RELEASE OF ALL CLAIMS

### I.    HISTORY

A. Whereas, an automobile accident occurred on or about December 14, 2001 on the Parks Highway in Wasilla, Alaska, involving a vehicle occupied by Julie Menerey and Sally Fielder; and,

B. Whereas, Julie Menerey suffered injuries in the accident and later died as a result of those injuries and Sally Fielder suffered injuries in the accident; and

C. Whereas, Sally Fielder filed a lawsuit against the Estate of Julie Menerey known as <u>Fielder v. Estate of Menerey</u>, Case No. 3AN-03-13709 CI, filed in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, (the "auto lawsuit"); and

D. Whereas, the auto lawsuit proceeded to a jury trial which resulted in a verdict that the Estate of Julie Menerey was not negligent and had no legal responsibility for the damages alleged by Sally Fielder; and

E. Whereas, Sally Fielder filed a post-verdict motion for a new trial or for judgment notwithstanding the verdict and the parties have continued to dispute the claims alleged in the auto lawsuit;

F. Whereas, Sally Fielder has married and has legally changed her name to Sally Hannaman; and

G. Whereas, the parties have now agreed to amicably settle and fully and finally resolve all disputes that were raised or

Exhibit 1<br>
Menerey Estate's Reply to Allstate's<br>
Opposition to Motion to Dismiss for<br>
Lack of Subject Matter Jurisdiction

could have been raised in the auto lawsuit in order to avoid the expense and uncertainty of future litigation;

H. Now, therefore, the parties have documented their agreement to resolve their claims as set out in this release.

II. DEFINITIONS

A. "Releasors" means SALLY FIELDER HANNAMAN, an individual, as well as each of her agents, heirs, executors, representatives, attorneys, administrators, successors and assigns.

B. "Releasees" means AMY JEAN MENEREY, THE BANKRUPTCY ESTATE OF AMY JEAN MENEREY, and THE ESTATE OF JULIE MENEREY, Deceased, as well as their attorneys, agents, employees, successors, and assigns.

C. "Claims" means all conceivable allegations, assertions, theories, demands, counterclaims, requests for payment of money, causes of action, suits and controversies, of every kind and nature, whether known or unknown, and whether mature or to mature in the future which were raised or could have been raised in the auto lawsuit. This includes without limitation allegations of negligence or other tortuous conduct; strict liability; breach of statutory or regulatory duty; and breach of any and all other legal or equitable duties of every kind and nature.

D. "Damages" means any and all injury or harm of any kind and nature, whether known or unknown, and whether mature or to mature in the future. This includes without limitation: (a)

RELEASE OF ALL CLAIMS
Page 2 of 7

Exhibit 1
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction

physical injuries (such as bodily injury, physical impairment, or similar claims); (b) psychological injuries (such as mental suffering, mental impairment, emotional distress or similar claims); (c) hedonic injuries (such as loss of enjoyment of life or similar claims); (d) loss of income, earnings or profits or other similar claims; (e) loss of personal or business reputation or invasion of privacy interest; (f) costs or expenses (such as hospital, doctor or health care provider expenses, Alaska Civil Rule 82 attorney fees or other similar claims); (g) property damage; and (h) exemplary or punitive damages.

E.   "Dispute" means all liability claims arising out of or relating to the automobile accident of December 14, 2001 involving a car driven by Julie Menerey and occupied by Sally Fielder which were raised or which could have been raised in Fielder v. Estate of Menerey, Case No. 3AN-03-13709 CI, filed in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

III. COVENANTS AND AGREEMENT

FOR AND IN CONSIDERATION of the sum of SEVENTY-NINE THOUSAND TWO HUNDRED SIXTY-SEVEN DOLLARS AND 57/100THS ($79,267.57), the receipt of which is hereby acknowledged, and the release of claims set out herein and the agreement of Sally Fielder Hannaman to engage in no further proceedings and engage in no appeals and to dismiss with prejudice the "auto lawsuit" known as Fielder v. Estate of Menerey, Case No. 3AN-03-13709 CI, filed in the Superior Court for the State of Alaska, Third Judicial District

RELEASE OF ALL CLAIMS
Page 3 of 7

Exhibit 1
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction

at Anchorage, with each party to bear their own attorney's fees and costs, "Releasors" hereby fully release and discharge all "Releasees" from any and all "Claims" and "Damages" arising out of, resulting from, or in any way related to the "Dispute" in accord with the following terms:

   A.   Releasors shall authorize and hereby direct their counsel to sign and file a stipulation for dismissal with prejudice of all claims that were brought or that could have been brought in <u>Fielder v. Estate of Menerey</u>, Case No. 3AN-03-13709 CI, filed in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, with each party to bear their own attorney's fees and costs.

   B.   Releasors will not, either individually or in concert with others, pursue, acquiesce in or assist in pursuing any future Claims or Damages arising out of, based upon, or in any way whatsoever related to the Dispute as against the Releasees.

