ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:  (907) 272-3538
Facsimile:  (907) 274-0819
Email:      sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, An Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SALLY FIELDER, and DANIEL E. LIBBEY, As personal representative of the ESTATE OF JULIE MENEREY, <br><br> Defendants. | Case No. A04-246 CV (JKS) |

### DEFENDANT ESTATE OF JULIE MENEREY'S ANSWERS TO ALLSTATE'S FIRST INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify in detail all assets or potential assets of Julie Menerey at the time of her death, including a description of the asset or potential asset, its estimated value, the circumstances under which the asset or potential

LAW OFFICES
FELDMAN ORLANSKY & SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
907.272.3538
907.274.0819

Exhibit 2

*Defendant Estate of Julie Menerey's Answers to Allstate's First Interrogatories*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Menerey Estate's Reply to Allstate's Opposition to Motion to Dismiss for Lack of Subject Matter Jurisdiction
Page 1 of 7

asset arose, and whether each asset identified continues to be an asset or potential asset of the Estate of Julie Menerey.

**RESPONSE**: Objection. Although the Estate of Julie Menerey has repeatedly asked Allstate to identify the actual controversy which justifies this lawsuit, Allstate has been unwilling and unable to do so. Because there is no controversy between the insurer and the insured, all discovery is objectionable. Moreover, the information Allstate is seeking is not relevant to any duty it may have to the Estate in defending the Fielder tort claim. Further, the Estate has no obligation to conduct an investigation of assets on behalf of the insurer. If Allstate believes this information may affect its duty to defend and indemnify the Estate, the liability insurer should promptly ensure that the insured is made fully aware of and understands the problem. See *Lloyd's & Inst. of London v. Fulton*, 2 P.3d 1199 (Alaska 2000). In short, if this interrogatory is directed to a coverage limitation issue Allstate's failure to give appropriate notice to the Estate would constitute a breach of Allstate's duty of loyalty.

**INTERROGATORY NO. 2**: Please identify in detail all liabilities or potential liabilities of the Estate of Julie Menerey incurred at any time, including a description of the liability or potential liability, the persons or entity to who the claim is owed, its estimated value, the circumstances under which the liability or potential liability arose, and whether the liability identified continues to be a potential liability of the Estate.

**RESPONSE**: Objection. See answer to Interrogatory No. 1. Notwithstanding this objection, the Estate has incurred substantial attorney's fees and

LAW OFFICES
FELDMAN ORLANSKY & SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
907.272.3538
907.274.0819

*Defendant Estate of Julie Menerey's Answers to Allstate's First Interrogatories*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Exhibit 2
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction
Page 2 of 7

costs in defending Allstate's lawsuit against the Estate. Eric Sanders' fees and costs are privileged at this time.

**INTERROGATORY NO. 3**: Please identify in detail all facts showing that Allstate's ongoing defense of the Estate in the tort action and attempts to settle Sally Fielder's liability claim against the Estate does not satisfy Allstate's obligations to the Estate.

**RESPONSE**: Objection. *See* answer to Interrogatory No. 1. This interrogatory reflects that Allstate is ignorant of its "special fiduciary relationship" with the insured and the "fiduciary duty of loyalty it owes" to the Menerey Estate. *See Fulton*, 2 P.3d at 1209.

Under Alaska law, Allstate must not take steps to limit coverage unless the Estate is made fully aware of and understands the problem. It is axiomatic that the insured is not required to investigate coverage issues for the benefit of Allstate and is not required to investigate whether the insurer has breached its legal duty to act in good faith. Allstate's interrogatory assumes that the Estate is obligated to conduct such an investigation at its own expense. Likewise, the interrogatory presumes that the Estate is obligated to conduct a thorough investigation of the insurer's actions through the present date, a time-consuming undertaking that is not necessary as a matter of law, and not possible for economic reasons. No case in the United States suggests that Allstate's discovery request is appropriate where the insured has fully cooperated in the tort claim. Allstate's interrogatory fails to recognize even the most basic principals established through numerous Alaska Supreme Court decisions.

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
907.272.3538
907.274.0819

*Defendant Estate of Julie Menerey's Answers to Allstate's First Interrogatories*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Exhibit 2
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction
Page 3 of 7

## GOOD FAITH AND FAIR DEALING

Allstate has as special fudiciary relationship with its insured; the insured is particularly reliant on the insurers good conduct. *State Farm Fire and Cas. Co. v. Nickelson*, 777 P.2d 1152, 1157 (Alaska 1989). Public policy strongly favors rules which make insurers honor their duties of good faith. Allstate's lawsuit against its own insured, including this discovery, is completely inconsistent with Allstate's implied covenant of good faith and fair dealing. Allstate's lawsuit is intended to protect its own financial interests at the expense of the insured.

