Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,<br><br>          Defendants. | Case No. 3:04-CV-246-TMB |

**MEMORANDUM SUPPORTING MOTION TO DISMISS**
**ALLSTATE'S CLAIMS AGAINST THE ESTATE**

Judge Singleton's July 27, 2005 Order declared that Allstate properly refused Sally Fielder's January and February 2003 settlement offers of her liability claims because those offers did not include a full release of Allstate's insureds from all claims arising from the December 14, 2001 accident.  Docket 42 at 16.  Judge Singleton's July 27, 2005 Order also clarified that Allstate had no obligation to pay liability insurance proceeds to Ms.

Hannaman unless and until she fully released Allstate's insureds. Docket 42 at 14 and 16. Consistent with these declarations, Allstate obtained Ms. Hannaman's full release of its insureds and her dismissal of her tort litigation against the Estate of Julie Menerey, in exchange for Allstate's payment of its per person liability policy limit to Sally Hannaman. Pursuant to this settlement, Allstate has dismissed its claims against Ms. Hannaman in this lawsuit. See Docket 114.

Allstate now moves for a court order dismissing the Estate pursuant to Fed. R. Civ. P. 41(a)(2), conditioned upon both Allstate and the Estate bearing their own costs and attorneys fees incurred in this litigation. A court order appears to be necessary since the Estate continues to argue that the dismissal of its counterclaims against Allstate was improper.

### I. This Dismissal Would Avoid the Need for a Settlement Conference with A Different Judge

The Estate's counterclaims were dismissed with prejudice (see Docket 42 at 8-9 and 17 and Docket 6). The Estate is not a "prevailing party." Since the Estate is not a "prevailing party," there is no legal authority in Alaska or basis under the insurance policy for awarding attorneys fees and costs to the Estate. Allstate has fully briefed this issue in its confidential settlement brief.

While this Court considered delegating the dispute over the Estate's fee request to another settlement judge, the Estate in the

meantime has neglected settlement and filed its fourth substantive motion challenging the Court's subject matter jurisdiction. See Allstate's Opposition at Docket 112.

The Court previously considered and rejected the Estate's subject matter arguments as lacking merit. Thus, the Court may order a simple dismissal with each party to bear their own fees.

## II. Standard for Dismissal Under Fed. R. Civ. P. 41(a)(2)

Fed. R. Civ. P. 41(a)(2) provides, in part:

> [A]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The fact that the Estate originally filed counterclaims against Allstate should not interfere with a Rule 41(a)(2) dismissal, since the counterclaims have been dismissed. Thus, the principal issue in this case is what "terms and conditions" the Court "deems proper" in dismissing the claims against the Estate.

The "terms and conditions" which should properly apply to an immediate dismissal of the claims with respect to the Estate is that Allstate and the Estate simply bear their own attorneys fees and costs. If the Estate opposes this motion, then Allstate reserves the right to pursue an award of fees and costs as a

prevailing party pursuant to Alaska Civil Rule 82.

## CONCLUSION

The past and present dispute between Allstate and the Estate is summarized in Allstate's recent briefing at Docket 112. If Allstate can obtain a simple and quick dismissal of the Estate, with each side to bear its own costs and fees, Allstate is willing to waive its "prevailing party" claim against the Estate at this time. Because Sally Fielder Hannaman is no longer pursuing claims against the Estate, there is no need for further declaratory judgments in this action. The court may, and should, dismiss the action, with each party to bear its own fees and costs.

DATED this 23d day of October, 2006, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK  99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2006,
a copy of the foregoing MEMORANDUM SUPPORTING
MOTION TO DISMISS ALLSTATE'S CLAIMS AGAINST
THE ESTATE was served electronically on:

**Eric Sanders**

**Dennis M. Mestas/Paul Cossman**

**s/Alfred Clayton, Jr.**

`N:\AKB\854\451\PLDG\DISMISS.ESTATE.MEMO.doc`