ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:   sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ) <br> An Illinois Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SALLY FIELDER, and DANIEL E. LIBBEY, ) <br> As personal representative of the ESTATE ) <br> OF JULIE MENEREY, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 3:04-cv-00246-TMB |

**PARTIAL OPPOSITION TO ALLSTATE'S
MOTION TO DISMISS CLAIMS AGAINST THE ESTATE**

**INTRODUCTION**

This case, which should never have been filed, can now be dismissed. However, the Court should permit the Menerey Estate to recover the fees and costs it incurred to defend this unnecessary lawsuit.

Partial Opposition to Allstate's Motion to Dismiss Claims Against the Estate
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                   Page 1 of 6

Allstate initiated this federal action on October 7, 2004. Shortly thereafter, Allstate admitted it had no controversy or dispute with its insured, the Estate of Julie Menerey. (See Dkt. 111, Exh. 1.) Rather, the "controversy" was between the insurance company and Sally Fielder, a third party tort claimant who had sued the Menerey Estate for negligence.

The Menerey Estate fully cooperated with the insurance company's defense of Fielder's tort action and on May 15, 2006, a jury concluded that Julie Menerey was not liable. Thereafter, Allstate settled Fielder's negligence claim. As part of their settlement agreement, Fielder agreed to dismiss her tort action and Allstate agreed to dismiss this federal action against Fielder. (Dkt. 114.) This meant that the only litigation remaining was Allstate's federal action against its own insured, the Menerey Estate. This case should also be dismissed when the fees the Menerey Estate incurred in defending the federal action are paid. The Estate's position is set forth in the motion to dismiss filed by the personal representative on September 22, 2006, as well as the reply memorandum. (Dkt. 111 and 113.) Below, the Estate will briefly respond to the arguments Allstate presented in urging the Court to dismiss the Estate conditioned upon both parties bearing their own costs and attorney's fees.

Partial Opposition to Allstate's Motion to Dismiss Claims Against the Estate
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                    Page 2 of 6

# ARGUMENT

### A.   The Estate is the Prevailing Party.

Allstate asserts that the Estate is not the "prevailing party" and thus is not entitled to an award of attorney's fees. The insurance company then contends: "Allstate has fully briefed this issue in its confidential settlement brief." First and foremost, the Court cannot rely on a <u>confidential</u> brief that was never furnished to the Estate and never docketed. Second, it is clear that under Alaska law that the Estate is the prevailing party in this lawsuit. (To the extent Allstate prevailed, it did so concerning disputes with Fielder, not the Menerey Estate.)

The fact that Judge Singleton dismissed the Estate's counterclaim is immaterial to the determination of prevailing party status in Allstate's lawsuit against the Estate. During the past two years the Estate has incurred substantial attorney's fees <u>defending</u> Allstate's federal action, and the personal representative is entitled to recover those fees.

Allstate's reasoning is also flawed insofar as it contends that because Judge Singleton "rejected the Estate's subject matter arguments," this Court "may order a simple dismissal with each party to bear their own fees."[1] The insurance company's approach is overly simplistic. The Estate did not automatically lose its prevailing party status simply because Judge Singleton found subject matter jurisdiction existed. Whether

---

[1] It is true that Judge Singleton rejected the argument that there was a lack of subject matter jurisdiction, but as explained previously, he identified a controversy that simply did not exist. Significantly, a case can be dismissed due to a lack of subject matter jurisdiction at any time. <u>See</u> Fed. R. Civ. P. 12(h)(3).

Partial Opposition to Allstate's Motion to Dismiss Claims Against the Estate
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 3 of 6

or not jurisdiction ever existed, the critical consideration is that Allstate should never have sued its own insured, and Allstate did not prevail on any substantive claim against the Menerey Estate.

    **B.    Settlement Efforts.**

Allstate argues that because the Estate "has neglected settlement" since the hearing on August 21, 2006, this case should be dismissed on the insurance company's terms. This is a peculiar accusation.

The Court will recall that during the August 21, 2006 hearing, it strongly recommended that the parties settle this litigation. At that time, counsel for the Estate agreed on the record to furnish Allstate with an itemized statement of his billable time with the expectation that this would promote a settlement. This itemized invoice was hand-delivered to Al Clayton with a cover letter on August 31, 2006.

On September 13, 2006, Mr. Clayton stated that Allstate was still considering the invoice. In this correspondence Mr. Clayton also said that he was "notifying the Court that there was no effective jury demand." (See Exhibit 1.) On that same date, Allstate filed a pleading suggesting "it is necessary that one of the other U.S. District Court judges preside over any settlement conference." (See Dkt. 105.) On the following day, Mr. Clayton informed the Estate in writing that <u>Allstate would not pay any part of the fees or costs</u> incurred by the Estate in defending this federal action. Two days later the Court canceled the settlement conference, noting it would attempt to find another judge to

Partial Opposition to Allstate's Motion to Dismiss Claims Against the Estate
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB    Page 4 of 6

conduct the conference. Based upon this history, it is alarming for Allstate to assert that the Menerey Estate has "neglected settlement" efforts. For all the reasons disclosed to this Court on August 21, 2006, the Estate wants to end this litigation on the condition that its reasonable fees are paid.

(Because it is now undisputed that a trial will not be needed, there appears to be no reason why this Court cannot conduct the settlement conference it previously scheduled. Today, there is no reason to seek assistance from another judge, and it is economical for this Court to handle the conference because it is familiar with what has transpired.)

### C. A Quick and Simple Dismissal.

Allstate submits that if it can "obtain a simple and quick dismissal of the Estate," it is willing to waive its "prevailing party" claim the Estate. This is a disingenuous proposal. Because Allstate never had an actual controversy with the Estate, it could not, and did not, prevail on any substantive issue. Allstate's lawsuit against its own insured, who fully cooperated in the defense of the Fielder tort claim, was a breach of the covenant of good faith and fair dealing. As explained in great detail in earlier pleadings, Allstate's action against its own insured under these circumstances is unprecedented.[2]

Allstate required its own insured to incur substantial fees and costs to defend this federal action, which was initiated for the sole benefit of the insurance company. The

---

[2]   The Court will recall that during the August 21 hearing, Eric Sanders essentially begged Allstate to identify the controversy between the insurance company and the Menerey Estate. Mr. Clayton could not do so.

Partial Opposition to Allstate's Motion to Dismiss Claims Against the Estate
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 5 of 6

Estate is entitled to recover its reasonable expenses as a condition of this action being dismissed.

Dated this 20th day of November, 2006.

                s/ Eric T. Sanders

                FELDMAN ORLANSKY & SANDERS
                500 L Street, Suite 400
                Anchorage, Alaska 99501
                Telephone:   (907) 272-3538
                Facsimile:    (907) 274-0819
                Email:          sanders@frozenlaw.com
                Alaska Bar No. 7510085

                Attorneys for Defendant
                Daniel E. Libbey

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2006,
a copy of the Partial Opposition to Allstate's Motion to
Dismiss Claims Against the Estate was served electronically on:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton

Dennis Mestas
Law Offices of Dennis Mestas

s/ Eric T. Sanders

Partial Opposition to Allstate's Motion to Dismiss Claims Against the Estate
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB    Page 6 of 6