Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
    Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,<br><br>        Defendants. | Case No. 3:04-CV-246-TMB |

**ALLSTATE'S REPLY TO ESTATE'S PARTIAL OPPOSITION TO ALLSTATE'S MOTION TO DISMISS CLAIMS AGAINST THE ESTATE**

The Estate's "partial opposition" does not say anything new. The Estate somehow assumes that Judge Singleton's dismissal of the Estate's counterclaims doesn't matter, but out of the other side of its month, it continues to ignore that very dismissal by arguing the filing of Allstate's lawsuit supposedly "breached a covenant of good faith and fair dealing." Docket 120 at p.5.  The Estate

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L. STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

asserts yet again that it does not know why it was sued, and again disregards Allstate's articulation of the controversy and the case authorities which justify Allstate joining the insured as a party to the dispute.

I.   **The Estate's "Partial Opposition" Is a Misnomer**

The Estate's "partial opposition" agrees that Allstate should be allowed to dismiss the Estate, but seeks to "condition" the dismissal on the Court awarding the Estate its attorneys fees and costs incurred in "defending" against the declaratory judgment action. The Estate's "partial opposition" is a misnomer. In truth, it is another request for reconsideration of essentially all of the Court's rulings at Docket 42. If the Court were to "condition" the Estate's dismissal on Allstate paying the Estate's its attorneys fees, the Court will have to overrule Judge Singleton's previous Order and/or declare law contrary to that which has been decided by the Alaska Supreme Court and Federal precedent. For example,

> (a)   In order to declare that a controversy did not exist between Allstate and its insured, the court would have to disregard well-established precedents of the U. S. Supreme Court (see Docket 112) and overrule Judge Singleton's Orders at Docket 42 and 78;
>
> (b)   In order to declare that Allstate's filing of the declaratory judgment action breached any duty to the insured, the court would have to overrule Judge Singleton's Order at page 8-9, Docket 42;
>
> (c)   In order to declare that the Estate was entitled to attorney fees even when it had not prevailed in the

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Allstate's Reply to Estate's Partial Opposition
to Motion to Dismiss Claims Against Estate          *Allstate v. Fielder, et al.*
Page 2 of 5                                          3:04-CV-246-TMB

declaratory judgment action, the court would have to issue an unprecedented ruling, directly at odds with previous orders by U.S. District Court judges and <u>Alaska Pacific Assurance Co. v. Collins</u>, 749 P.2d 936, 949 and n. 15 (Alaska 1990);

(d)  In order to declare that the Estate was entitled to Rule 82 attorneys fees on the grounds that it is a "prevailing party," the court would have to disregard the previous dismissal of the Estate's counterclaim, constituting a wholesale refashioning of the entire posture of this litigation.[1]

## II.  A Settlement Conference Is Not Necessary or Appropriate

Allstate's pending motion <u>is</u> its "settlement" proposal. Allstate proposes dismissing the Estate without prejudice conditioned on each side bearing its own costs and fees.  By proposing this resolution, Allstate has offered to waive its prevailing party status.  Allstate has thoroughly considered the Estate's request for fees and respectfully declined the request on the grounds there is no legal authority nor factual basis supporting such a request.

In addition, Allstate adds that it is not appropriate, as the Estate implies at page 5 of its Partial Opposition, that this Court act as a settlement judge.  This court is the factfinder.  Until there is a final judgment formally entered, this court remains the factfinder.  Under those circumstances, Allstate respects the

---

[1] The Estate has not asked this court to reconsider Judge Singleton's Order dismissing the Estate's counterclaim, because the Estate has made the strategic choice to argue the absence of a case or controversy.  The Estate's argument has been flawed from the beginning since the Estate's choice to bring its own counterclaim

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Allstate's Reply to Estate's Partial Opposition
to Motion to Dismiss Claims Against Estate          *Allstate v. Fielder, et al.*
Page 3 of 5                                          3:04-CV-246-TMB

court's policy not to act as the settlement judge.

At the same time, it is not worth troubling another judge to act as a settlement judge when neither the previous rulings in the case or the law support the Estate's claims for fees. Allstate does not think a settlement conference would be productive.

## III. CONCLUSION

Given the Estate's briefing at Docket 120, it appears that the Estate still thinks it can either get a settlement conference or persuade the Court to overrule Judge Singleton and to make further unprecedented rulings. But further argument or reconsideration is unwarranted. The horse has been soundly beaten and it is dead. The Court can and should end the proceeding by issuing its order dismissing all claims, without prejudice, with each side to bear its own costs and attorneys fees.

DATED this 4th day of December, 2006, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]
---

for money damages independently evoked the Court's subject matter jurisdiction.

BLISS, WILKENS & CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Allstate's Reply to Estate's Partial Opposition
to Motion to Dismiss Claims Against Estate     *Allstate v. Fielder, et al.*
Page 4 of 5                                      3:04-CV-246-TMB

## CERTIFICATE OF SERVICE

I hereby certify that on 12/4/06, a copy of the foregoing Allstate's Reply to Estate's Partial Opposition to Allstate's Motion to Dismiss Claims Against the Estate was served electronically on:

Eric Sanders

Dennis M. Mestas

s/Alfred Clayton, Jr.

N:\ASM\854\451\PLDG\DISMISS.ESTATE.REPLY.doc

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Allstate's Reply to Estate's Partial Opposition
to Motion to Dismiss Claims Against Estate
Page 5 of 5

*Allstate v. Fielder, et al.*
3:04-CV-246-TMB