ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:    (907) 272-3538
Facsimile:    (907) 274-0819
Email:          sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br>An Illinois Corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY,<br>As personal representative of the ESTATE<br>OF JULIE MENEREY,<br><br>              Defendants. | Case No. 3:04-cv-00246-TMB |

**ADDITIONAL BRIEFING IN SUPPORT OF ESTATE'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

       The Court has asked whether it can revisit Judge Singleton's prior decision regarding subject matter jurisdiction.[1]  Because "[a]ll rulings of a trial court are subject

---

[1]    Oral Argument, January 9, 2007, 10:03:49; 10:04:17.

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                           Page 1 of 14

to revision at any time before the entry of judgment,"[2] and because Federal Rule of Civil Procedure 12(h)(3) is mandatory,[3] the court can and should reverse Judge Singleton's order if it is now convinced that this case has never involved an "actual controversy" between Allstate and the Estate of Julie Menerey.[4]  The doctrine of "law of the case" is "wholly inapposite" here.[5]

## ARGUMENT

I. **A DISTRICT COURT MAY REVERSE ANY RULING MADE PRIOR TO A FINAL ENTRY OF JUDGMENT "SO LONG AS IT RETAINS JURISDICTION OVER A CASE."**

The Ninth Circuit has held repeatedly that a district court retains the power to "reconsider its prior rulings so long as it retains jurisdiction over a case."[6]

> The general rule regarding the power of a district court to rescind an interlocutory order is as follows: "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or

---

[2] *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (quoting *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888-89 (9th Cir. 2001).

[3] *See* FED. R. CIV. P. 12(h)(3):

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall</u> dismiss the action.

(emphasis added).

[4] *Cf.* Order at Docket 42, p.4 ("The [Declaratory Judgment Act] requires an "actual controversy" for adjudication.  *See* 28 U.S.C. § 2201(a).").

[5] *See Smith*, 389 F.3d at 948 (quoting *Santa Monica Baykeeper*, 254 F.3d at 888).

[6] *See, e.g., id.*

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                               Page 2 of 14

modify an interlocutory order for cause seen by it to be sufficient."[7]

Nothing in existing precedent suggests that jurisdictional rulings are exempt from this general rule. Indeed, the Ninth Circuit has emphasized that the inherent procedural power of courts to reconsider is expansive and unqualified:

> *<u>All</u> rulings of a trial court are subject to revision at any time before the entry of judgment.*[8]

While the absence of an actual controversy in this case has always deprived this Court of *full* subject matter jurisdiction, it has never deprived this Court of its fundamental authority to determine whether this case "[is] properly before it."[9] Because the Court has never relinquished or been disposed of that limited jurisdictional authority,

---

[7] *Santa Monica Baykeeper*, 254 F.3d at 885, 889 (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) (emphasis in original) and citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (stating that when a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59"); *High Country Arts and Craft Guild v. Hartford Fire Ins. Co.*, 126 F.3d 629, 635 (4th Cir. 1997) (same); and *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (same)).

[8] *Id.* at 889 (emphasis added to the original's italics). *See also Smith*, 389 F.3d at 948-49 (citing *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) ("A judge may reexamine his earlier ruling . . . if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it."); MOORE'S FEDERAL PRACTICE § 134.21[1] (3d ed. 2003) ("When a court applies the law of the case doctrine to its own prior decisions . . . the traditional formulations of the doctrine must be conceived as rules of thumb and not as straightjackets on the informed discretion and sound practical judgment of the judge.")).

[9] *See United States v. Shipp*, 203 U.S. 563, 573 (1906) (a federal court "necessarily ha[s] jurisdiction to decide whether the case [is] properly before it").

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 3 of 14

it is free to reconsider all of Judge Singleton's rulings — including the order dealing with the existence of subject matter jurisdiction in this case.[10]

## II. THE COURT'S OBLIGATION TO DISMISS FOR WANT OF JURISDICTION IS NOT DISCRETIONARY.

Jurisdictional rulings are not exempted from the Court's general power to reconsider, but they are special in one respect: unlike other defects, the absence of subject matter can be raised at any time and necessitates automatic dismissal.[11] Federal Rule of Civil Procedure 12(h)(3) is mandatory and provides:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall dismiss the action</u>. [12]

If the Court believes that subject matter jurisdiction has always been lacking in this case for want of an "actual controversy,"[13] it should so rule and reverse Judge Singleton's order to the contrary.[14]

---

[10] *Cf. Smith*, 389 F.3d at 948 ("Because the district court never relinquished jurisdiction over Smith's case, even after it granted his motion to suppress, the court retained the power to reconsider its own ruling."); *Nichols v. Muskingum College*, 318 F.3d 674 (6th Cir. 2003) (affirming dismissal for lack of subject matter jurisdiction in suit where district court first denied a motion to dismiss, then reversed itself on reconsideration, and ultimately granted a motion to dismiss for lack of subject matter jurisdiction).

