Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
     Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,  )<br>an Illinois Corporation,      )<br>                               )<br>         Plaintiff,           )<br>                               )<br>     v.                        )<br>                               )<br>SALLY FIELDER, and DANIEL E.  )<br>LIBBEY, as personal            )<br>representative of the ESTATE  )<br>OF JULIE MENEREY,             )<br>                               )<br>         Defendants.           )<br>_____)  | Case No. 3:04-CV-246-TMB |

**ALLSTATE'S SUPPLEMENTAL BRIEFING IN OPPOSITION
TO ESTATE'S MOTION TO DISMISS FOR "LACK OF
SUBJECT MATTER JURISDICTION"**

The Estate was asked on January 9, 2007 to provide the Court with the proper standard for a successor judge re-deciding a jurisdictional issue which was fully briefed and decided by a predecessor judge.  The Estate's supplemental briefing instead presents a classic "straw man fallacy:" citing cases which have criticized the sometimes misconstrued "law of the case" as a limit on "judicial power."  The Estate then argues that any court

generally has power to reconsider "interlocutory" rulings "at any point," especially jurisdictional rulings. These arguments show the Estate either couldn't find the relevant standard the Court asked for or chose not to brief it.

Judicial "power" is not the relevant point.[1] When the "law of the case" doctrine is properly construed, it is not a limitation on a Court's power, it is a constraint on the Court's discretion on the grounds of "comity" and judicial fairness and efficiency.[2] The Estate does no service to this Court suggesting that substantive jurisdictional decisions by a predecessor judge are, as a matter of federal practice, supposed to be "revisited" at will, merely because jurisdiction is at stake.

The Ninth Circuit explains that even though a district court always has "power to modify or to overturn an interlocutory order or decision . . . we also reiterate[] our prior statement that 'one judge should not overrule another * * * except for the most cogent reasons.'" <u>Tanner Motor Livery, Ltd. v. Avis, Inc.</u>, 316 F.2d 804, 809 (9th Cir. 1963) (quoting <u>Castner v. First National Bank</u>, 278 F.2d 376, 380 (9th Cir. 1960) (avoiding what may be a "futile and expensive trial" may be an acceptable "cogent reason

---

[1] <u>Arizona v. California</u>, 460 U.S. 605, 619 and n. 8, 103 S.Ct. 1382, 1391 and n. 8 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power;" "[I]t is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice.")
[2] The Estate does not even come close to admitting that the "law of the case" doctrine is a "guide to discretion" until page 8 of its

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                    *Allstate v. Fielder, et al.*
Page 2 of 13                                              3:04-CV-246-TMB

and exceptional circumstance").  The general federal practice is that a successor judge reconsiders the substantive decisions of the original district court judge only in unusual circumstances and "for the most cogent reasons."  See, e.g., United States v. Desert Gold Mining Co., 433 F.2d 713, 716 (9th Cir. 1970) (death of first judge permitted Rule 54(b) analysis to be reexamined).

The Estate's renewed motion to dismiss for lack of a "case or controversy" should be denied.  The Estate cannot establish the requisite cogent reason and exceptional circumstance which warrants reconsideration of Judge Singleton's substantive jurisdictional order at Docket 42.[3]

### I. Successor Judges Do Not Reverse Predecessor Judges As A General Rule of Comity and Orderly Administration

"Litigants have a right to expect that a change in judges will not mean going back to square one."[4]  That is what the Menerey Estate asks this Court to do:  Go back to "square one" based on nothing more than a hope this Court might decide an issue differently than Senior Judge Singleton.  The Estate presents this Court no new facts.  The Estate offers no new or overlooked law concerning disputes between insurers and insureds.

---

brief, spending all of its analysis before that to knock down its "straw man."
[3] Even the local rules assume, consistent with judicial efficiency, that the only motions for reconsideration that can be filed "at any time" are "based on an intervening change in the controlling law."  See generally Local Rule 59.1(b)(2).
[4] Williams v. C.I.R., 1 F.3d 502, 503 (7th Cir. 1993).

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                                    Allstate v. Fielder, et al.
Page 3 of 13                                                              3:04-CV-246-TMB

Instead, the Estate simply wants this Court to look at the exact same record Judge Singleton fully considered in the exact same case and reach the opposite conclusion on whether there was a "case or controversy."[5]

The Ninth Circuit requires more than the hope a successor judge would decide an issue differently before it approves of a successor judge overruling a predecessor judge on a substantive ruling in the same case. As a matter of federal practice and "comity," "the most cogent reasons" are required for the successor judge to overrule his predecessor. <u>Desert Gold Mining Co.</u>, 433 F.2d at 716 ("[O]ne [successor] judge should not overrule another [predecessor] except for the most cogent reasons . . ."). This is not only the rule in the Ninth Circuit, but it is the general federal practice.

