ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:   (907) 274-0819
Email:   sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ) <br> An Illinois Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SALLY FIELDER, and DANIEL E. LIBBEY, ) <br> As personal representative of the ESTATE ) <br> OF JULIE MENEREY, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:04-cv-00246-TMB |

**REPLY TO ALLSTATE'S OPPOSITION TO
ADDITIONAL BRIEFING IN SUPPORT OF ESTATE'S
<u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Because "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment,"[1] and because Federal Rule of Civil Procedure 12(h)(3) is

---

[1]   *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (quoting *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888-89 (9th Cir. 2001)); Estate's

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                   Page 1 of 20

mandatory,[2] the Estate of Julie Menerey informed the Court in its opening brief that the Court can and should reverse Judge Singleton's prior decision regarding the existence of subject matter jurisdiction in this case if it is now convinced that that this case has never involved an actual controversy between Allstate and the Estate. The Estate demonstrated that law-of-the-case considerations impose no serious limitations on a court's power to reverse an erroneous jurisdictional ruling,[3] and established that law of the case cannot absolve a court of its duty to decline to hear a case where jurisdiction is lacking.[4] Because the total absence of any controversy between Allstate and the Estate is conclusively demonstrated in the record, the Estate respectfully asked the Court to grant its motion to dismiss this case for lack of subject matter jurisdiction.[5]

Allstate objects to this analysis. In its opposition to the Estate's brief, Allstate argues that reconsideration of Judge Singleton's ruling would amount to an abuse of discretion because (1) "successor judges do not reverse predecessor judges as a general rule of comity,"[6] (2) reconsideration is "especially [in]appropriate" when a case is "on the

---

Additional Briefing in Support of Estate's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Estate's Additional Briefing"), pp. 1-4.

[2] Estate's Additional Briefing at 4.

[3] *Id.* at 5-10.

[4] *Id.* at 10-13.

[5] *Id.* at 13.

[6] Allstate's Supplemental Briefing in Opposition to Estate's Motion to Dismiss for "Lack of Subject Matter Jurisdiction," pp. 2-6.

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB   Page 2 of 20

verge of final judgment and the opportunity to appeal,"[7] (3) there is "no exception to the general comity rule merely because [a] dispute involves 'jurisdiction,'"[8] and (4) the Estate "improperly asks the Court to act as an appellate panel."[9]  Each of these positions is incorrect.  The first overstates the burden placed by comity on this Court's discretion, and the second and fourth rest on an erroneous understanding of Ninth Circuit precedent.  Most critically, however, Allstate's third position hinges on the premise that there are no "cogent reasons" for the court to reconsider Judge Singleton's decision.[10]  That position is simply wrong.

## ARGUMENT

Distilled to its essence, Allstate's central argument is that this Court cannot reconsider Judge Singleton's jurisdictional ruling because its discretion is constrained by a "most cogent reasons" standard.[11]  Allstate's conclusion is unwarranted.  The most cogent reasons standard poses no bar to reconsideration because (1) the Ninth Circuit has never adopted any rule that obligates a district court to adhere to an erroneous jurisdictional ruling, and (2) the Court has at least two "most cogent reasons" to reconsider Judge Singleton's erroneous decision.

---

[7]   *Id.* at 6-8.

[8]   *Id.* at 8-10.

[9]   *Id.* at 10-12.

[10]  *See id.* at 2-3.

[11]  *Id.*

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                   Page 3 of 20

## I. THE NINTH CIRCUIT HAS NEVER ADOPTED A RULE THAT OBLIGATES A DISTRICT COURT TO ADHERE TO AN ERRONEOUS JURISDICTIONAL RULING.

Allstate claims that a "general rule of comity" provides that "a successor judge [may] reconsider[] the substantive decisions of [an] original district court judge only in unusual circumstances and 'for the most cogent reasons.'"[12] Allstate fails to acknowledge, however, (a) that "comity" does not require a court to ignore its convictions or "abdicate [its] individual judgment," and (b) that the Ninth Circuit has used the "most cogent reasons" to find an abuse of discretion only twice, and in circumstances very different from this case.[13] Neither comity nor the "most cogent reasons" standard requires a district court to adhere to an erroneous jurisdictional ruling.

