IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| SALLY FIELDER, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE ESTATE OF JULIE MENEREY, Deceased,<br><br>　　　　Defendant. | Case No.: 3AN-03-13709 CIV |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND COMPLAINT

Plaintiff opposes Defendant's Motion to Amend the Complaint to add a claim against Cody Hannaman, claiming that the motion is untimely and is brought in bad faith. What is significant in plaintiff's motion, however, is that she makes no argument that she will be prejudiced by the granting of this motion.

### 1. Delay Alone is an Insufficient Basis on which to Deny a Motion to Amend

In Miller v. Safeway, Inc., 102 P.3d 282 (Alaska 2004), the Alaska Supreme Court noted that "prejudice to the opposing party is the predominate factor in determining whether or not to grant leave to amend," and went on to state, "even if the party unreasonably delayed moving to amend it is an abuse of

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

FIELDER V. THE ESTATE OF JULIE MENEREY
Case No. 3AN-03-13709 CIV
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND COMPLAINT

Page 1 of 6

EXHIBIT A
PG 1 OF 6

discretion to deny leave to amend where the opposing party was not mislead or prejudiced by the amendment." Id. at page 294. The plaintiff does not claim that she was either mislead or will be prejudiced by the amendment. In fact, the amendment will not mislead or prejudice the plaintiff. The amendment is to add a third party claim against Cody Hannaman, who was driving an adjacent vehicle and who told the investigating police officer that he and Amy Menerey were "kind of racing". The plaintiff has known about Mr. Hannaman since the accident. Mr. Hannaman was the plaintiff's boyfriend at the time of the accident and currently lives with the plaintiff. He is the father of the plaintiff's recently born (or to be born) child. There is no surprise here.

Separately, given the circumstances of this case, the delay in bringing this motion is not unreasonable. Ms. Menerey had a minimal insurance policy at the time of the accident and her estate has virtually no assets. There is a dispute between her insurer and the plaintiff as to whether her insurer made a timely and proper policy limit settlement offer. After the lawsuit was filed, the plaintiff initiated negotiations with Ms. Menerey's Estate to settle her claims against the Estate, which included an assignment of rights against the Estate's insurer. While these discussions were underway, the Estate's

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

FIELDER V. THE ESTATE OF JULIE MENEREY
Case No. 3AN-03-13709 CIV
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND COMPLAINT

Page 2 of 6

EXHIBIT A
PG 2 OF 6

insurer filed a declaratory judgment action in Federal Court. As a result of that action, the plaintiff informed the Estate that she no longer wanted to continue the ongoing settlement discussions involving an assignment against the Estate's insurer. Instead, the plaintiff indicated that she wanted to go to trial. This all happened relatively recently.

Because of the ongoing settlement negotiations, the parties did not engage in any discovery, other than the exchange of initial disclosures. It simply did not make sense to engage in extensive discovery or to move to amend the complaint for purposes of fault allocation, if the parties were going to be able to settle this matter.

Shortly after the plaintiff indicated she no longer wanted to continue settlement discussions, another attorney, Don Bauermeister, entered his appearance. Concurrently, Mr. Bauermeister filed a motion for partial summary judgment as to liability, which is pending. Shortly after that, Mr. Bauermeister and the Estate's counsel met to discuss the completion of discovery. The parties agreed on deposition scheduling and, in fact, have worked quite amicably towards completing the necessary depositions in this matter.

