ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:    (907) 274-0819
Email:          sanders@frozenlaw.com

Attorneys for Defendant
Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, )<br>An Illinois Corporation, )<br>   )<br>             Plaintiff, )<br>   )<br>     v. )<br>   )<br>SALLY FIELDER, and DANIEL E. LIBBEY, )<br>As personal representative of the ESTATE )<br>OF JULIE MENEREY, )<br>   )<br>             Defendants. )<br>_____) | Case No. 3:04-cv-00246-TMB |

**MENEREY ESTATE'S RESPONSE TO ALLSTATE'S
MOTION TO ALLOW SUPPLEMENTAL MATERIAL [DKT.136]**

In its Order Regarding Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 133], this Court correctly found that Allstate sued the Menerey Estate to "shield itself from the possibility of a claim that it had breached its duty of good faith and fair

Menerey Estate's Response to Allstate's Motion to Allow Supplemental Material
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                                                Page 1 of 5

dealing by failing to reach a settlement with Fielder. But Allstate has failed to establish that the Estate ever made such an accusation, or planned to bring such a claim."

After seeking reconsideration of the Court's Order, Allstate moved to allow supplemental material which supposedly showed that the above-referenced finding was incorrect. The supplemental material is a pleading Attorney William Ingaldson filed in Fielder's state tort action. (The Court will recall that Mr. Ingaldson was hired by Allstate to defend the Menerey Estate against Fielder's tort claim.) The pleading asserts that:

- Fielder initiated negotiations with the Menerey Estate to settle her claims against the Estate, which included an assignment of rights against Allstate; and

- When Allstate filed a declaratory judgment action, Fielder informed the Estate that she no longer wanted to continue the ongoing settlement discussions involving an assignment against Allstate.

Allstate apparently wants the Court to consider Mr. Ingaldson's pleading as some proof that the Menerey Estate was, in fact, negotiating a settlement that would lead to a bad faith claim against Allstate. But this is simply another false, unfounded allegation by Allstate that it was being "set up" by the Menerey Estate.

Was the Court wrong in finding the Estate never accused Allstate of bad faith in failing to settle with Fielder? The answer is no. Did the Court err in concluding that the Estate did not plan to assign a bad faith claim? Again, the answer is no.

Mr. Ingaldson's pleading offers nothing new. Materials submitted to this Court three years ago revealed that in May 2004 Fielder's attorney, Dennis Mestas, presented a

Menerey Estate's Response to Allstate's Motion to Allow Supplemental Material
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB   Page 2 of 5

proposal that the Estate settle with Fielder and assign any bad faith claim against Allstate to her.[1]  But the undisputed record also reflects that <u>the Estate unequivocally rejected Fielder's proposal</u>.  Allstate knows this point is undisputed because on May 25, 2006, William Ingaldson submitted an affidavit to the Court on this specific subject.  Mr. Ingaldson's sworn statement provided in part:

- In 2004, Dennis Mestas [Fielder's attorney] spoke to me about having the Menerey Estate confess judgment in the Fielder case.  I discussed Mr. Mestas' proposal with Eric Sanders, an attorney who was representing Dan Libbey as personal representative of the Menerey estate.

- At no time did Eric Sanders or the personal representative instruct me to confess judgment in the Fielder case.

- I am aware of no evidence that either the personal representative of the Menerey estate or his personal attorney, Eric Sanders, have done anything to prejudice the rights of Allstate in the defense of Sally Fielder's claim.[2]

This Court also considered the affidavit of Daniel Libbey, the personal representative of the Menerey Estate.  His sworn statement provided:  "At no time did I take steps to confess judgment and assign claims against Allstate."[3]  Finally, the Court

---

[1]   Allstate's Opposition to Fielder's Motion to Dismiss Complaint Based on "Case or Controversy" [Dkt. 23].

[2]   Affidavit of William H. Ingaldson [Dkt. 97].

[3]   Affidavit of Daniel E. Libbey in Support of Motion to Amend Answer to Complaint and Counterclaim [Dkt. 25].

Menerey Estate's Response to Allstate's Motion to Allow Supplemental Material
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                          Page 3 of 5

received the affidavit of Eric Sanders, the Menerey Estate's private counsel. Mr. Sanders' affidavit provided in part:

- I have no knowledge that Daniel Libbey or William Ingaldson have taken any steps to prejudice rights in the defense of the Fielder case.

- I have personally advised William Ingaldson that he should use his own good judgment in defending the Fielder case.

- I have no knowledge that William Ingaldson or Daniel Libbey took any action designed to "set up" Allstate, or deprive the insurer of any right to have a jury decide liability and damages in the Fielder case.[4]

In summary, Allstate has offered no new evidence which could contradict this Court's findings.

Indeed, there were two key reasons why the Menerey Estate flatly rejected Fielder's settlement proposal. First, the Estate correctly believed that Julie Menerey was <u>not</u> liable for Sally Fielder's injuries. Second, any settlement with Fielder would have precluded the Menerey Estate from recovering under its uninsured motorist coverage. (That insurance claim was ultimately paid to the Estate.)

The supplemental material submitted by Allstate is not new evidence and certainly does not establish that the Court's findings were incorrect. To the extent the pleading is being offered to show that Fielder made a settlement offer that was rejected, the Estate has no objection to its submission.

---

[4] Affidavit of Eric T. Sanders in Support of Motion for Summary Judgment [Dkt. 15].

Menerey Estate's Response to Allstate's Motion to Allow Supplemental Material
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB                                                                 Page 4 of 5

Dated this 7th day of May, 2008.

                s/ Eric T. Sanders

                FELDMAN ORLANSKY & SANDERS
                500 L Street, Suite 400
                Anchorage, Alaska 99501
                Telephone:   (907) 272-3538
                Facsimile:    (907) 274-0819
                Email:        sanders@frozenlaw.com
                Alaska Bar No. 7510085

                Attorneys for Defendant
                Daniel E. Libbey

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2008,
a copy of the foregoing **Menerey Estate's Response
to Allstate's Motion to Allow Supplemental
Material** was served electronically on:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton

Dennis M. Mestas
Law Offices of Dennis M. Mestas

s/ Eric T. Sanders

Menerey Estate's Response to Allstate's Motion to Allow Supplemental Material
*Allstate Indemnity Company v. Sally Fielder, et al.*
Case No. 3:04-cv-00246-TMB    Page 5 of 5