ERIC T. SANDERS
Alaska Bar No. 7510085
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Telephone:   (907) 272-3538
Facsimile:    (907) 274-0819
Email:         sanders@frozenlaw.com

Attorneys for Defendant Daniel E. Libbey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, )<br>An Illinois Corporation,                               )<br>                                                                 )<br>                           Plaintiff,                             )<br>                                                                 )<br>        v.                                                       )<br>                                                                 )<br>SALLY FIELDER, and DANIEL E. LIBBEY, )<br>as personal representative of the ESTATE  )<br>OF JULIE MENEREY,                               )<br>                                                                 )<br>                           Defendants.                      )<br>_____) | Case No. 3:04-cv-00246-TMB |

**OPPOSITION TO ALLSTATE'S
MOTION FOR RECONSIDERATION OF ORDER AT DOCKET 133**

After three years of protracted motion practice, this Court issued an 18-page decision which correctly concluded that this litigation involved no "actual controversy" because the issues raised by Allstate have never been "ripe for review."[1]  Allstate now asks the Court to reconsider its decision on the basis of Allstate's reiterated view that "[w]hether Allstate's [conduct] had opened up the policy limits was a 'ripe' issue, constituting a 'substantial

---
[1] *See* Order Regarding Motion to Dismiss for Lack of Subject Matter Jurisdiction at 8, 17 [Dkt. 133].

controversy'" between itself and Fielder,[2] to which the Estate was joined merely to afford "certainty and complete relief."[3] The Court has already rejected this meritless position. Allstate and Fielder had no justiciable "controversy" and Allstate did not create a "case" by dragging the Estate to their unripened dispute.

## DISCUSSION

The Ninth Circuit Court of Appeals has held that absent "highly unusual circumstances" a district court should deny a motion for reconsideration unless the motion presents "newly discovered evidence," an "intervening change in . . . controlling law, " or convinces the court that it committed "clear error":

> [A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.[4]

It is clear that Allstate's motion presents no new evidence, cites no intervening change in controlling law, and exposes no error in the Court's ruling.[5]

---

[2] *See* Memorandum Supporting Allstate's Motion for Reconsideration of Order at Docket 133 at 4 [Dkt 135].

[3] *See id.* at 3.

[4] *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999).

[5] Two of the arguments raised in Allstate's motion can be dealt with summarily. Allstate asserts (1) that the court failed to "honor" the standard applicable to "prior decisions by a predecessor judge" and (2) "overstate[d] the significance of the Estate's withdrawal of its judicial admission." Memorandum at 4-5. The court correctly cited and applied both the "most cogent reasons" and applicable law-of-the-case standards in its decision, *see* Order at 5-8, and was under no obligation to penalize the Estate for a clerical error. *Cf.* Memorandum in Support at 5 (arguing only that *Huey v. Honeywell*, 82 F.3d 327, 333 (9th Cir. 1996) stands for the proposition that a "withdrawn admission . . . <u>may</u> be considered") (emphasis added).

**I.    ALLSTATE'S MOTION FOR RECONSIDERATION PRESENTS NO NEW EVIDENCE AND CITES NO INTERVENING CHANGE IN CONTROLLING LAW.**

The motion for reconsideration essentially repeats the arguments already advanced by Allstate in its Opposition to the Estate's Motion to Dismiss.[6] It raises no new factual considerations and invokes no new legal principles, and can be denied on that basis alone: "Motions for reconsideration may properly be denied where the motion fails to state new law or facts."[7]

**II.   THE COURT CORRECTLY CONCLUDED THAT WHETHER ALLSTATE BREACHED ITS DUTY OF GOOD FAITH TO THE ESTATE WAS NEVER A "CASE OR CONTROVERSY" OF SUFFICIENT "IMMEDIACY AND REALITY" TO TRIGGER THE COURT'S SUBJECT MATTER JURISDICTION.**

The Court can also deny Allstate's motion on the straight-forward basis that it obviously exposes no error in the Court's well-reasoned ruling.

As the Court correctly noted,[8] Article III "requires that there be a 'substantial controversy . . . of <u>sufficient immediacy and reality</u> to warrant the issuance of a declaratory judgment."[9] A justiciable controversy must not be "academic or moot," but a "real and substantial controversy" regarding the "legal relations of parties having adverse legal interests":

---

[6]    *See, e.g.*, Allstate's Opposition to Estate's Motion to Dismiss for Lack of Subject Matter Jurisdiction at 4 ("After Fielder gave Allstate no hope of fully protecting its insured in exchange for payment within the policy limits, Allstate prudently sought a judicial declaration that Sally Fielder had never presented Allstate with a reasonable settlement opportunity.") [Dkt. 112]

[7]    *In re Agricultural Research and Technology Group, Inc.*, 916 F.2d 528 (9th Cir. 1990) (citing *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986)).

