IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY,** An Illinois Corporation,  Plaintiff,  v.  **SALLY FIELDER,** and **DANIEL E. LIBBEY,** as personal representative of the **ESTATE OF JULIE MENEREY**,  Defendants. | Case No. 3:04-cv-00246   TMB  **ORDER**  O R D E R DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION TO INTRODUCE SUPPLEMENTAL MATERIALS |

## I. INTRODUCTION

Plaintiff Allstate ("Allstate") seeks reconsideration of the Court's order at Docket 133, which dismissed this case for lack of subject matter jurisdiction.[1] Allstate also seeks to introduce supplemental materials: specifically, a related case from the Alaska Superior Court.[2] Defendants Sally Fielder, Daniel E. Libbey, and the Estate of Julie Menerey ("Estate") oppose. For the reasons explained below, the Court denies these motions.

//

---

[1]  Docket No. 134.

[2]  Docket No. 136.

## II.  DISCUSSION

A court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice.[3]  Reconsideration is an "extraordinary remedy, to be used sparingly."  Absent highly unusual circumstances, it will not be granted "unless the District Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[4]

The Court previously dismissed this case for failing to present a judiciable controversy under the Declaratory Judgment Act.[5]  The supplemental material that Allstate now seeks to introduce is an opinion from an Alaska Superior Court case, *Fielder v. Estate of Julie Menerey* (Case. No. 3AN-03-13709 CIV).  Allstate contends that the Estate's arguments and legal positions in this case help explain why Allstate's declaratory judgment action addressed a "ripe case or controversy" and should not have been dismissed.

The language that Allstate seeks to utilize comes from a reply to a motion that was filed over three years ago, on May 10, 2005.[6]  Allstate's only explanation for this untimely submission is that "Allstate did not locate this public record until after its five day deadline had run to move for reconsideration."

---

[3]     *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

[4]     *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[5]     Docket No. 133.

[6]     *See Pl.'s Mot.*, Docket No. 136, at 2.

Allowing a party to introduce evidence after the Court has rendered its final decision strains judicial resources and undermines the finality of judgments.  As a result, this type of request is highly disfavored.  Here, there appears to be no reason - and Allstate offers none - why Plaintiff could not have discovered or obtained this record earlier.  It has existed throughout the pendency of this case, and is also, as Allstate points out, a publicly available record.   The Court concludes that this document should be excluded.

As to the motion for reconsideration, Allstate simply seeks to reargue the same points that it made in its earlier motions; this is not a valid basis for reconsideration. Allstate has failed to establish that there was any intervening change in the controlling law, or presented the Court with any new facts or evidence.  "[R]eargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."[7]  A motion for reconsideration cannot be based on evidence that could reasonably have been discovered prior to the court's ruling.[8]  Indeed, a party's "failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"[9]

//

//

---

[7]     *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3rd Cir. 1995)(internal quotes omitted); see also *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Circ. 1995).

[8]     *Hopkins v. Andaya*, 958 F.2d 881, 887 fn.5 (9th Cir. 1992); *Lake Hill Motors, Inc. V. Jim Bennett Yacht Sales, Inc.*, 246 F.3d 752, 758 (5th Cir. 2001).

[9]     *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## II.  CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiff Allstate's *Motion for Reconsideration* at Docket No.134, and **DENIES** Allstate's *Motion to Allow Supplemental Material* at Docket No. 136.

Dated at Anchorage, Alaska, this 13th day of August, 2008.

/s/ Timothy Burgess

TIMOTHY M. BURGESS

UNITED STATES DISTRICT JUDGE
