Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
    Allstate Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation,<br><br>                    Plaintiff,<br>    v.<br><br>SALLY FIELDER, and DANIEL E. LIBBEY, as personal representative of the ESTATE OF JULIE MENEREY,<br><br>                    Defendants. | Case No. 3:04-CV-246-TMB |

**ALLSTATE'S MOTION FOR RECONSIDERATION OF THE ORDER AT DOCKET 149 GRANTING THE ESTATE LEAVE TO FILE AN UNTIMELY MOTION FOR ATTORNEYS FEES**

Misdirecting the Court as to the controlling standards, the Estate moved for additional time to file an untimely motion for attorneys fees and this Court immediately granted this relief on the following business day without giving Allstate time to respond. In the last 24 hours, Allstate has taken the opposition it was preparing and condensed it into a reconsideration motion. However, Allstate objects to being pressed to rely on Ak. L.R. 59.1 to preserve the merits of its position:

  (1)  The Estate Missed the Deadline for Seeking Attorneys

<u>Fees.</u> Fed. R. Civ. P. 54(d)(2)(B) provides that the attorney fee motion "must . . . be filed no later than 14 days after entry of judgment." Judgment was "entered" August 18, 2008. This means the Estate's motion for attorney's fees and costs was due September 2, 2008. In declining to stipulate to an extension, Allstate was not being professionally discourteous, it was preserving a substantive defense. <u>See</u>, <u>e.g.</u>, <u>U.S. ex rel. Rebar Placement v. GBC,</u> 2005 WL 846211 *2 (D. Ak. 2005) (Sedwick, J.) (because the attorney fee motion was made more than 10 days after dismissal, the attorney fees motion was not timely under Rule 82(c)).

(2) <u>Ninth Circuit Law Highlights the Estate's Calendaring Error</u>. Fed. R. Civ. P. 6(d) clearly provides that 3 days are added only when the rules say a party must act "within a specified time after service." Fed. R. Civ. P. 54(d)(2)(B) specifies that a moving party must file an attorney fee motion 14-day from "entry of judgment." Ninth Circuit law is absolutely clear that "three extra days for mailing" is <u>not</u> added when figuring the deadline to seek fees under Rule 54. <u>Kyle v. Campbell Soup Co.</u>, 28 F.3d 928, 930-931 and n. 4 (9th Cir. 1994) (counsel's mistaken belief he had 3 extra days for "mailing" from the date of entry of judgment to file a motion for attorneys fees did not constitute "excusable neglect" warranting a 2 day extension of time).

(3) <u>The Estate Cannot Rely on a Secretary's Mistake or a Late Call to the Federal Clerk.</u> The Estate clings to the notion its motion was timely based on the affidavit of a legal secretary. However, the secretary's calendaring was 3 days past the deadline

provided for in the rules under the plain reading of Rules 6(b) and 54(d)(2)(B) as affirmed in Kyle, See also Pincay v. Andrews, 351 F.3d 947, 951 (9th Cir. 2003) (lawyer cannot delegate responsibility to calendaring clerks to create "excusable neglect"). It is also improper to rely on the federal clerk since the clerk does not give legal advice to parties; proper calendaring is the lawyer's sole responsibility. Moreover, there was no actual reliance since the law firm waited until after the September 2nd deadline to call the clerk.

   (4) Since the Estate Missed the Deadline, It is Subject to the "Excusable Neglect" Standard.  When a motion for extension of time is filed after Fed R. Civ. P. 54(d)(2)(B)'s 14-day deadline, the federal court examines the motion for additional time under Rule 6(b)'s "excusable neglect" standard.  Committee for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824, 825 (9th Cir. 1996) (since 14-day deadline was not met, Rule 6(b) must be satisfied). The Estate did not even attempt to justify its motion on the grounds of excusable neglect, failing to even disclose the controlling standard to the Court.  The party moving for an extension of time has the burden to establish "excusable neglect."  In re Rebel Rents, Inc., 326 B.R. 791, 802 (Bankr. C.D. Cal. 2005).

   (5) Calendaring Errors Are Not Excusable Neglect. The excusable neglect standard qualifies a Court's Rule 54(d)(2) power to extend the time for filing an attorney fees motion after the deadline specified in the rules expires. Tancredi v. Metropolitan

Life Ins. Co., 378 F.3d 220, 226 (2d Cir. 2004) (motion for attorneys fees which was 7 days late had to establish excusable neglect). Fed. R. Civ. P. 6(b)(1)(B) reads, in relevant part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.

As a threshold matter, "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer Investment Services, Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392, 113 S.Ct. 1489 (1993). See also Committee v. Yost, 92 F.3d at 824 (excusable neglect not established by ignorance of the rules, including failure to comply with Fed. R. Civ. P. 54(d)(2)'s 14-day deadline for attorneys fees.)

Even in cases where there is much more at stake than limited attorney's fees, courts find no "excusable neglect" when a law firm misses clear deadlines. See Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 878, 879 (5th Cir. 1998) (counsel's mistaken belief he had 3 extra days for mailing to seek a new trial did not constitute excusable neglect warranting an extension of time to file an appeal).

(6) The Estate's Other "Reasons" Do Not Impliedly Establish "Excusable Neglect." Given the Labor Day weekend, the Estate's law firm actually had 15 days to prepare its motion. These 15 days are far more than a party normally gets under Alaska R. Civ. P. 82(c). See Jones v. Jones, 925 P.2d 1339, 1342 (Alaska 1996) ("[A]ll

motions for attorney's fees . . . made after the July 15, 1996 effective date of the amendment to Civil Rule 82(c), must be made within the 10-day time frame provided for in the . . . rule.") Even if counsel's pro bono case caused a recent press of business, there is no good reason why the Estate could not have anticipated the need to draft a fee motion as early as the dismissal order or the order denying reconsideration of the dismissal order. The press of business was thus under the Estate's control.

(7) <u>Allstate Is Prejudiced</u>. Without hearing from Allstate, the Court granted the Estate until September 19, 2008 to serve its fee motion. Allstate is given no substance as to whether the Estate's possible attorney fee claim is even limited to the standard 20 percent rate under Rule 82. Meanwhile, Allstate's deadline for filing an appeal runs on September 21, 2008. It prejudices a party to not know what is at stake before it has a reasonable timeframe to decide whether or how it should frame an appeal. Allstate also incurred considerable expense in opposing the motion for extension.

## CONCLUSION

At Docket 144 this Court recently gave Allstate no leeway as to time when Allstate sought to supplement the record with additional evidence of the Estate's inconsistent representations as to the controversy. Now the Estate has failed to timely file a motion for attorneys fees, despite a full 15-days from the entry of judgment. Allstate asks that the motion for extension of time,

which does not even acknowledge the higher "excusable neglect" standard, be denied on reconsideration.

DATED this 10th day of September, 2008, at Anchorage, Alaska.

By: s/Alfred Clayton, Jr.

BLISS, WILKENS & CLAYTON
Counsel for Plaintiff
Allstate Indemnity Company
500 L Street, Suite 200
Anchorage, AK   99501
E-mail: atc@bwclawyers.com
Phone: (907) 276-2999
Fax:  (907) 276-2956
[ABA No. 9111079]

**CERTIFICATE OF SERVICE**

I hereby certify that on  Sept. 10, 2008,
a copy of the foregoing  was
served electronically on:

**Eric Sanders**

**Dennis M. Mestas**

**s/Alfred Clayton, Jr.**

N:\ASM\854\451\PLDG\RECONSID.ATTY.FEES.EXTEN.doc