Alfred Clayton, Jr.
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Plaintiff
    Allstate Indemnity Company


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE


ALLSTATE INDEMNITY COMPANY,    )
an Illinois Corporation,       )
                               )
            Plaintiff,         )    Case No. 3:04-CV-246-TMB
                               )
      v.                       )
                               )
SALLY FIELDER, and DANIEL E.   )
LIBBEY, as personal            )
representative of the ESTATE   )
OF JULIE MENEREY,              )
                               )
            Defendants.        )
_____)
                        (proposed)

**ORDER ON RECONSIDERATION DENYING**
**MOTION FOR EXTENSION OF TIME**

Fed. R. Civ. P. 54(d)(2) required the Estate to move for attorneys fees within 14-days of entry of the August 18, 2008 judgment.  The 14-days ran from the date of entry, not the date of service, per Rule 54(d)(2)(B).  Therefore, three extra days for mailing under Fed. R. Civ. P. 6(d) should not have been added by the Estate in calendaring the 14-day deadline.  The Estate's motion for attorney's fees was ordinarily due under the rule on September

2, 2008.

The Estate's motion for an extension of time was filed after the deadline specified under the rules to file a motion for attorney's fees.  Under these facts, the Court adjudicates the Estate's motion to extend time under Fed. R. Civ. P. 6(b)'s "good cause" standard and the standard requiring the moving party to demonstrate that it "failed to act because of excusable neglect." The Estate's motion has not satisfied its burden under Rule 6(b). The Court also finds no good cause or excusable neglect to justify why a timely motion for attorneys fees could not have been served on Allstate.  The Court finds that Allstate is prejudiced by the Estate's untimeliness, not only because of the added litigation expense, but because the Estate's requested relief, interferes with the pressing appeal deadline and the information any reasonable insurer would wish to know before deciding whether to file a notice of appeal.  Given the record before the court, the Estate's motion for extension of time is DENIED.

The Estate has waived its motion for costs for failure to timely file a motion seeking costs.


Dated: _____          _____
                                 TIMOTHY M. BURGESS
                                 U.S. DISTRICT COURT JUDGE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on  September 10, 2008,
a copy of the foregoing was
served electronically on:

**Eric Sanders**

**Dennis M. Mestas**

**<u>s/Alfred Clayton, Jr.</u>**

N:\ASM\854\451\PLDG\RECONSID.ATTY.FEES.EXTEN.ORDER.doc