   C.   Sally Fielder Hannaman agrees to resolve and extinguish any and all claims by any and all persons and any entities, including, but not limited to, medical care providers, lawyers, experts, employers, or insurance companies, who have or may have rights to, subrogated interests in, or a lien upon any of the consideration obtained by Sally Fielder Hannaman as a result of this settlement. Should any claim or suit be brought against Allstate Indemnity Company or any Releasees because of the failure of Sally Fielder Hannaman to pay and satisfy or otherwise resolve such rights, interests or liens, Sally Fielder Hannaman

RELEASE OF ALL CLAIMS
Page 4 of 7

Exhibit 1
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction

will defend, indemnify and hold harmless Allstate Indemnity Company and/or Releasees from such claim or suit.

D. As of this date, Releasors are not financially disadvantaged, nor have Releasors been pressured, harried or otherwise coerced by Releasees in agreeing to this RELEASE. In executing this RELEASE, Releasors do not rely upon any statement or representation made by any of the Releasees, or by any other person representing them, concerning the nature, extent or duration of any Damages, or the existence of extent of legal liability, resulting from or related to the Dispute.

E. Releasors acknowledge that they have been advised of, and are familiar with, the decisions of the Alaska Supreme Court regarding settlement and release, including Witt v. Watkins, 579 P.2d 1065 (Alaska 1978); Alaska Airlines v. Sweat, 568 P.2d 916 (Alaska 1977); Young v. State of Alaska, 455 P.2d 889 (Alaska 1969). However, it is the intention of the Releasors and it is the purpose of this Mutual Release of All Claims and Counterclaims, to discharge finally and absolutely the liability of the Releasees from all of the Claims. This release is effective whether the Claims are known on this date or whether they are discovered subsequently and whether Damages discovered subsequently are different in character or based upon injuries different in nature or extent from the injuries of which Releasors are aware on this date. Releasors acknowledge and hereby assume all risk that they may have incurred Damages which are neither known nor anticipated by Releasors as of this date,

RELEASE OF ALL CLAIMS
Page 5 of 7

Exhibit 1
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction

and that known Damages may become permanent, progressive or more extensive than is now known or anticipated. Releasors specifically release any right they may now or hereafter have to reform, rescind, modify or set aside this release through mutual or unilateral mistake or otherwise. The risk of such uncertainty and mistake is expressly assumed by Releasors as part of the consideration exchanged and in consideration of this being a full and final settlement.

F. Releasors understand and acknowledge that this release is made in compromise of disputed claims. The release is not an admission of liability on the part of the Releasees, each of whom expressly denies liability.

G. RELEASORS ACKNOWLEDGE THAT THEY ARE REPRESENTED BY LEGAL COUNSEL IN REGARD TO THIS RELEASE. THE TERMS OF THIS RELEASE HAVE BEEN CAREFULLY READ AND ARE FULLY UNDERSTOOD AND VOLUNTARILY ACCEPTED BY RELEASORS FOR THE PURPOSE OF MAKING A FULL AND FINAL COMPROMISE AND SETTLEMENT OF ALL CLAIMS AND DAMAGES, DISPUTED OR OTHERWISE, AGAINST THE RELEASEES. THIS RELEASE CONTAINS THE ENTIRE AGREEMENT BETWEEN THE PARTIES, AND THE TERMS OF THE RELEASE ARE CONTRACTUAL AND NOT MERELY A RECITAL. *

WITNESS the hand of RELEASORS:

READ BEFORE SIGNING

_10/11/06_
DATE

*Sally Fielder Hannaman*
SALLY FIELDER HANNAMAN

* Nothing in this "Release of All Claims" is meant to have any effect whatsoever upon Sally Fielder Hannaman's Uninsured Motorist Claim (with Allstate) which arises from this same automobile accident.

[Exhibit 1
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction]

RELEASE OF ALL CLAIMS
Page 6 of 7

STATE OF ALASKA           )
                          ) ss.
THIRD JUDICIAL DISTRICT   )

THIS IS TO CERTIFY that on this 11 day of October, 2006, before me the undersigned, a Notary Public in and for the State of Alaska, duly commissioned and sworn as such, personally appeared SALLY FIELDER HANNAMAN, before me, to me known to be the person described in and who executed the above and foregoing RELEASE OF ALL CLAIMS and acknowledged to me that she signed the same freely and voluntarily for the uses and purposes therein mentioned.

WITNESS my hand and official seal the day and year in this certificate first above written.



NOTARY PUBLIC in and for Alaska
My Commission Expires: 07-04-2010

REVIEWED ~~AND APPROVED AS TO FORM AND CONTENT~~ RC this 13 day of October, 2006.

By: Paul Cossman
Paul Cossman
Law Office of Dennis Mestas, P.C.
Counsel for Sally Fielder Hannaman

N:\ASM\854\451\RELEASE.FINAL.TORT.doc

Exhibit 1
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction

RELEASE OF ALL CLAIMS
Page 7 of 7