## DUTY TO COOPERATE

The Estate has a duty to cooperate with Allstate in the defense of the Fielder tort claim. *Continental Ins. Co. v. Bayless and Roberts Inc.*, 608 P.2d 281 (Alaska 1980). The Estate has complied with its duty at all times. The Estate has repeatedly asked Allstate to identify any act that could be characterized as a failure to cooperate, and Allstate has been unwilling and unable to furnish such information. The duty to cooperate is either an expressed or implied covenant in the insurance contract. The duty to cooperate is applicable to claims covered by the insurance contract. Because this declaratory judgment action is not a claim covered by the insurance contract, the insured has no duty to cooperate or provide information to give Allstate some advantage. Finally, the Estate believes that Allstate could use discovery responses as a basis to deny coverage under the insurance contract because of an alleged failure to cooperate. (It must be recognized that Allstate wants the Estate to uncover bad acts that may be used by the tort claimant, a plan which is dangerous.)

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
907.272.3538
907.274.0819

*Defendant Estate of Julie Menerey's Answers to Allstate's First Interrogatories*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction

Exhibit 2
Page 4 of 7

## LACK OF DISCOVERY

The discovery asks the insured to identify any and all bad acts by Allstate, or the breach of any duty to the Menerey Estate. Yet, Allstate has refused to produce information to the insured which is needed for him to answer this discovery. Allstate has refused to provide internal communications about Fielder's tort claim as well as communications with its own attorney, Al Clayton. Obviously, the Estate cannot answer the discovery unless and until Allstate produces all of its files, including matters it considers to be privileged. In addition, although Allstate wants the Estate to examine its defense of the tort action, it has moved the court for a protective order to prevent the disclosure of this relevant information.

## FINANCIAL ABILITY

Allstate sued the Estate based upon false allegations. Allstate has unlimited resources to pursue this lawsuit. It would appear that Allstate has already paid Al Clayton more then $100,000 to pursue an unnecessary action against its own insured. In contrast, the Estate cannot afford the legal assistance and expert witnesses needed to conduct a full blown investigation of the insurance company's conduct and to answer the discovery proposed by Allstate. Consistent with its other tactics, Allstate refuses to pay the estate's attorney to conduct the investigation.

## NO CONTROVERSY

Allstate's discovery is designed to require the Estate to conduct a thorough investigation so as to identify some "controversy" for Allstate to pursue in this lawsuit. No decision in the United States indicates that the Menerey Estate has a duty to perform

LAW OFFICES
FELDMAN ORLANSKY & SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
907.272.3538
907.274.0819

*Defendant Estate of Julie Menerey's Answers to Allstate's Fi*... Menerey Estate's Reply to Allstate's
*Allstate Indemnity Company v. Sally Fielder, et al.*   Opposition to Motion to Dismiss for
Case No. A04-0246 CV (JKS)   Lack of Subject Matter Jurisdiction
Exhibit 2
Page 5 of 7

this examination and identify a controversy for Allstate's benefit. Unless and until Allstate indicates what the controversy is between the Estate and Allstate, discovery is not necessary or appropriate.

**INTERROGATORY NO. 4**: Please identify all facts which show Allstate breached any duty to the Estate of Julie Menerey.

**RESPONSE**: See answer to Interrogatory No. 3. To answer this interrogatory the Estate would need to have access to the internal records of Allstate and its legal counsel, Al Clayton. Allstate and its attorney will not disclose this relevant information. Moreover, unless and until the Estate files some action against Allstate, this discovery request seeks information protected by the work product doctrine.

**INTERROGATORY NO.5**: Please identify any facts which you maintain demonstrate that the Estate of Julie Menerey is or has been damaged by the absence of a settlement between Sally Fielder and the Estate concerning any claims arising from the December 14, 2001 accident.

**RESPONSE**: See answer to Interrogatory No. 3.

**INTERROGATORY NO. 6**: If any of your answer to Allstate's requests for admission to the Estate of Julie Menerey are other than unqualified admissions, please state in detail all facts supporting your answers.

**RESPONSE**: See answers to Interrogatory No. 3 and Interrogatory No. 4.

LAW OFFICES
FELDMAN ORLANSKY & SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
907.272.3538
907.274.0819

*Defendant Estate of Julie Menerey's Answers to Allstate's First Interrogatories*
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. A04-0246 CV (JKS)

Exhibit 2
Menerey Estate's Reply to Allstate's
Opposition to Motion to Dismiss for
Lack of Subject Matter Jurisdiction
Page 6 of 7

Dated this 28 day of November, 2005

FELDMAN ORLANSKY & SANDERS

By: _____
Eric T. Sanders
Alaska Bar No. 7510085

CERTIFICATE OF SERVICE
I hereby certify a copy of the foregoing
was mailed, faxed, hand delivered to:

Alfred Clayton, Jr. (hand delivered)
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501

Dennis M. Mestas (mailed)
Law Offices of Dennis M. Mestas
745 West 4th Avenue, Suite 306
Anchorage, AK 99501

By: _____
Dated: 11/28/05

LAW OFFICES
FELDMAN ORLANSKY &
SANDERS
500 L STREET
SUITE 400
ANCHORAGE, AK 99501
v: 907.272.3538
f: 907.274.0819

Exhibit 2
Defendant Estate of Julie Menerey's Answers to Allstate's First Interrogatories  Menerey Estate's Reply to Allstate's
Allstate Indemnity Company v. Sally Fielder, et al.   Opposition to Motion to Dismiss for
Case No. A04-0246 CV (JKS)   Lack of Subject Matter Jurisdiction
Page 7 of 7