[11] *Cf. Guzman-Andrade v. Gonzales*, 407 F.3d 1073, 1077 (9th Cir. 2005) (parties cannot create subject matter jurisdiction nor waive its absence).

[12] FED. R. CIV. P.12(h)(3) (emphasis added).

[13] *Cf. Principle Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2004) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (there must be

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                   Page 4 of 14

### III. THIS COURT IS NOT BOUND BY LAW OF THE CASE ACCEPT TO AN ERRONEOUS RULING ON SUBJECT MATTER JURISDICTION.

At oral argument, the Court expressed some concern that the doctrine of "law of the case" might preclude it from reconsidering Judge Singleton's prior order.[15] Law of the case is inapplicable here because the doctrine (a) does not apply in "circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction"; (b) imposes no serious limitations on a court's power to reconsider questions of law whose prior resolution did not require the exercise of some judicial discretion; and (c) cannot absolve a court of its obligation to dismiss where proper jurisdiction is lacking.

### A. Law of the Case Does Not Apply Where A Court Has Never "Been Divested of Jurisdiction."

The Ninth Circuit has made it clear that law of the case is "wholly inapposite" to "circumstances where a district court has not been divested of jurisdiction":

> The law of the case doctrine is "wholly inapposite" to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction. In *Santa Monica Baykeeper*, the district court *sua sponte* reconsidered its own order certifying for interlocutory appeal the denial of a motion to dismiss. We were asked to assess

---

"a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

[14]   *See, e.g.*, Order at Docket 42.

[15]   Oral Argument at 10:14:26.

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                          Page 5 of 14

whether the court's reconsideration of its order violated the law of the case doctrine. Our analysis emphasized the importance in law of the case doctrine jurisprudence of distinguishing between a district court's consideration of its own prior decision and the directive of a higher court:

> The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court. *All rulings of a trial court are subject to revision at any time before the entry of judgment.* A trial court may not, however, reconsider a question decided by an appellate court.

Accordingly, we determined that "[t]he doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order."[16]

Because reassignment of this case after Judge Singleton's decision to take senior status did not divest the District Court of jurisdiction (a fact that this Court has already acknowledged[17]) law of the case is, therefore, "wholly" inapplicable here.

---

[16] *Smith*, 389 F.3d at 949 (quoting *Santa Monica Baykeeper*, 254 F.3d at 888) (internal citations omitted).

[17] *See* Oral Argument at 10:06:12.

    Mr. SANDERS:    It's irrelevant that there are — this is a new judge in the case. So I would say that we'll treat this as the District Court.

    The COURT:    Right.

    Mr. SANDERS:    Okay. So the question is: when a district court makes a ruling on day one in a case, on day two can it say, "I've looked at this again, I've determined that I don't

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB    Page 6 of 14

**B.     The Doctrine of Law of the Case Imposes No Serious Limitation On A Court's Power To Reconsider Questions of Law Whose Prior Resolution Did Not Require the Exercise of Judicial Discretion.**

Because the District Court has always retained jurisdiction over this case, law-of-the-case considerations do not apply to the Estate's motion to dismiss. Yet even if the doctrine did apply, this Court would still not be obliged to affirm Judge Singleton's order because the doctrine imposes no serious limitation on a court's ability to reverse prior rulings that did not involve an exercise of judicial discretion.

Prior decisions involving the exercise of judicial discretion — rulings regarding the apparent accuracy of statements submitted in support of a motion to suppress,[18] or of the ability of plaintiffs to demonstrate the commonality, numerosity, and typicality of claims necessary for class certification,[19] for instance — may be owed some special deference under law-of-the-case principles if raised by a party after a

---

have subject matter jurisdiction, therefore I'm dismissing the case," and I can brief that for you.

The COURT:      And that's all I'm asking you for.

[18]   *See, e.g.*, *United States v. Alexander*, 106 F.3d 874, 875 (9th Cir. 1997) (on reassignment of case to district court after voluntary dismissal of Ninth Circuit appeal, new judge could reverse first judge's ruling on a motion to suppress only if 1) the first decision was clearly erroneous; 2) an intervening change in the law occurred; 3) the evidence on remand was substantially different; 4) other changed circumstances existed; or 5) manifest injustice would otherwise result).