For example, in <u>Loegering v. County of Todd</u>, 185 F.Supp. 134 (D.C. Minn. 1960), affirmed on other grounds, 297 F.2d 470 (8th Cir. 1960), the "same motion for the same reason" was made to a predecessor judge and denied on the merits. A second judge with equal jurisdiction rejected revisiting the issue as a matter of

---

[5] <u>See</u>, <u>e.g.</u>, Docket 128, Estate's briefing at 2: "[T]he court can and should reverse Judge Singleton's order if it is now convinced that this case <u>never involved</u> an 'actual controversy' between Allstate and the Estate of Julie Menerey." <u>Id.</u> at 4: "If the Court believes that subject matter jurisdiction has <u>always been lacking</u> in this case for want of an 'actual controversy,' it should so rule and reverse Judge Singleton's order to the contrary." <u>Id.</u> at 12-3: "[The Court is] 'obliged' to reserve Judge Singleton's order if it felt that the District Court has <u>always lacked</u> jurisdiction over this case."]

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                    *Allstate v. Fielder, et al.*
Page 4 of 13                                              3:04-CV-246-TMB

sound federal policy: "Regardless of the merits of the contention, it will ill behoove this court, even if so minded, to set aside the considered ruling of a conferee on a multi-judge court. We have taken the position that good public policy and the orderly and consistent administration of justice requires us in most cases to follow the rulings of our associates even though our individual judgment may dictate a contrary conclusion . . . and might agree with a reversal by the Court of Appeals." Id., 185 F.Supp. at 135 (citations omitted).

Similarly, in Williams v. C.I.R., 1 F.3d 502, 503 (7th Cir. 1993), the Court explained that if the same judge handles a case throughout, no rules prevent that judge from reversing himself as long as the time for reconsideration has not expired. However:

> The situation is different when judges are changed midstream. Litigants have a right to expect that a change in judges will not mean going back to square one. The second judge may alter previous rulings if new information convinces him that they are incorrect, but he is not free to do so even though the time for reconsideration has not expired, merely because he has a different view of the law or facts from the first judge. . . . In this situation the doctrine of law of the case has bite.

Id. at 503 (citing Desert Gold Mining, 433 F.2d at 715 (9th Cir. 1970)). See also Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 168-169 (3rd Cir. 1982) ("judges of co-ordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other;" "the purpose of this rule is 'to preserve the orderly functioning of the judicial

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                        Allstate v. Fielder, et al.
Page 5 of 13                                              3:04-CV-246-TMB

process;'" "[a] disappointed litigant should not be given a second opportunity to litigate a matter than has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances").

> II. **The Policy Against a Successor Judge Reexamining Prior Substantive Rulings Is Especially Appropriate When a Case Is on the Verge of Final Judgment and the Opportunity to Appeal**

The Ninth Circuit policy requiring "the most cogent reasons" before a new judge overturns a predecessor's substantive ruling, is even more compelling when a case is on the verge of final judgment.  Tanner, 316 F.2d 804 (9th Cir. 1963) is instructive.  In Tanner, an assigned judge was away on an extended vacation, when the chief judge issued a temporary restraining order.  After a hearing on a motion for a preliminary injunction, the chief judge issued a preliminary injunction (which can be immediately appealable under 28 U.S.C. §292(a)(2)).  When the assigned judge returned from vacation, the returning judge effectively reversed what the chief judge had done because the returned judge simply reached the opposite conclusion.  On appeal, the Ninth Circuit found that the assigned judge had committed an "abuse of discretion" in reaching the opposite conclusion on an issue which could have been immediately appealed if the chief judge had erred.  The premise of the Ninth Circuit's decision was that "except for the most cogent reasons," judges with "co-extensive"

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                              *Allstate v. Fielder, et al.*
Page 6 of 13                                                      3:04-CV-246-TMB

authority should not pit themselves against each other in the same case; an immediate appeal is preferable. Id. at 809-810. The Ninth Circuit explained:

> [T]he well-established rule [is] that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory. [Castner v. First National Bank, 278 F.2d 376 (9th Cir. 1960)] But in that case we also reiterated our prior statement that "one judge should not overrule another * * * 'except for the most cogent reasons'." (Id. at 380.) We also said: "This court is therefore aligned with those holding that the power of each judge of a multi-judge court is equal and co-extensive; it permits one to overrule the order of another under proper circumstances, and where one judge has done so the question becomes one of the proper exercise of judicial discretion." (Id. at 380.)
>
> * * *
>
> An order granting or denying a preliminary injunction is made appealable, as of right, by statute. . . . [W]e think that it does mean that, in such a case, the requirement that there be "the most cogent reasons" for its reconsideration by another judge is peculiarly applicable. . . . We emphasize the appealability of the order because it afforded [the parties] a means whereby they could have had [the chief justice's] order reviewed by this Court. There was therefore no necessity for their resorting to the district court, much less to a different judge, to obtain review if they felt that [the chief judge] had erred.