---

[12] *Id.* at 3-6 (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 716 (9th Cir. 1970)).

[13] Allstate also fails to acknowledge that the "most cogent reasons" standard is not actually relevant to the issue that the Court asked the parties to brief. *See* Oral Argument at 10:06:12 (the Court will treat the presence of "a new judge in the case" as irrelevant):

> Mr. SANDERS:   "It's irrelevant that there are — this is a new judge in the case. So I would say that we'll treat this as the District Court.
>
> The COURT:   Right.
>
> Mr. SANDERS:   Okay. So the question is: when a district court makes a ruling on day one in a case, on day two can it say, "I've looked at this again, I've determined that I don't have subject matter jurisdiction, therefore I'm dismissing the case," and I can brief that for you.
>
> The COURT:   And that's all I'm asking you for.

Though not intending to exceed the scope of the Court's instructions, the Estate here addresses the "most cogent reasons" standard in order to offer a complete response to

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                               Page 4 of 20

### A. Comity Does Not Require the Court To Ignore Its Convictions Or Abdicate Its Individual Judgment.

Allstate begins its opposition by arguing that successor judges do not, as a "general rule of comity," reverse the orders of a "predecessor judge."[14] The argument seriously misapprehends the role that comity considerations play in courts' decision-making.

As United States Supreme Court made clear long ago, comity "implies [some] deference to the opinion of others," but "its obligation is not imperative" — comity does not eliminate "the primary duty of every court . . . to dispose of cases according to the law and the facts" and it does not require a court to "abdicate [its] individual judgment":

> Comity is not a rule of law, but one of practice, convenience, and expediency. It is something more than mere courtesy, which implies only deference to the opinion of others, since it has a substantial value in securing uniformity of decision, and discouraging repeated litigation of the same question. But <u>its obligation is not imperative</u>. . . . Comity persuades; but <u>it does not command</u>. It declares, not how a case shall be decided, but how it may with propriety be decided. It recognizes the fact that <u>the primary duty of every court is to dispose of cases according to the law and the facts; in a word, to decide them right. In doing so, the judge is bound to determine them according to his own convictions</u>. <u>If he be clear in those convictions, he should follow them</u>. It is only in cases where, in his own mind, there may be a doubt as to the soundness of his views that comity comes in play and suggests a uniformity of ruling to avoid confusion, until a higher court has settled

---

Allstate's opposition, and to allay any new concerns that Allstate's briefing may have raised.

    [14]    Allstate's Supplemental Briefing in Opposition at 3-4.

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB      Page 5 of 20

the law. It demands of no one that he shall abdicate his individual judgment[.][15]

The meaning for this case is clear: as the Estate has counseled, if it is this Court's judgment that this case has never involved an actual controversy between Allstate and the Estate, the Court can and should reverse Judge Singleton's clearly erroneous decision to the contrary.[16]  No "general rule of comity" requires the Court to embrace a decision it believes to be wrong.

> **B.  The Ninth Circuit Has Never Held That The "Most Cogent Reasons" Standard Obligates A District Court To Adhere To An Erroneous Jurisdictional Ruling.**

Allstate next argues that a district court may reconsider a prior judge's orders only "for [the] most cogent reasons."[17]  It makes no attempt to define what qualifies as a "most cogent reason" for purposes of the standard.

---

[15] *Mast, Foos & Co. v. Stover Mfg. Co.*, 177 U.S. 485, 488-89 (1900) (emphasis added).  The court also suggested that a lower court's failure to give "sufficient weight to the doctrine of comity" is not grounds for reversal:

> It is scarcely necessary to say, however, that when the case reaches this court we should not reverse the action of the court below if we thought it correct upon the merits, though we were of opinion it had not given sufficient weight to the doctrine of comity.

*Id.* at 489.

[16]   *Cf.* Estate's Additional Briefing at 2, 13.