This discovery included taking the deposition of James Watts on April 4, 2005, the depositions of Cody Hannaman and

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*FIELDER V. THE ESTATE OF JULIE MENEREY*
Case No. 3AN-03-13709 CIV
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND COMPLAINT

Sally Fielder on April 5, 2005, and the deposition of Jim Stirling on April 8, 2005. In addition, the deposition of one of plaintiff's experts, Liz Dowler, was taken on May 5, 2005, and the plaintiff took the deposition of a treating doctor, Dr. Mason, on May 5, 2005. Admittedly, most of the discovery depositions were taken at the request of the defendant. The plaintiff, however, did take the deposition of Dr. Mason, and the deposition of another of her experts, Dr. Ted Becker, is currently scheduled for May 11, 2005.[1]

Finally, this is a very simple case. Most of the facts are not in dispute. Trial preparation is not that difficult or time consuming. As indicated in defendant's motion, Mr. Hannaman's counsel has been present at some of the depositions. He has had informal access to the other deponents. And, Mr. Hannaman has been involved for more than a year in the companion case that was filed in Palmer.

To the extent granting this motion would require a continuance of the trial date, the trial should be able to be reset in a relatively short time period. Moreover, since this will be a relatively short trial with very little or no witness scheduling problems (plaintiff's out of state witnesses and

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1] That deposition was originally scheduled for May 6, 2005, but was continued to May 11, 2005, at the request of the defendant, because the defendant had a hearing set in another matter that conflicted with Dr. Becker's deposition.

FIELDER V. THE ESTATE OF JULIE MENEREY
Case No. 3AN-03-13709 CIV
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND COMPLAINT

Page 4 of 6

EXHIBIT A
PG 4 OF 6

treating doctors are being presented by videotape), it should be relatively easy to fit this trial into the court's schedule, even if that meant setting it in a trailing status.

### 2. This Motion Was Not Brought In Bad Faith

The plaintiff suggests that the defendants brought this motion in bad faith because they denied certain allegations in the complaint filed in the Palmer action. Unfortunately, Julie Menerey died in this accident. Consequently, her Estate's attorneys cannot consult with her as to what happened in the accident. The defendant can, however, deny that Julie was negligent while at the same time ask the jury to apportion fault to Mr. Hannaman, should it disagree and find that Julie was negligent. See Alaska Civ. Rule 8(e)(2) "A party may state as many separate claims or defenses...regardless of consistency..."

### CONCLUSION

The plaintiff has not alleged any facts to suggest that granting the defendant's motion would be prejudicial at all, let alone unduly prejudicial. Delay, alone, is an insufficient reason to deny plaintiff's motion. In fact, to the extent a delay will be required, it would be relatively short delay, which will not result in the need to redo discovery or otherwise cause duplication of costs. For the reasons stated

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*FIELDER V. THE ESTATE OF JULIE MENEREY*
Case No. 3AN-03-13709 CIV
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND COMPLAINT

in this reply and Defendant's Motion to Amend the Complaint, defendant respectfully requests that this court grant defendant's request.

DATED: May 10, 2005

INGALDSON MAASSEN & FITZGERALD, P.C.
Attorneys for Defendant

By: _____
William H. Ingaldson
ABA No. 8406030

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on __10__ day of May, 2005, a copy of the foregoing was sent to the following via:

[X] U.S. mail, first class, postage prepaid
[ ] Hand-delivery
[ ] Fax
[ ] Federal Express

Jason Skala, Esquire
Law Office of Jason Skala
12330 Old Glenn Highway, Suite A
Eagle River, AK 99577

Dennis M. Mestas
Attorney at Law
745 W. 4th Ave., Suite 306
Anchorage, AK 99501

Don C. Bauermeister  (+ FAX)
Burke & Bauermeister
921 W. 6th Avenue, Suite 200
Anchorage, AK 99501

Eric T. Sanders
Keesal, Young & Logan
1029 West 3rd Avenue, Suite 650
Anchorage, AK 99501

_____

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

FIELDER V. THE ESTATE OF JULIE MENEREY
Case No. 3AN-03-13709 CIV
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND COMPLAINT

Page 6 of 6   EXHIBIT __A__
PG __6__ OF __6__

I hereby certify that this is a true and correct copy of the original on file in my office.
ATTEST: Clerk of the Trial Courts
By: _____ Deputy
Date: 10/25/07