[8]    *See* Order at 9.

[9]    *Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)) (emphasis added).

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is <u>academic or moot</u>. The controversy must be definite and concrete, <u>touching the legal relations of parties having adverse legal interests</u>. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.[10]

When a party's tendered claim depends on "uncertain and contingent future events that may not occur as anticipated or may not occur at all," the claim is not ripe and the Court lacks jurisdiction to resolve it:

> Many cases deny ripeness on the straight-forward ground that the <u>anticipated events and injury are simply too remote and uncertain to justify present adjudication</u>. . . . Other[s] . . . deny ripeness with the observation that <u>the central concern of both constitutional and prudential doctrines is that the tendered claim involves uncertain and contingent future events that may not occur as anticipated or may not occur at all</u>.[11]

Allstate could have brought a declaratory judgment action against the Estate if Allstate believed that it owed no duties to the Estate.[12] And Allstate could have joined Fielder to any first-party dispute that it had with the Estate regarding Allstate's duty to provide the Estate with a defense.[13] But Allstate did neither of those things.

---

[10]   *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-241 (1937) (emphasis added).

[11]   CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, 13A FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3532.2 *Ripeness – Uncertain Contingencies* p, 139-41 (2d ed. 1984) (citing *Metzenbaum v. Federal Energy Regulatory Commission*, 675 F.2d 1282, 1289-1290 (D.C. Cir. 1982)).

[12]   *Cf.* Memorandum at 2-5 (citing *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007) (party could obtain declaratory judgment on the disputed validity of a patent in furtherance of claim that it was entitled to cease making royalties payments) and *Aetna Life*, 300 U.S. at 241 (insurer could pursue declaratory judgment action to determine whether policies remained valid)).

[13]   *See id*. at 3-5 (quoting *Md. Cas. Co.*, 312 U.S. 270 (third-party tort claimant could be joined to action to resolve controversy between an insurer and its insured regarding the

Instead, Allstate opportunistically sought to "shield" itself from potential liability by filing a declaratory judgment action before the defendants possessed both (a) reason and incentive to challenge the propriety of Allstate's actions and (b) the standing needed to do so. Fielder had no right to investigate Allstate's assertions unless and until the Estate assigned its rights to Fielder[14]; prior to an assignment, she had no "legal relations" with Allstate at all. And unless and until a jury rendered a verdict in excess of the Estate's policy limits, the Estate had no incentive to be involved in a costly and unnecessary battle to determine whether its policy limits might possibly have been "opened up"[15]; before an excess verdict, any claim against Allstate was purely "academic." Thus, the viability of all claims depended on "contingent future events" that, in fact, never occurred — the jury returned a defense verdict and the Estate never considered assigning its rights to Fielder. That reality reveals with clarity that Allstate was always seeking only "an advisory opinion [about] a controversy [that had] not yet arisen."[16]

## CONCLUSION

The Court correctly ruled that this action involved no "actual controversy" because the issues raised by Allstate were never "ripe for review."[17]   Allstate's motion for

---

insured's duty to provide a defense).

[14]   See Order at 12 (citing *O.K. Lumber Co., Inc. v. Providence Washington Insurance Co.*, 759 P.2d 523, 526 (Alaska 1998)); see also Order dated Dec. 7, 2005 (denying discovery to Fielder because Fielder had not been assigned any of the right to the insurance contract).

[15]   Cf. Order at 17 ("Allstate [sought] to shield itself against the possibility of a claim that it had breached its duty of good faith and fair dealing . . . [b]ut Allstate failed to establish that the Estate ever made such an accusation or planned to bring such a claim.").

[16]   *Coffman v. Breeze Corps.,* 323 U.S. 316, 324 (1945).

[17]   See Order at 8, 17.

reconsideration presents no new evidence, cites no intervening change in controlling law, and exposes no error in the Court's ruling. It should be denied.

Dated this 7th day of May, 2008.

                                              s/ Eric T. Sanders

                                              ERIC T. SANDERS
                                              Alaska Bar No. 7510085
                                              WILLIAM D. FALSEY
                                              Alaska Bar No. 0511099

                                              FELDMAN ORLANSKY & SANDERS
                                              500 L Street, Suite 400
                                              Anchorage, Alaska 99501
                                              Telephone:    (907) 272-3538
                                              Facsimile:     (907) 274-0819
                                              Email:           sanders@frozenlaw.com
                                              Alaska Bar No. 7510085

                                              Attorneys for Defendant
                                              Daniel E. Libbey

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2008,
a copy of the **Opposition to Allstate's Motion
for Reconsideration of Order at Docket 133**
was served electronically on:

Alfred Clayton, Jr.
Bliss, Wilkens & Clayton

Dennis M. Mestas
Law Offices of Dennis M. Mestas

s/ Eric T. Sanders