[19]   *See, e.g.*, *In re Exterior Siding and Aluminum Coil Antitrust Litigation*, 696 F.2d 613 (8th Cir. 1982) (on reassignment of case to district court following consolidation by the Judicial Panel on Multidistrict Litigation, court could not reverse prior judge's class-certification order without good cause).

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                          Page 7 of 14

jurisdictional transfer. While "[a]pplication of the doctrine is discretionary,"[20] and though the doctrine is merely a "guide to discretion,"[21] courts have sometimes held that law of the case precludes reconsideration unless:

> 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.[22]

The "clearly erroneous" standard articulated in the first prong is of greatest relevance here.

The "clearly erroneous" standard limits the ability of a court to reverse a ruling that was "plausible in light of the evidence."[23] But it can only weakly limit the ability of courts to review previously resolved questions of law that did not require the exercise of some judicial discretion; such questions are reviewed *de novo* on appeal and reversed if, in the reviewing court's view, the original decision was mistaken.[24] "Clearly

---

[20] *Smith*, 389 F.3d at 949 (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)).

[21] *Alexander*, 106 F.3d at 876 (9th Cir. 1997) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

[22] *Id.*

[23] *Cf. id.* at 878 (prior ruling was not "clearly erroneous" where "plausible in light of the evidence").

[24] *Cf. Westlands Water Dist. v. U.S. Dept. of Interior*, 376 F.3d 853 (9th Cir. 2004) (quoting *Sierra Club v. Babbitt*, 65 F.3d 1502, 1507 (9th Cir. 1995) (when exercising "*de novo* review," appellate court views the case "from the same position as the district court").

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 8 of 14

erroneous," as applied to these questions, then, is not significantly different from "wrong" — a second court cannot defer to discretion that was never actually exercised.

That observation would be of particular relevance, were law of the case applicable here. In this case, Judge Singleton engaged in a "two-step" jurisdictional analysis.[25] He asked, first, whether this case involved an actual controversy,[26] and second, whether the Court should exercise its "discretionary jurisdiction."[27] If law of the case applied, Judge Singleton's answer to the second question might be owed some kind of deference — but his answer to the first question would not. Judge Singleton was not asked to decide whether any existing controversy in this case was "substantial,"[28] he was merely asked to determine whether one *existed at all*. The question was one of legal *existence*, not of degree, and it did not require Judge Singleton to make a discretionary

---

[25] *See* Order at Docket 42 at 4 ("In deciding whether to exercise jurisdiction over a claim under the DJA, a court must perform a two-step analysis. First, a court must determine whether the suit presents a controversy and falls within its subject matter jurisdiction. Second, it must decide whether to exercise its discretionary jurisdiction.") (citing *Am. States. Ins. Co. v. Kearns*, 15 F.3d 142 143-44 (9th Cir. 1994)).

[26] *See id.* (analyzing the need for an "actual controversy" as an Article III "constitutional requirement").

[27] *See id.* at 6 (applying the factors set out in *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998)).

[28] *Cf. Principle Life Ins. Co.*, 394 F.3d at 671 (quoting *Md. Cas. Co.*, 312 U.S. at 273) (there must be "a <u>substantial</u> controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment") (emphasis added).

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 9 of 14

call. If appealed, it would be reviewed entirely *de novo*,[29] and afforded no deference. Thus, even were the doctrine of law of the case to apply, it would impose no serious limitation on this Court's authority to reverse Judge Singleton's jurisdictional order.

Law of the case, in general, is not "an inexorable command,"[30] and its effect would be particularly weak were it to apply to this case.

C. **Law of the Case Cannot Trump a Court's Duty to Decline to Hear a Case Where Jurisdiction is Lacking.**

Finally, the United States Supreme Court has also definitively held that law-of-the-case principles, where applicable, do not authorize a court to exercise jurisdiction merely because a previous court erroneously concluded that jurisdiction could be properly exercised.

A unanimous court reached that conclusion in a decision involving review of an appeal that had been transferred from the Seventh Circuit Court of Appeals to the Federal Circuit,[31] after the Seventh Circuit concluded that only the Federal Circuit had jurisdiction to hear the appeal.[32] On petition for certiorari, one party argued that the

---

[29] *See Aguon-Schulte v. Guam Election Com'n.*, 469 F.3d 1236, 1239 (9th Cir. 2006) ("The existence of subject matter jurisdiction is a question of law reviewed *de novo*.").