Id. at 809-810 (emphasis added). See also Hardy v. North Butte Mining Co., 22 F.2d 62, 62-63 (9th Cir. 1927) (second judge's order discharging a receiver appointed by another judge an abuse of discretion requiring reversal; an immediate appeal under 28 U.S.C. §1292(a)(2) was preferable if the first judge's ruling was error).

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                                    Allstate v. Fielder, et al.
Page 7 of 13                                                           3:04-CV-246-TMB

The analysis in <u>Tanner</u> is persuasive in this case. Just like <u>Tanner</u>, the Estate attempts to pit one district court judge against another in the same case, expecting the judges are going to reach opposite conclusions. This case stands ready for "final judgment," just as <u>Tanner</u> was ready for an immediate appeal. The clear instruction by the Ninth Circuit in <u>Tanner</u> is that an immediate appeal is preferable to the second judge simply reaching a "different conclusion." In other words, the lesson in <u>Tanner</u> is that "the most cogent reasons" for reevaluating prior substantive orders by another judge with the same authority do not exist. In other words, there is "no necessity" for seeking a "second opinion" from a "second judge" when the dispute can be promptly appealed. <u>Tanner</u>, 316 F.2d at 810. As a matter of federal policy, a second judge "abuses its discretion" in not allowing the dispute to be resolved on appeal, especially when the case is procedurally poised for final judgment and there is no new record supporting reconsideration. <u>Id.</u> at 809.

 III. **<u>There Is No Exception to the General Comity Rule Merely Because the Dispute Involves "Jurisdiction", Especially When there Has Been No Showing of New Facts, New Law, or A Showing of "the Most Cogent of Reasons"</u>**

The underlying premise running throughout the Estate's argument is that "jurisdiction" "can be raised" at any time. Just because jurisdiction can be raised "at any time," does not mean it can be contested for "any reason." As in this case, the Estate has raised "lack of case or controversy" in response to

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"               *Allstate v. Fielder, et al.*
Page 8 of 13                            3:04-CV-246-TMB

virtually every substantive motion in the case, both before and after the present judge was appointed.  If every time a court had to "revisit" jurisdiction merely because it was "contested," any party could grind the entire judicial system to a standstill, as well as frustrate any appeal on the merits.[6]  As a matter of federal practice, Courts utilize comity principles to cut off endless potentially circular attacks on jurisdiction.[7]

In <u>Jaros v. State Farm Mut. Auto. Ins. Co.</u>, 261 F.Supp. 315 (D.C.La. 1966), a defendant twice moved to dismiss an insurer's controversy on the grounds that the jurisdictional amount was not satisfied because of facts unique to a minor child.  The two predecessor judges in the case denied the motion to dismiss for lack of subject matter jurisdiction.  On a third dismissal attempt, the successor judge cut off further consideration of the

---

[6] <u>See</u>, <u>e.g.</u>, <u>White v. Murtha</u>, 377 F.2d 428, 431 (5th Cir. 1967) ("The 'law of the case' rule is based on the salutary and sound public policy that litigation should come to an end.  It is predicated on the premise that 'there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms of their opinions or speculate of chances from changes in its members . . . '")

[7] "Motions for reconsideration are not a substitute for an appeal or a means of attacking some perceived error of the court." <u>In re Yeganeh</u>, 2006 WL 2642532, *2 (N.D.Cal. 2006); <u>Hill v. Fort Dearborn Life Ins. Co.</u>, 1993 WL 307758, *1 (N.D.Cal. 1993) (motions for reconsideration and motions for relief from orders under Rule 60(b) should not be used as a request to reconsider, even jurisdictional issues, "just one more time, please.")  "[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Desert Gold Mining</u>, 433 F.2d at 715.  The Estate asks this Court to "revisit" Judge Singleton's jurisdictional orders without even this basic showing.

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                    *Allstate v. Fielder, et al.*
Page 9 of 13                                          3:04-CV-246-TMB

jurisdictional dispute on comity grounds:

> Although the doctrine of law of the case does not deprive us of the power to overrule the prior decisions of two judges of this Court, 1 B Moore's Federal Practice, [404(4) at 452-55], where, as here, all matters of law and fact involved in that ground for the motion presented to the other judges and there is no showing that those rulings were in error or are no longer applicable or should not be followed, Poster Exchange Inc. v. National Screen Service Corp., 362 F.2d 571, 574 (5th Cir. 1966), we choose not to redetermine this ground for the motion. Even though the Court can, on its own motion, inquire into its subject matter jurisdiction, where that inquiry has been twice made, sound principles of judicial administration and judicial discretion dictate that we accept the result of these inquiries.