[17]   Allstate's Supplemental Briefing in Opposition at 2-3, 11.

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 6 of 20

The Ninth Circuit has discussed the "most cogent reasons" four times,[18] and has used the test to find abuse of discretion only twice: once in a case in which a district court dismissed a suit for want of prosecution, though it had injected itself into the case on its "own initiative" and was "obviously unfamiliar" with it;[19] and once in a case in which a district court reversed a prior judge's order that could have been immediately appealed under 28 U.S.C. § 1281.[20] The Ninth Circuit has never held that the most cogent reasons standard obligates a district court to adhere to a prior judge's erroneous jurisdictional ruling.[21]

---

[18] *See United States v. Desert Gold Mining Co.*, 433 F.2d 713 (9th Cir. 1970) (no abuse of discretion where district court reversed a prior judge's order granting partial summary judgment); *Tanner Motor Livery, Ltd., v. Avis, Inc.*, 316 F.2d 804 (9th Cir. 1963); *Castner v. First National Bank of Anchorage*, 278 F.2d 376 (9th Cir. 1960) (no abuse of discretion where district court reversed a prior judge's order denying summary judgment); *Carnegie Nat. Bank v. City of Wolf Point*, 110 F.2d 569 (9th Cir. 1940).

The most cogent reasons standard made its first appearance in over forty years in the Ninth Circuit at the district-court level in an unpublished opinion released two weeks after the Estate filed its Additional Briefing on January 31. *See E.E.O.C. v. Serrano's Mexican Restaurants, LLC*, 2007 WL 505342, at *2 (D.Ariz. Feb. 14, 2007) (not for publication) (neither most cogent reasons standard nor law of the case was bar to reconsideration of prior judge's order for a new trial). *See also Glucksman v. Columbia Broadcasting System, Inc.*, 219 F.Supp. 767, 769 (S.D.Cal. 1963) (court would adopt another district court judge's analysis of a legal issue, announced in a different case, where the earlier judge's analysis was not "patently erroneous").

[19] *See Carnegie Nat. Bank*, 110 F.2d 569.

[20] *See Tanner Motor Livery*, 316 F.2d 804.

[21] The "most cogent reasons" standard may also have been subsumed by the Ninth Circuit's more developed law-of-the-case framework. *See, e.g., United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997) (reviewing a district court's decision to reverse a prior judge's suppression order under law-of-the-case principles, and without mentioning the "most cogent reasons" standard). *See also Desert Gold Mining Co.*, 433 F.2d at 715 (applying the most cogent reasons standard without extended comment):

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 7 of 20

### 1.    This Court Is Not "Obviously Unfamiliar" With This Case.

The older of the two cases in which the Ninth Circuit applied the most cogent reasons standard to find abuse of discretion involved a district court's decision to dismiss a case for want of prosecution.[22] In *Carnegie National Bank v. City of Wolf Point*, the Ninth Circuit held that it was "manifest injustice" for a district court to dismiss a suit on the "peculiar facts" that the court had "injected [itself] into the case on [its] own initiative" and was "obviously unfamiliar" with it.[23]

---

> [T]he partial summary judgment under Fed.R.Civ.P. 54(b) was 'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' A later motion after the death of the first judge, Judge Ling, to make the partial summary judgment a final judgment under the Rule, was denied. The judgment therefore remained subject to reconsideration and revision either by the same judge, a successor judge or a different judge to whom the case might be assigned. The question before this court then becomes whether or not the action taken was a proper exercise of judicial discretion. Having in mind that one judge should not overrule another except for the most cogent reasons, we do not believe the action of the successor district judge here was an abuse of discretion and thus we proceed to the other issues.

(internal citations to *Tanner Motor Livery*, 316 F.2d at 809 and *Castner*, 278 F.2d at 380 omitted).

The Estate has not briefed this issue because it is clear that the standard does not present a bar to reconsideration in the present circumstances.

[22]    *Carnegie National Bank v. City of Wolf Point*, 110 F.2d 569, 573 (9th Cir. 1940).