[30] *Smith*, 389 F.3d at 949 (quoting *Hanna Boys Center v. Miller*, 853 F.2d 682, 686 (9th Cir. 1988)).

[31] *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 803-04 (1988).

[32] *Id.* at 807. The Seventh Circuit had determined that the case fell within the Federal Circuit's exclusive patent jurisdiction. *Id.* at 807-08.

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                           Page 10 of 14

Federal Circuit was bound by law of the case to accept the Seventh Circuit's jurisdictional analysis,[33] but the Supreme Court disagreed.[34] Though the transfer of the case from one jurisdiction to another did impose some law-of-the-case obligations on the Federal Circuit, the Supreme Court held that the Federal Circuit was affirmatively "obliged" to decline jurisdiction once it determined that the Seventh Circuit's analysis was clearly wrong:

> [Respondent]'s final argument is that the Federal Circuit was obliged not to revisit the Seventh Circuit's thorough analysis of the jurisdictional issue, but merely to adopt it as the law of the case. "As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." This rule of practice promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues."
>
> [Respondent] is correct that the doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions. Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts. . . .
>
> [And] [t]here is no reason to apply law-of-the-case principles less rigorously to transfer decisions that implicate the transferee's jurisdiction. Perpetual litigation of any issue — jurisdictional or nonjurisdictional — delays, and therefore threatens to deny, justice.

---

[33]    *Id.* at 815.

[34]    *Id.* at 817.

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                      Page 11 of 14

> [But] [Respondent]'s conclusion that jurisdiction therefore lay in the Federal Circuit is flawed[.] . . . [T]he law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." Thus, <u>even if the Seventh Circuit's decision was law of the case, the Federal Circuit did not exceed its power in revisiting the jurisdictional issue, and once it concluded that the prior decision was "clearly wrong" it was obliged to decline jurisdiction</u>.[35]

Even though law of the case applied, the Supreme Court held that once the Federal Circuit determined that the Seventh Circuit had resolved the jurisdictional issue incorrectly, the Federal Circuit Court was not only equally entitled to express its contrary opinion, it was affirmatively "obliged to decline jurisdiction."[36]

The meaning for this case is clear: even if this Court were willing to overlook the fact that law of the case applies only after a jurisdictional transfer, and even if it were to consider itself bound to afford law-of-the-case deference to pure questions of law not involving the exercise of judicial discretion, it would nevertheless remain

---

[35] *Id.* at 815-18 (1988) (citations omitted and emphasis added). *See also United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986) ("Application of [law-of-the-case] doctrine to an appellate panel's authority to reconsider an earlier ruling is limited . . . [I]t is the duty of [] this court to dismiss whenever it becomes apparent that we lack jurisdiction.") (citations omitted).

[36] *Christianson*, 486 U.S. at 818.

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                    Page 12 of 14

"obliged" to reverse Judge Singleton's order if it felt that the District Court has always lacked jurisdiction over this case.

## CONCLUSION

Because "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment"[37]; because Federal Rule of Civil Procedure 12(h)(3) is mandatory[38]; and because law of the case is "wholly inapposite" here,[39] this Court can and should reverse Judge Singleton's order if it is now convinced that this case has never involved an "actual controversy" between Allstate and the Estate.

The total absence of an actual controversy in this case is conclusively demonstrated in the record, and the Estate therefore respectfully asks that this case be dismissed because the Court lacks subject matter jurisdiction.

/

/

/

/

/

/

---

[37] *Smith*, 389 F.3d at 949 (quoting *Santa Monica Baykeeper*, 254 F.3d at 888-89).

[38] *See* FED. R. CIV. P. 12(h)(3) ("Whenever it appears. . . that the court lacks jurisdiction of the subject matter, the court shall dismiss miss the action.").

[39] *Smith*, 389 F.3d at 948 (quoting *Santa Monica Baykeeper*, 254 F.3d at 888).

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                              Page 13 of 14

Dated this 31st day of January, 2007.

        s/   Eric T. Sanders
           Alaska Bar No. 7510085
           William D. Falsey
           Alaska Bar No. 0511099

FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:    (907) 274-0819
Email:        sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2007,
a copy of the Additional Briefing in Support of Estate's
Motion to Dismiss for Lack of Subject Matter Jurisdiction
was served electronically on:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton

Dennis M. Mestas
Law Offices of Dennis M. Mestas

s/ Eric T. Sanders

Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB        Page 14 of 14