261 F.Supp. at 316-317.  See also, Hayman, 669 F.2d at 165 and 166-169 (New Jersey personal jurisdiction and venue should not be independently redetermined by a second judge unless on a showing of "unusual circumstances"); Hoxie School District v. Brewer, 137 F.Supp. 364, 366 (D.C.Ark. 1956), aff'd on other grounds, 238 F.2d 91 (8th Cir.) (since the evidence challenging jurisdiction a second time in school desegregation case before a successor judge was the same evidence before the original judge, the successor judge treated the prior ruling as the "law of the case").

### IV. The Estate's Briefing at Docket 128 Improperly Asks this Court to Act as an Appellate Panel

After wasting a lot of time arguing why the doctrine of law of the case does not limit a court's power, the Estate finally reaches a point at page 8 of its brief where it notes "courts have sometimes held that the law of the case precludes reconsideration unless  . . . the first decision was clearly

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                    Allstate v. Fielder, et al.
Page 10 of 13                                          3:04-CV-246-TMB

erroneous."  Docket 128 at page 8.  The "courts" the Estate is referring to is the United States Supreme Court and the Ninth Circuit.  See id. at 8 and n. 21; Arizona v. California, 460 U.S. at 619 n. 8 ("[I]t is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice.")  The remaining pages of the Estate's brief are an effort to imply that only a "legal issue" is at issue.  In essence, the Estate asks this Court—on the verge of final judgment—to act as an appellate court and decide if Judge Singleton's order on jurisdiction was "clearly erroneous."

Even at page 8 of the Estate's brief, the Estate does not fully present the correct analysis.  In the standard not revealed by the Estate, the Court's threshold concern must be to find "the most cogent reasons" for revisiting Senior Judge's Singleton's substantive rulings.  While the Estate might wish to ignore this threshold step, it cannot.  Comity and efficient federal practice requires "the most cogent reasons" before a successor judge reexamines a predecessor's substantive orders.  It is clear that this Court has discretion not to reexamine Judge Singleton's orders, even concerning jurisdiction, especially when the Estate offers no new facts, no new law, and the case is otherwise ready for final judgment.  Since the Estate failed to offer "the most cogent reasons" for re-examining Judge Singleton's orders, it would be an "abuse of discretion" at this point to "revisit" Judge Singleton's orders.

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                    *Allstate v. Fielder, et al.*
Page 11 of 13                                          3:04-CV-246-TMB

Allstate's declaratory judgment action succeeded. Allstate has asked for a dismissal resulting in a final judgment and an opportunity to appeal. Even if the Estate were correct and Judge Singleton's jurisdictional order involved "purely" legal questions, those legal questions ought to be reviewed by the Court of Appeals, not a judge with equal judicial authority, supposedly reaching the "opposite" legal conclusion on the exact same factual record.[8] In failing to appreciate the judicial comity rules, the Estate has proposed what the comity rules specifically seek to avoid:  One district court judge criticizing another district court judge in the same case and on the same record merely because the two supposedly could disagree over the correct legal conclusion.  For all the reasons discussed above, this should not occur.

### **CONCLUSION**

The Estate was given an opportunity to cure the defects in its renewed jurisdictional motion by explaining the standards for a successor judge re-deciding a substantive order of a predecessor judge.  The Estate has utterly failed to recognize the federal rule leaving prior substantive order undisturbed on comity grounds, especially when there are no new facts or law which the original judge overlooked and especially when the case

---

[8] See, e.g., Hardy, 22 F.2d at 63-64 ('Where . . . the motion is made on the same grounds, and with no new state of pleadings or facts, it is nothing more than an appeal from one judge of the same

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                    Allstate v. Fielder, et al.
Page 12 of 13                                           3:04-CV-246-TMB

is poised for final judgment and the opportunity for appeal. Allstate asks the Court to deny the Estate's renewed motion to dismiss and enter the dismissal orders as proposed by Allstate so final judgment may enter.

DATED this 26th day of February, 2007, at Anchorage, Alaska.

By: **s/Alfred Clayton, Jr.**

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:   (907) 276-2956
[ABA No. 9111079]

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2007, a copy of the foregoing Allstate's Supplemental Briefing in Opposition to Estate's Motion To Dismiss for "Lack of Subject Matter Jurisdiction" was served electronically on:

**Eric Sanders**

**Dennis M. Mestas**


**s/Alfred Clayton, Jr.**


N:\ASM\854\451\PLDG\ALLSTATE.SUPPLE.BRIEFING.LACK.JURISDICTION.doc

---

court to another . . . I have in this court no such prerogative.") (quoting Appleton v. Smith, 1 Fed.Cas. 1074, No. 498)).

Allstate's Supplemental Briefing in Opposition
To Estate's Motion to Dismiss for "Lack of
Subject Matter Jurisdiction"                          Allstate v. Fielder, et al.
Page 13 of 13                                                3:04-CV-246-TMB