[23]    *Id.* at 573. ("No reason is to be found in the record why Judge Baldwin entered the order to show cause in a case with which he was obviously unfamiliar. . . . Judge Pray, who had tried the case and had rendered the decision, had manifested no impatience that the findings and conclusions had not been settled. It appears in the record

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                  Page 8 of 20

*Carnegie National Bank* has no relevance to the dispute between Allstate and the Estate because this Court has not inexplicably "injected [itself] into this case" and it is not "obviously unfamiliar" with it. Nothing about *Carnegie National Bank* suggests that it would be an abuse its discretion for the Court to revisit Judge Singleton's ruling on subject matter jurisdiction.

### 2. Judge Singleton's Order Was Not Immediately Appealable.

The only other case in which the Ninth Circuit found that a district court abused its discretion under the most cogent reasons standard involved a district court's decision to reverse a prior judge's order granting a preliminary injunction.[24] In *Tanner Motor Livery, Ltd., v. Avis, Inc.*, the Ninth Circuit noted that an order granting a preliminary injunction, unlike most interlocutory orders, can be immediately appealed

---

that [plaintiffs'] proposed findings of fact and conclusions of law were 'lodged' with the Clerk of the Court before the order of dismissal was entered. On the record the cause was still under submission to Judge Pray, and we entertain grave doubt whether Judge Baldwin could have considered the findings proposed, inasmuch as the judge who heard the case was available. In the circumstances it was an abuse of discretion for another judge to assume to dismiss the suit. . . . The order appealed from renders ineffectual the decision of a judge of equal rank, to whom the cause was originally submitted, by another judge <u>who injected himself into the case on his own initiative</u>. It was said in *Shreve v. Cheesman*, [69 F. 785, 791 (8th Cir. 1895)], "that the various judges who sit in the same court should not attempt to overrule the decisions of each other, especially upon questions involving rules of property or of practice, except for the most cogent reasons . . . . <u>On the peculiar facts before us</u> it was manifest injustice to dismiss the suit.") (internal citations omitted); *cf. Castner v. First National Bank of Anchorage*, 278 F.2d 376, 379-81 (9th Cir. 1960). ("In *Carnegie National Bank v. City of Wolf Point*, 9 Cir., 1940, 110 F.2d 569, we held it was an abuse of discretion for a second judge to dismiss an action after it had been heard and submitted to another judge of the same court and no reason was shown why the second judge entered into the case.")

[24]   *See Tanner Motor Livery, Ltd., v. Avis, Inc.*, 316 F.2d 804 (9th Cir. 1963).

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                                    Page 9 of 20

under 28 U.S.C. § 1292; the Ninth Circuit held that the availability of immediate appeal "does not mean that an order granting a preliminary injunction cannot be reconsidered,"[25] but it does make the most cogent reasons standard "particularly applicable":

> The manner in which the order appealed from was made was also an abuse of discretion. . . .
> An order granting or denying a preliminary injunction is made appealable, as of right, by statute. (28 U.S.C. § 1292(a)(1)). In this respect, <u>it differs from most interlocutory orders</u>, such as, for example, [an] order denying a motion for summary judgment[.] <u>This does not mean that an order granting a preliminary injunction cannot be reconsidered</u> by the district court if an appeal is not taken. <u>But we think that it does mean that, in such a case, the requirement that there be 'the most cogent reasons' for its reconsideration by another judge is peculiarly applicable</u>. Thus, in *Hardy v. North Butte Mining Co.*, 9 Cir., 1927, 22 F.2d 62, we reversed an order, by a second judge, discharging a receiver appointed by another judge. An order appointing a receiver is also appealable, (28 U.S.C. § 1292(a)(2)), and has been since 1900 (31 Stat. 660). We emphasize the appealability of the order because it afforded [plaintiffs] a means whereby they could have had [the prior judge's] order reviewed by this Court. There was therefore no necessity for their resorting to the district court, much less to a different judge, to obtain review if they felt that [the prior judge] had erred.[26]

---

[25] Allstate omits this sentence from its block quotation of *Tanner Motor Vehicle* and consequently misreads the case. *See* Allstate's Supplemental Briefing In Opposition at 7. The *Tanner Motor Vehicles* court determined when the most cogent reasons standard is "particularly applicable"; it did not establish a per se rule that a district court will always lack "most cogent reasons" to revisit the decisions of "another judge with the same authority." *Cf. id.* at 8 (erroneously suggesting the latter to be the "lesson" of *Tanner Motor Vehicles*).

[26] *Tanner Motor Livery*, 316 F.2d at 810 (emphasis added).

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                                Page 10 of 20

By contrast, the *Tanner Motor Livery* court noted that orders not subject to immediate appeal under 28 U.S.C. § 1292 are analyzed under the "well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory":

> We have heretofore held that each judge of a multi-judge district court has the same power and authority as each other judge. (*Castner v. First Nat'l Bank*, 9 Cir., 1960, 278 F.2d 376). We there [held] that, where judge A of such a court had denied a motion for summary judgment, and the case was then assigned to judge B for trial, judge B could grant the same motion. This is but an application, in the case of a multi-judge court, of the <u>well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory</u>.[27]

This is the rule applicable to the motion to dismiss currently before this court.

28 U.S.C. § 1292 authorizes a party to take an immediate appeal from only four kinds of district court orders: (1) orders granting or denying a preliminary injunction;[28] (2) orders granting or denying a request to appoint a receiver;[29] (3) decrees determining the rights and liabilities of parties in admiralty cases;[30] and (4) orders specially certified by a district court for immediate appeal.[31] Orders regarding subject

---

[27] *Id.* at 809.

[28] 28 U.S.C. § 1292(a)(1).

[29] 28 U.S.C. § 1292(a)(2).

[30] 28 U.S.C. § 1292(a)(3).

[31] 28 U.S.C. § 1292(b).

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 11 of 20

matter jurisdiction may not be appealed absent special certification,[32] and Judge Singleton did not specially certify his order on subject matter jurisdiction for appeal.[33] Because Judge Singleton's erroneous order was not subject to immediate appeal under 28 U.S.C. § 1292, the most cogent reasons standard is not "particularly applicable" to it.[34]

Even were that not the case, however, the Ninth Circuit's *Tanner Motor Livery* decision would still pose no bar to reconsideration of Judge Singleton's incorrect jurisdictional ruling. The *Tanner Motor Livery* decision merely defines a circumstance in which the most cogent reasons standard is "particularly applicable"; it says little about what qualifies as a most cogent reason sufficient to justify reconsideration. The Ninth Circuit found that the district court in *Tanner Motor Livery* had abused its discretion under the most cogent reasons standard because (1) a motion for reconsideration of the prior judge's order granting a preliminary injunction could have been heard by the prior judge,[35] and (2) it appeared that the district court reached its the decision to reconsider the prior judge's order "lightly."[36] Neither rationale would be true in this case. Judge Singleton is no longer available to rule on the Estate's motion to dismiss and the Court

---

[32] *Lutz v. Secretary of Air Force*, 944 F.2d 1477, 1482-83 (9th Cir. 1991) ("a challenge to subject matter jurisdiction is not appealable before trial") (citations omitted).

[33] *See* Order at Docket 42, dated July 27, 2005.

[34] *Cf. Desert Gold Mining Co.*, 433 F.2d at 715 (order denying summary judgment was properly subject to revision by second judge at any time prior to final entry of judgment).

[35] *Tanner Motor Livery*, 316 F.2d at 810.

[36] *Cf. id.* The district court's order on reconsideration in *Tanner Motor Livery* was also substantively flawed. *See id.* at 809.

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                    Page 12 of 20

has already demonstrated that it will not "lightly" reverse Judge Singleton's erroneous ruling.

In sum, then, neither *Carnegie National Bank* nor *Tanner Motor Livery* obligates this Court to adhere to Judge Singleton's erroneous jurisdictional ruling. No rule adopted by the Ninth Circuit requires a district court to adhere to a clearly erroneous decision regarding the court's subject matter jurisdiction.

## II. THE COURT HAS AT LEAST TWO "MOST COGENT REASONS" TO RECONSIDER JUDGE SINGLETON'S PRIOR DECISION.

The most cogent reasons standard also poses no bar to the court's reconsideration because the court *has* cogent reasons to reconsider Judge Singleton's decision. Reconsideration of Judge Singleton's erroneous ruling regarding the existence of an actual controversy between Allstate and the Estate will (a) spare the parties and the court system the expense of an unnecessary appeal and (b) allow the court to correct a clear error regarding the existence of subject matter jurisdiction in this case. Both are "most cogent reasons" justifying reconsideration.

### A. Reconsideration Would Avoid An Expensive and Unnecessary Appeal.

Allstate suggests that the values of "fairness," "efficiency," and "orderly administration" preclude reconsideration of Judge Singleton's erroneous order.[37] In fact,

---

[37] Allstate's Supplemental Briefing in Opposition at 2, 4-5, 9-10. In support of this argument, Allstate cites repeatedly to *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168-69 (3d Cir. 1982). *See* Allstate's Supplemental Briefing in Opposition at 5, 10. The *Hayman Cash Register* court's logic was largely rejected by the United States Supreme Court in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815-18 (1988). *See* Estate's Additional Briefing at 9-11.

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                          Page 13 of 20

those values would be better served by sparing the parties and the court system the expense of an unnecessary and protracted appeal.

In the name of "efficiency" and "orderly administration," courts may properly decline to reopen debates that they consider to have been satisfactorily resolved by a predecessor.[38] But fairness, efficiency, and orderly administration can also be properly served by an order *reversing* a prior decision when a corrected ruling would spare parties and the court system unnecessary expense. In its most recent decision discussing the most cogent reasons standard in detail, the Ninth Circuit expressly held that sparing parties the expense of a "futile trial" was a "cogent reason[]" justifying reconsideration:

> This court is . . . aligned with those holding that <u>the power of each judge</u> of a multi-judge court is equal and coextensive; it <u>permits one to overrule the order of another under proper circumstances</u>, and where one judge has done so the question becomes one of the proper exercise of judicial discretion.
>
> We turn now to the instant case. We are concerned here with a second judge to whom a case has been assigned after a motion to dismiss the complaint and a motion for summary judgment have been denied by a prior judge and the case is set for trial. He is charged with the responsibility of conducting the trial to its conclusion. Yet after examination of the record he is firmly convinced that an error of law has been committed in denying the motions. He is faced with a

---

[38] *See, e.g.*, *Jaros v. State Farm Mut. Auto. Ins. Co.*, 261 F.Supp. 315, 316-17 (D.C.La. 1966) ("there is no showing that those rulings are in error . . . we <u>choose</u> not to redetermine this ground for the motion") (emphasis added). *Cf. Loegering v. County of Todd*, 185 F.Supp. 134, 135 (D.Minn. 1960) (declining to reconsider a jurisdictional ruling in a case where "it appear[ed] that the requisite diversity jurisdiction . . . ha[d] been properly established").

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 14 of 20

> dilemma: <u>shall he adhere to the rule of comity and defer to the 'erroneous' ruling of the first judge, thereby allowing a useless trial to proceed, or shall he reverse the order of the prior judge and permit immediate appeal, where he in turn may be reversed because he abused his discretion in overruling his colleague?</u>
>
> Under such circumstances, we feel that there is no abuse of discretion in overruling the prior judge. <u>The second judge must conscientiously carry out his judicial function in a case over which he is presiding. He is not doing this if he permits what he believes to be a prior erroneous ruling to control the case. He can settle the questions presently without compelling the parties to proceed with what may be a futile and expensive trial.</u> We think that <u>these are cogent reasons and exceptional circumstances which justify a departure from the rule of comity within the permissible limits of judicial discretion.</u>[39]

Endorsing the position that a judge must not "permit[] what he believes to be a prior erroneous ruling to control the case," the Ninth Circuit placed itself in agreement with those commentators that have noted that "a rule of law that requires a judge to commit reversible error is a patent absurdity."[40] The Ninth Circuit held that the district court had cogent reasons to reconsider an earlier judge's order because (1) the court was convinced the previous order was wrong and (2) adherence to it would cause the parties unnecessary

---

[39] *Castner v. First National Bank of Anchorage*, 278 F.2d 376, 379-81 (9th Cir. 1960) (emphasis added).

[40] Henry T. Lummus, *The "Law of the Case" in Massachusetts*, 9 B.U. L. REV. 225, 232 (1929) ("[A]ll judges have equal powers, and each is vested with all the powers the court[.] . . . [T]o create any rule of law which would restrict the exercise of any of those power to any one judge is to impair the efficiency of the court . . . [W]here the action of the second judge may be reversed for error if he follows the decision of the first, he cannot be required by a rule of law, as distinguished from a counsel of policy to do so [because] a rule of law that requires a judge to commit reversible error is a patent absurdity.").

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 15 of 20

expense. The logic of the latter observation applies with equal force to appeals,[41] and it should apply with special force where, as here, one party asymmetrically lacks the resources to shoulder the incredible financial burden of bringing an appeal.[42]

Because this Court can settle the parties' jurisdictional dispute without compelling the parties to proceed with an expensive and unnecessary appeal, it has a cogent reason to reconsider Judge Singleton's erroneous jurisdictional ruling.[43]

**B.    Correcting A Jurisdictional Error Is A Most Cogent Reason To Reconsider.**

Last, Allstate also argues that there is no "exception" to the "general comity rule merely because [a] dispute involves jurisdiction."[44] Whether there is an "exception" for jurisdictional errors or not, the ability of a court to correct a jurisdictional error is *itself* a most cogent reason justifying reconsideration.

While the Ninth Circuit has never had to address the question, other courts have noted that "the authority of a judge to reconsider a previous ruling of a prior judge" is "particularly sound" in the jurisdictional context:

---

[41]    *Cf. Hayes v. Crutcher*, 137 F.Supp. 853, 854 (D.C.Tenn. 1956) ("Despite my profound respect for the legal opinion of my fellow jurist, it would appear to be an idle ceremony to stand on the present law of the case, resulting in an appeal which would immediately terminate in a reversal.") (emphasis added).

[42]    *See* Affidavit of Eric T. Sanders in Support of Defendant Daniel E. Libbey's Opposition to Allstate's Motion for Partial Summary Judgment on Settlement Effort ¶4 at docket 35, dated May 9, 2005 (noting that the Estate has no funds to pay legal fees).

[43]    *Cf. Castner*, 278 F.2d at 381.

[44]    Allstate's Supplemental Briefing at 8.

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                    Page 16 of 20

> <u>The authority of a judge to reconsider a previous ruling of a prior judge, sitting on the same case in the same Court, is well settled.</u> *Helvering v. Hallock*, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604 (1940); *TCF Film Corporation v. Gourley*, 240 F.2d 711 (3rd Cir. 1957); *Ward v. Louisiana Wild Life and Fisheries Commission*, 224 F.Supp. 252 (E.D.La.1963).
> <u>We think this principle is particularly sound with respect to ruling on jurisdictional questions</u>. Moreover, <u>when a Federal District Court decides that jurisdiction is lacking</u>, at any time after a suit is brought, it has no authority to proceed further with an adjudication of the issues on their merits; <u>the Court must dismiss the suit</u>.[45]

In the words of one district court, the "question of lack of jurisdiction" is "always open," even when "there [are] prior rulings of . . . another judge sustaining the jurisdiction."[46]

At least one court has extrapolated from this general principle to expressly hold that correction of a prior judge's erroneous decision overruling a party's objections to the court's jurisdiction satisfies the most cogent reasons standard:

> <u>It is asserted that the decision of the first presiding judge overruling the objections to the jurisdiction, became the law of the case</u>; that the succeeding judge should have taken

---

[45] *Safeguard Mutual Ins. Co. v. Com. of Pa.*, 372 F.Supp. 939, 946 (D.C.Pa. 1974) (some citations omitted). *See also Trustees of Puritan Church v. U.S.*, 191 F.Supp. 670, 671 (D.C. 1960) ("In the present proceeding, the defendant by motion to dismiss raised the question of the jurisdiction of the Court. A ruling upon this motion by another judge of the Court was adverse to the present defendant. The government has maintained its position that the Court is without jurisdiction to try the case, and the Court, consequently, is confronted with the <u>necessity</u> of making a re-evaluation of the Court's jurisdiction.") (emphasis added); *Pickwick-Greyhound Lines v. Shattuck*, 61 F.2d 485, 487 (10th Cir. 1932) ("Either District Judge, at any time thereafter that it appeared to him that the controversy was not properly within the jurisdiction of the court, could have remanded it [to the state court system from which it had been removed]. It would have been his duty to do so. Therefore, the second order remanding the case was not in excess of the court's jurisdiction.").

[46] *Sheldon v. Wabash R. Co.*, 105 F. 785, 786 (N.D. Ill. 1900).

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 17 of 20

> the case where it stood when the matter was transferred to him. The cases cited by counsel are not persuasive, must less decisive, of the principle for which he contends. In the case of *Plattner Implement Company v. International Harvester Company* (C. C. A. 8) 133 F. 376, 378, this court more clearly defined the rule announced in *Shreve v. Cheesman*, 69 F. 785, as permitting "most cogent reasons," such as a certainty that a previous ruling was erroneous, that no conflict would arise and no injustice would result from disregarding it,' as exceptions. . . .
>         <u>If the first presiding judge was without jurisdiction, that is a cogent reason why his order should be disregarded</u>.[47]

Because the "first presiding judge" in this case lacked proper jurisdiction, this Court has a second cogent reason to reverse Judge Singleton's erroneous jurisdictional ruling.[48] The Court's authority to reconsider the previous rulings of prior judge is well-settled, and is "particularly sound" here.[49]

## CONCLUSION

Because "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment,"[50] and because Federal Rule of Civil Procedure 12(h)(3) is mandatory,[51] this Court can and should reverse Judge Singleton's prior decision regarding the existence of subject matter jurisdiction in this case if it is now convinced that this case has never involved an actual controversy between Allstate and the Estate.

---

[47] *German v. Universal Oil Products Co.*, 77 F.2d 70, 73-74 (8th Cir. 1935).

[48] *Id.*; *Safeguard Mutual Ins.*, 372 F.Supp. at 946.

[49] *Safeguard Mutual Ins.*, 372 F.Supp. at 946.

[50] Estate's Additional Briefing at 1-4 (quoting *Smith*, 389 F.3d at 949).

[51] *Id.* at 4.

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                           Page 18 of 20

Law-of-the-case considerations impose no serious limitations on a court's power to reverse an erroneous jurisdictional ruling,[52] and law of the case cannot absolve a court of its duty to decline to hear a case where jurisdiction is lacking.[53] The Ninth Circuit has never adopted any rule that would obligate this court to adhere to an erroneous ruling on subject matter jurisdiction, and this Court has cogent reasons to reconsider Judge Singleton's ruling.

        The total absence of an actual controversy in this case is conclusively demonstrated in the record, and the Estate therefore respectfully asks the Court to grant its motion to dismiss this case for lack of subject matter jurisdiction.

        Dated this 19th day of March, 2007.

        s/ Eric T. Sanders
          Alaska Bar No. 7510085
          William D. Falsey
          Alaska Bar No. 0511099

FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:  (907) 272-3538
Facsimile:  (907) 274-0819
Email:  sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

---

[52]  *Id.* at 5-10.
[53]  *Id.* at 10-13.

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB    Page 19 of 20

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2007,
a copy of the foregoing Reply to Allstate's Opposition
to Additional Briefing in Support of Motion to Dismiss
was served electronically on:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton

Dennis M. Mestas
Law Offices of Dennis M. Mestas

s/ Eric T. Sanders

Reply to Allstate's Opposition to Additional Briefing In Support of Motion to Dismiss
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 20 of 20